**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-CV-21355-JAL**

GISELA CASTILLA RODRIGUEZ,

     Plaintiff,

v.

MIAMI-DADE COUNTY, FLORIDA; ST. LUCIE COUNTY SHERIFF'S OFFICE; CITY OF WEST MIAMI, FLORIDA; CITY OF MIAMI BEACH, FLORIDA; and CITY OF NORTH MIAMI BEACH, FLORIDA,

     Defendants.

_____/

## <u>MIAMI-DADE COUNTY'S MOTION TO DISMISS COMPLAINT</u>

Defendant Miami-Dade County, pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Plaintiff Gisela Castilla Rodriguez's Complaint.

### Introduction

Plaintiff Gisela Castilla Rodriguez, who has never been ticketed under Florida Statute section 320.061, filed this action challenging it as unconstitutionally vague. However, the Complaint must be dismissed and for a variety of reasons. First, Miami-Dade County is an improper party to this lawsuit, as it is not a law enforcement entity and thus has never enforced the statute. Moreover, and crucially, just two weeks after Plaintiff filed the Complaint, the Florida Legislature passed a bill making the very changes to the statute that Plaintiff requests. In doing so, the Legislature has eliminated any need for the declaratory or injunctive relief Plaintiff seeks here, and the Court should abstain from entertaining this action. Further, Plaintiff fails to establish standing to even assert her claims and brings an unripe statutory challenge before the Court.

1

Finally, while Plaintiff requests blanket expunction and reversal of criminal penalties of ***other*** people found to have violated the statute, this request for relief is a non-starter. For any or all of these reasons, the Court should dismiss the Complaint as to Miami-Dade County.

## Factual Background

Plaintiff filed this action on February 27, 2026, challenging the current version of section 320.061, which went into effect on October 1, 2025. [ECF No. 1 at 3].[1] As alleged, the current version of the statute reads, in relevant part:

> a person may not apply or attach a substance, reflective matter, illuminated device, spray, coating, covering, or other material onto or around any license plate which interferes with the legibility, angular visibility, or detectability of any feature or detail on the license plate or interferes with the ability to record any feature or detail on the license plate.

*Id.* ¶ 11. Plaintiff alleges that due to certain words not being defined, the statute sets no "objective standard by which a citizen or officer can determine whether a particular license plate frame violates the law." *Id.* ¶ 13.

Plaintiff further alleges that section 320.061 is enforced inconsistently and arbitrarily throughout the state. *Id.* ¶¶ 18, 36, 39, 41. She contends that certain non-party law enforcement agencies, such as the Seminole and Volusia County Sheriff's Offices and Police Departments in

---

[1] The Complaint largely pulls from a motion to dismiss filed by Plaintiff's counsel in a state court traffic case for a different client actually ticketed under section 320.061. *See* Motion to Dismiss for Lack of Subject Matter Jurisdiction and Request for Certification of Question of Great Public Importance, *State v. Guerra*, Miami Dade Cnty. Ct. Case No. AL5OJ0E (Feb. 20, 2026), attached (without exhibits) as ***Exhibit 1***. The Court may take judicial notice of filings in that case, which are publicly available online. *See* Fed. R. Evid. 201(b)(2); *Paez v. Sec'y, Fla. Dep't of Corrs.*, 947 F.3d 649, 653 (11th Cir. 2020) (holding that district court may take judicial notice of adjudicative facts from state court dockets maintained online); *QR Triptych, LLC v. LV Midtown, LLC,* 659 B.R. 132, 136 n.5 (S.D. Fla. 2024) ("When we're resolving a motion to dismiss, we may take judicial notice of state-court proceedings and pleadings.").

Apopka, Ocoee, and Casselberry, have not enforced the statute against decorative frames that do not block license plate numbers or registration decals. *Id.* ¶¶ 19-24.

She alleges that the Defendants do the opposite. *Id.* ¶¶ 25-29. According to Plaintiff, "Miami-Dade County" issued 422 citations from October 1, 2025 through January 24, 2026. *Id.* ¶ 31. She generally alleges, without specifying the number, that "multiple" citations were for decorative license plate frames. *Id.* ¶ 31.

Plaintiff's Complaint also details alleged citations of two non-party drivers, Demarquize Dawson and a Mr. Cuellar*,* under section 320.061. *Id.* ¶¶ 36-41. Dawson was cited by the Davie Police Department. *Id.* ¶ 37. Mr. Cuellar was cited by Florida Highway Patrol. *Id.* ¶ 40. Plaintiff claims she "faces pending criminal charges" by "simply driving." *Id.* ¶ 42. However, she does not allege what (if any) license plate frame she uses or any specific conduct she engages in while driving. *See id.* ¶¶ 42-43.

Based on these allegations, Plaintiff seeks: (1) a declaration that section 320.061 is "unconstitutional and void under the Due Process Clause of the Fourteenth Amendment to the United States Constitution"; (2) a preliminary and permanent injunction against any Defendant enforcing the statute; and (3) "an order declaring that all arrests, criminal charges, and convictions entered under Section 320.061, Florida Statutes, since its effective date of October 1, 2025, are void *ab initio* and without legal effect" and ordering that same "be vacated and expunged from all criminal records[.]" *Id.* 14-15 (Prayer for Relief).

Less than two weeks after Plaintiff initiated this lawsuit, on March 11, 2026, the Florida Senate amended section 320.061 via Florida SB 488, as follows:

Section 9. Section 320.061, Florida Statutes, is amended to read:

3

320.061 Unlawful to alter motor vehicle registration certificates, license plates, temporary license plates, mobile home stickers, or validation stickers or to obscure license plates; penalty.—

(1) A person may not alter the original appearance of a vehicle registration certificate, license plate, temporary license plate, mobile home sticker, or validation sticker issued for and assigned to a motor vehicle or mobile home, whether by mutilation, alteration, defacement, or change of color or in any other manner. A person may not apply or attach a substance, reflective matter, illuminated device, spray, coating, covering, or other material onto or around any license plate which interferes with the legibility, angular visibility, or detectability of ~~any feature or detail on~~ the license plate number or validation sticker or interferes with the ability to record ~~any feature or detail on~~ the license plate number or validation sticker. A person who knowingly violates this section commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

(2) The use of a license plate frame or decorative border around a license plate is not an offense under this section, provided that the frame or border does not obscure the visibility of the following:

(a) The alphanumeric designation or license plate number.

(b) The registration decal or validation sticker located in the upper right corner.

*An act relating to transportation*, SB 488, Florida Senate, 2026 Sess. (Fla. 2026) (strikethrough in original to denote language removed; underlining in original to denote language added) ("SB 488"). A copy of the portion of the enrolled version of SB 488 containing the amendment is attached as ***Exhibit 2***.[2]

## Argument

### I. Miami-Dade County is Not a Proper Defendant.

Plaintiff names Miami-Dade County as a Defendant and seeks to enjoin its enforcement of section 320.061 based on her claim that the County issues citations under the statute. *See* [ECF No. 1 ¶¶ 30-31]. But the County doesn't issue traffic citations. This foundational allegation of the Complaint is an incorrect legal conclusion, and the Court need not accept it. *See McCullogh v. Finley*, 907 F3d 1324, 1333 (11th Cir. 2018) (holding that legal conclusions framed as allegations are not entitled to the presumption of truth). The County does not issue—and in fact, has *never*

---

[2] The Court may take judicial notice of the passage of SB 488. *See* Argument Section II.A, *infra*.

issued—citations under the 2025 version of section 320.061 challenged by Plaintiff. This is because law enforcement for Miami-Dade County has been the exclusive purview of the Miami-Dade Sheriff's Office since January 7, 2025—nine months *before* the current version of the statute became effective. Because Miami-Dade County is not a law enforcement agency enforcing traffic laws, it cannot be subject to suit here.

In 2018, Florida's Constitution was amended to require the election in each county of a sheriff, tax collector, property appraiser, supervisor of elections, and clerk of the circuit court to lead those separate constitutional offices. Fla. Const. art. VIII § 1. As to Miami-Dade County, the amendment took effect on January 7, 2025. *Id.* § 6(g)(2); *see also* § 120.01015(1), Fla. Stat. ("As required by s. 1(d), Art. VIII of the State Constitution, there shall be an elected sheriff in each county in this state. . . The board of county commissioners of any such county must ensure the successful transfer of the *exclusive policing responsibility* and authority to the sheriff in areas of the county for which the sheriff has responsibility.") (emphasis added). As a result, since January 7, 2025, the Miami-Dade Sherriff's Office has been its own legal entity headed by an elected constitutional officer (i.e., the Sheriff) which is separate from Miami-Dade County and handles all law enforcement functions. *See id.*

Florida law considers the constitutional office of sheriff a distinct legal entity from Miami-Dade County itself. Fla. Const. art. VIII § (1)(d); *Samarco v. Neumann*, 44 F. Supp.2d 1276, 1386 n. 1 (S.D. Fla. 1999) ("[T]he Palm Beach County Sheriff's Office . . . under the Florida Constitution and Florida Statutes, is a legal entity separate from Palm Beach County."); *see Troupe v. Sarasota County, Fla.*, No. 8:02-CV-53 T24MAP, 2004 WL 5572030, at *12-13 (M.D. Fla. Jan. 22, 2004) (holding that Sarasota County had no control over sheriff's law enforcement function and dismissing county from action), *aff'd*, 419 F.3d 1160 (11th Cir. 2005); *Jones ex rel. Albert v.*

*Lamberti*, No. 0760839CIVCOOKE, 2008 WL 4070293, at *3 (S.D. Fla. Aug. 28, 2008) ("Although the County pays the Sheriff's compensation and funds his office, these factors are insufficient for me to find that a county in Florida has control over the sheriff that services the county."); *Demings v. Orange Cnty. Citizens Rev. Bd.*, 15 So. 3d 604, 610 (Fla. Dist. Ct. App. 2009) ("As an independent constitutional officer, the Sheriff does not derive his authority from the County's charter or the board of county commissioners, and is neither generally accountable to the Board for his conduct in office nor subject to the board's direction in the fulfillment of his duties."). Accordingly, at all times relevant to the Complaint, the Miami-Dade Sheriff's Office has had independent law enforcement authority within Miami-Dade County.

Where the County has no independent law enforcement authority of its own, Plaintiff cannot maintain a declaratory action and obtain an injunction against it related to enforcement of section 320.061. Put simply, the County does not enforce the statute. It can't be enjoined from "enforcing" a statute that it does not enforce and has never enforced. The Complaint should be dismissed as to the County on that basis alone.

**II.   The Court Should Decline to Issue Declaratory Relief Where the Florida Legislature Has Acted on this State Law Issue by Amending Section 320.061.**

Although Plaintiff's inclusion of the County as an improper party is dispositive as to the County and the Court may end its inquiry there, the Complaint also fails on substantive grounds. Plaintiff filed the Complaint on February 27, 2026. *See* [ECF No. 1]. Just two weeks later, on March 11, 2026, the Florida Legislature passed a bill amending section 320.061, thus mooting Plaintiff's claim because the very statute at issue in this lawsuit has been changed by the legislature and will no longer be law upon becoming effective. In fact, the bill enrolled by the Florida Legislature does precisely what Plaintiff seeks: it modifies the language of section 320.061 to exclude license plate frames and decorative borders that do not obscure license plate numbers or

6

registration decals. In the Complaint, Plaintiff seeks to declare the statute invalid and enjoin its enforcement. But where the Florida Legislature has ***already acted*** to provide the very clarification to the statute Plaintiff desires, this action is moot, and the Court need not adjudicate the issue.

      **A.**    **The Court Can Take Judicial Notice of SB 488, Which Amends Section 320.061.**

The Court may take judicial notice of SB 488's passage and enrollment in ruling on this motion. *See* Fed. R. Evid. 201(b)(2) (permitting courts to judicially notice facts not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned); *see, e.g., Atkinson v. Aaron's LLC*, 733 F. Supp.3d 1056, 1062 (W.D. Wash. 2024) (taking judicial notice of introduction of bill in Washington legislature); *Battle v. Taylor James, LLC*, 607 F. Supp.3d 1025, 1040 (C.D. Cal. 2022) (taking judicial notice of legislation passed in Hawaii Senate and pending in Hawaii State Legislature).

Judicial notice is proper at any stage of a proceeding, including the motion to dismiss stage. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding that in ruling on a motion to dismiss, courts "must consider" the complaint and other sources which courts ordinarily examine when ruling on a 12(b)(6) motion, which include "matters of which a court may take judicial notice."); *Watts v. Joggers Run Property Owners Ass'n, Inc.*, 133 F.4th 1032, 1036 n.3 (11th Cir. 2025) ("In reviewing a motion to dismiss, we may consider 'matters of which a court may take judicial notice.' Courts may take judicial notice of 'relevant public documents required to be filed' that are 'not subject to reasonable dispute.'") (citations omitted); *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004) ("A court may take judicial notice of appropriate adjudicative facts at any stage in a proceeding[.]").

The passage and enrollment of SB 488 falls within the scope of Rule 201; it is a fact not reasonably subject to dispute that can be confirmed by resort to the Florida Legislature's public

records, which are required to be filed and whose accuracy cannot be reasonably questioned. *See* Fed. R. Evid. 201(b)(2). Therefore, the Court may consider it in ruling on this motion to dismiss.

### B. Florida's Amendment of the Statute Eliminates Any Need for Declaratory Relief.

This Court should abstain from granting declaratory relief where the Florida Legislature has already addressed the issues raised in the Complaint via the legislative process. Plaintiff's request for relief serves no useful purpose that has not already been served by the amendment of section 320.061, and the action only threatens to create a conflict between the state's legislation and any ruling by this court on a mooted issue.

The Court should reject Plaintiff's request for declaratory relief because the very law she seeks to clarify was amended less than two weeks after she filed this lawsuit. For starters, the Declaratory Judgment Act under which Plaintiff invokes jurisdiction is discretionary, not mandatory. *See* 28 U.S.C. § 2201 ("[A]ny court of the United States, upon the filing of an appropriate pleading, ***may*** declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.") (emphasis added). Indeed, even when a district court has jurisdiction under the Declaratory Judgment Act, it is "under no compulsion to exercise that jurisdiction." *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (holding that a district court has discretion to determine "whether and when to entertain an action under the . . . Act, even when the suit satisfies subject matter jurisdictional prerequisites"). Thus, courts can—and do—abstain from hearing declaratory claims, particularly ones raising state law questions.

On the issue of abstention, *City of Gainesville v. Florida Power & Light Co.*, 488 F. Supp. 1258 (S.D. Fla. 1990), is instructive. There, plaintiffs asserted claims under the Florida "Little FTC Act," a statutory scheme regulating certain businesses operating in Florida, subject to statutory

8

exemptions which were in dispute. *Id.* at 1262. The Court noted that the Little FTC Act claims raised important questions of state law and concluded that the scope of exemptions "is a policy question which would be better resolved by the state legislature or the state courts." *Id.* at 1283. Exercising its discretion to abstain from deciding "important issues of state law," the Court dismissed the Little FTC Act claims without prejudice for plaintiff to bring them in state court. *Id.* at 1283-84.

By comparison, SB 488 was enrolled on March 11, 2026. Ex. 1. It will go into effect shortly following its signature by the Governor,. *Id.* SB 488 amends section 320.061 so that its proscriptions apply only to blocking a license plate number or registration decal ***and*** adds a specific carveout for license plate frames (like Plaintiff's) provided they do not block those two features. *Id.* As such, the amendments make the very changes to the statute Plaintiff seeks here, obviating any need for the Court to intervene.[3]

This case therefore presents an even stronger case for dismissal than *City of Gainesville*. The matter of section 320.061 is not just something that "would be better resolved by the state legislature" like in that case, *see City of Gainesville*, 488 F. Supp. at 1283, it ***was*** resolved by the state legislature. During its 2026 session, the Florida Legislature did the work Plaintiff requests of this Court by amending the statute, properly addressing via the legislative process a "policy problem[] of substantial public import whose importance transcends the result in th[is] case . . . ." *See id.* at 1283-84.

---

[3] This amendment to the statute is consistent with a Florida appellate court's interpretation of a similar statute regarding license plates. *See State v. Morris*, 270 So. 3d 436, 439 (Fla. Dist. Ct. App. 2019).

Accordingly, there is nothing for this Court to do here and the case should be dismissed.[4]

### III.  Plaintiff Lacks Standing to Challenge the Constitutionality of § 320.061.

The Complaint fails to articulate an actual controversy such that this Court lacks subject-matter jurisdiction over this action. Subject-matter jurisdiction under the federal Declaratory Judgment Act depends on the existence of an "actual controversy," which is the same "case or controversy" standing requirement arising under Article III of the U.S. Constitution. *Hendrix v. Poonai*, 662 F.2d 719, 721 (11th Cir. 1981); *Odyssey Marine Exploration, Inc. v. Unidentified, Shipwrecked Vessel or Vessels*, 512 F. App'x 890, 895 (11th Cir. 2013) (stating that the actual controversy requirement "is jurisdictional"). Standing requires that "[1] the plaintiff must have suffered an 'injury in fact' . . . [;] [2] there must be a causal connection between the injury and the conduct complained of . . . [;] and [3] it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (cleaned up).

A plaintiff may bring a pre-enforcement challenge to a statute, but only under limited circumstances not present here. To demonstrate "injury in fact" where the law has not yet been enforced against the challenger, a plaintiff must allege: (1) "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute"; and (2) "a credible threat of prosecution." *Wollschlaeger v. Governor, Florida*, 848 F.3d 1293, 1304 (11th Cir. 2017). Because Plaintiff has alleged neither, she lacks standing to bring the present challenge to section 320.061 and the Court therefore lacks jurisdiction over her claim.

---

[4] As in *City of Gainesville*, this dismissal may be without prejudice for Plaintiff to ask Florida's state courts to opine on this matter of state law, insofar as Plaintiff believes an issue remains post-amendment. This type of state-court challenge is something Plaintiff's counsel is already in the process of doing in the aforementioned *Guerra* case. *See* Defendant's Motion for Reconsideration of Court's Denial to Certify Question of Great Public Importance, attached as ***Exhibit 3***.

**A. Plaintiff Fails to Allege That She Engaged, or Plans to Engage, in Arguably Proscribed Conduct Under § 320.061.**

A plaintiff bears the burden of "clearly and specifically set[ting] forth facts sufficient to establish standing." *Barber v. Am.'s Wholesale Lender*, 542 F. App'x 832, 835 (11th Cir. 2013) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). In fact, the Eleventh Circuit has vacated judgments on standing grounds in instances where the plaintiff's allegations "contained no factual specificity and, therefore, d[id] not demonstrate a credible threat of prosecution." *Dermer v. Miami-Dade County*, 599 F.3d 1217, 1221 (11th Cir. 2010) (citations omitted).

Plaintiff's claims center on whether § 320.061 is unconstitutionally vague insofar as it makes driving with a partially blocked license plate illegal. [ECF No. 1 ¶ 33]. But the Complaint is devoid of any facts related to Plaintiff's specific conduct—particularly, whether her frames block any part of her license plates. As alleged, it is not even clear that any license plate frame Plaintiff uses even violates section 320.061. Rather, Plaintiff only provides generalized, conclusory statements that her conduct is proscribed by the statute. Without alleging that she has a license plate frame that actually blocks any part of her license plate, Plaintiff alleges that "any officer who observes her license plate frames can . . . issue a criminal citation at any time." *Id.* ¶ 43.

But this conclusion is not borne out by the Complaint's allegations. Rather than discuss Plaintiff's *own* conduct, the Complaint discusses violations by hundreds of *other* individuals across the state. *Id.* ¶¶ 28-29, 31, 36-41. The conduct of those *other* individuals, however, is irrelevant. What matters is ***Plaintiff's*** conduct. And the Complaint lacks any allegations establishing specific conduct by Plaintiff, or an intent to engage in conduct, that would even arguably be proscribed under § 320.061. The only time the Complaint comes remotely close to describing Plaintiff's conduct is a single, unadorned allegation that law enforcement agencies have aggressively enforced § 320.061 "against identical conduct." *Id.* ¶ 43. But the Complaint fails to

11

identify what the "identical conduct" of Plaintiff actually entails. Accordingly, Plaintiff has failed to establish this necessary element of standing.

**B.  Plaintiff Also Fails to Establish a Credible Threat of Prosecution.**

Plaintiff similarly fails to establish a credible threat of prosecution. To establish a credible threat of prosecution, Plaintiff must demonstrate that her fear is not "speculative" or "imaginary*," Fort Lauderdale Food Not Bombs v. City of Fort Lauderdale*, 11 F.4th 1266, 1287 (11th Cir. 2021), and that she has "an actual and well-founded fear that the law will be enforced against [her]," *Dermer*, 599 F.3d at 1220 (quoting *Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 393 (1988)). Notably, Plaintiff has never been charged, prosecuted, or directly threatened with prosecution under § 320.061. Nonetheless, she attempts to manufacture a threat of enforcement based on: (1) past citations of non-party drivers under section 320.061 by non-party law enforcement agencies; and (2) citations of non-party drivers incorrectly attributed to the County. [ECF No. 1 ¶ 49].

Plaintiff's purported fear of future prosecution, however, is undermined by the factual dissimilarities between her alleged conduct and the history of prosecution relied on in the Complaint. *See Bronson v. Swensen*, 500 F.3d 1099, 1108 (10th Cir. 2007) ("[T]he credibility of a 'threat' is diluted when a factual dissimilarity exists between the plaintiff's intended future conduct and the conduct that triggered any prior prosecutions under the challenged statute."). In paragraphs 36-41, she relies on enforcement by non-parties, the Davie Police Department and Florida Highway Patrol, which does not bear on enforcement by the County or any named defendant. What's more, the individuals cited under section 320.061 in those cases—Demarquize Dawson and a Mr. Cuellar—are also non-parties and have no relationship with Plaintiff. She cannot tether her claims to enforcement against strangers. *Compare Steffel v. Thompson*, 415 U.S. 452, 458

12

(1974) (finding where the plaintiff was warned to stop handbilling and threatened with prosecution by the state if he disobeyed that prosecution of his "***handbilling companion*** [was] ample demonstration that [plaintiff]'s concern with arrest ha[d] not been 'chimerical'") (emphasis added).

Plaintiff's reliance on the issuance of citations within Miami-Dade County pursuant to section 320.061 fares no better. First, Plaintiff does not carve out those citations that were issued based on the blocking or obscuring of a license plate number or registration decal, which Plaintiff agrees is properly proscribed under § 320.061. Second, to the extent that some citations may refer to drivers covering or obscuring the words "Sunshine State" or "Florida," these vague and generic descriptions do not provide the County or the Court with notice of how these drivers' conduct was similar to that of Plaintiff, who, as noted *supra*, makes no allegations as to the specifics of her license plate frame and what it covers, if anything. Plaintiff's failure to specifically allege the conduct that she engaged in, combined with the generic descriptions of past enforcement, falls short of establishing "an actual and well-founded fear that the law will be enforced against her." *Am. Booksellers Ass'n, Inc.*, 484 U.S. at 393.

In sum, because Plaintiff fails to allege that she engaged, or plans to engage, in arguably proscribed conduct under § 320.061 and that she has a credible threat of prosecution under the statute, she lacks standing to challenge to § 320.061 and the Court lacks jurisdiction over her claim.

## IV.     Plaintiff's Challenge Arguing Arbitrary and Discriminatory Enforcement is not Ripe.

The Complaint repeatedly alludes to "arbitrary enforcement" concerns in support of Plaintiff's vagueness argument. [ECF No. 1 ¶¶ 41, 50, 52]. However, a claim based on arbitrary enforcement is not ripe where the statute has not *actually* been enforced against the party suing. "[R]egardless of the risk of discriminatory enforcement, a court may not hold that this risk invalidates the statute in a pre-enforcement facial attack. Such a claim takes on due process

13

dimensions only when the 'possibility ripens into a prosecution.'" *High 01' Times, Inc. v. Busbee,* 673 F.2d 1225, 1231 (11th Cir. 1982) (quoting *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 503 n.21 (1982)). Here, Plaintiff fails to allege that the statute in question has actually been enforced against her. Therefore, "the factual predicate for the injury," that is, the arbitrary and discriminatory enforcement of section 320.061 against Plaintiff, "has not fully materialized," and her action is not ripe for adjudication. *Elend v. Basham*, 471 F.3d 1199, 1205 (11th Cir. 2006). The Court should dismiss Plaintiff's challenge as unripe.

## V.   Plaintiff's Request to Vacate and Expunge State Criminal Records is Improper.

In addition to declaratory and injunctive relief, Plaintiff asks the Court for a sweeping expunction and vacatur of criminal records for ***anyone*** so much as cited under section 320.061. This excessive request is an improper attempt to assert third-party standing, and the Court lacks jurisdiction to grant such relief anyway.

Preliminarily, it is improper for an individual plaintiff to seek relief on behalf of others not before the Court. Generally, "a litigant must assert his own legal rights and interests and may not ordinarily rely on the rights and interests of third parties." *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994). Thus, even if the Court were to entertain her challenge, Plaintiff could not, as a matter of law, seek relief for anyone other than herself. *See James v. Adams*, No. 3:09-CV-915-J-34JRK, 2010 WL 5161642 (M.D. Fla. Dec. 14, 2010) (explaining that a request for injunctive relief on behalf of CM prisoners housed at FSP was improper and that "Plaintiff cannot represent the interests of other inmates; they may initiate their own separate civil rights actions and seek relief"); *Robert Justin Sanders v. Dallas Cnty. Jail,* No. CV 25-00091-TFM-B, 2025 WL 4654893 (S.D. Ala. Apr. 14, 2025) (denying plaintiff's relief seeking that "all inmates be provided complete

access to a law library" finding it was "an impermissible attempt to assert third party rights in federal court on behalf of inmates other than [plaintiff]").

What's more, the Court lacks jurisdiction to expunge state criminal records. Indeed, "federal law does not offer a specific statute authorizing the general expungement of a criminal record." *United States v. Adalikwu*, 757 F. App'x 909, 911 (11th Cir. 2018); *see also United States v. Woods*, No. 08-20267, 2013 WL 3189081, at *1 (S.D. Fla. June 20, 2013) ("Courts in this circuit have consistently held that there is no specific constitutional or general statutory right to expungement.") (internal citations omitted).

Instead, "[t]he expunction of a state criminal charge is governed by state law, and [Florida] law leaves to the state court system the expunction of state criminal history records." *United States v. Gallimore*, No. 03-20566-CR, 2010 WL 5589092, at *1 (S.D. Fla. Nov. 2, 2010), *report and recommendation adopted as modified*, No. 03-20566-CR, 2011 WL 146754 (S.D. Fla. Jan. 18, 2011) (Lenard, J.); *Stabile v. Florida*, No. 8:19-CV-2153-T-36SPF, 2020 WL 2527180 (M.D. Fla. Apr. 30, 2020), *report and recommendation adopted*, No. 8:19-CV-2153-T-36SPF, 2020 WL 2523540 (M.D. Fla. May 18, 2020) (same). Florida Statute Section 943.0585 provides that "courts of this state have jurisdiction over their own procedures, including the maintenance, expunction, and correction of judicial records containing criminal history information" and sets the procedure for expunction of a state criminal charge. Fla. Stat. § 943.0585(4)(a). The Complaint, filed in federal court, certainly does not comport with those procedures.

Additionally, because federal district courts are barred from reviewing state court decisions under the *Rooker-Feldman* doctrine, to the extent that Plaintiff's requested relief would affect convictions in state criminal cases, such relief falls outside of this Court's jurisdiction. *Linge v. State of Ga. Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (finding that the *Rooker-Feldman* doctrine

barred plaintiff's request to a federal district court to nullify a state-court criminal judgment). Thus, because § 943.0585 does "not authorize a federal court to expunge a state criminal charge," *Gallimore*, 2010 WL 5589092 at *1 (S.D. Fla. Nov. 2, 2010) the Court lacks authority to grant Plaintiff's requested relief.

**VI.    As an Alternative to Dismissal, the Court May Stay the Case Until SB 488 is Signed into Law.**

While dismissal is proper given Florida's clear action on the issue at the heart of this case, if the Court wishes to retain jurisdiction until SB 488 is signed into law, it may do so.

District courts routinely enter stays based on pending state legislation that will affect the outcome of a case. *See, e.g.*, *Joynt v. Star Ins. Co.*, 314 F. Supp. 3d 1233, 1236 (M.D. Fla. 2018) (case stayed while plaintiff's claim bill, which would moot declaratory action, was pending in Florida Legislature); *Stinnie v. Holcomb*, 369 F. Supp. 653, 661 (W.D. Va. 2019) (staying case during legislative session to determine whether statute would be repealed); *Sincock v. Terry*, 207 F. Supp. 205, 207 (D. Del. 1962) (staying case where General Assembly was considering constitutional amendment which would address issues in dispute); *Pavek v. Simon*, No. 19-CV-3000, 2020 WL 4013982, at *3 (D. Minn. July 16, 2020) (case stayed during legislative session to determine whether either of two bills that would grant plaintiff's requested relief would pass); *Crowell v. North Carolina*, No. 1:17CV515, 2018 WL 6031190, at *4 (M.D.N.C. Nov. 16, 2018) (case stayed "due to the high likelihood of future legislative action"); *McMillen v. Clark County*, No. 2:14-CV-00780, 2016 WL 8735673, at *3 (D. Nev. Sept. 23, 2016) (case stayed due to state legislature's amendment of statute, "which likely mooted any constitutional claims for prospective relief").

In determining whether to stay a case, this Court considers factors including judicial economy, the simplification of the issues in question, and any potential undue prejudice to the non-

movant. *Elias LLC v. Virage Capital Mgmt., LP*, No. 23-22752-CIV, 2023 WL 6534486, at *2 (S.D. Fla. Sept. 15, 2023). All those factors favor a stay here. The passage of SB 488 removes the need for judicial labor, and doesn't merely simplify the issues, but resolves them entirely. Plaintiff will not be prejudiced by a stay; as alleged, she only has a license plate frame on her car, which is explicitly excluded by the amended section 320.061. And, as set forth in more detail in Argument Part III, *supra*, she has not alleged any conduct that would give rise to a reasonable fear of prosecution under the statute even as it currently stands. Thus, to the extent the Court does not wish to dismiss the case outright, a stay would be prudent to avoid a waste of judicial resources issuing declaratory relief as to a statute that has been amended and is only pending the Governor's signature.

## Conclusion

Accordingly, the Court should dismiss this action with prejudice as to Miami-Dade County.

Dated: April 8, 2026

Respectfully submitted,

**GERALDINE BONZON-KEENAN**
**Miami-Dade County Attorney**

By: */s/ Michael Muñoz*
    Michael Muñoz
    Assistant County Attorney
    Florida Bar Number 1003076
    Stephen P. Clark Center, Suite 2810
    111 Northwest First Street
    Miami, Florida 33128-1993
    Telephone: (305) 375-5151
    Fax: (305) 375-5611
    Email: michael.munoz@miamidade.gov
    *Attorney for Miami-Dade County*