Filing # 242252353 E-Filed 02/20/2026 06:14:21 PM

IN THE COUNTY COURT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA CRIMINAL DIVISION

STATE OF FLORIDA,
    Plaintiff,                      CASE NO: AL5OJ0E

v.

YOFREN PEREZ GUERRA,
    Defendant.
_____/

## MOTION TO DISMISS
### FOR LACK OF SUBJECT MATTER JURISDICTION
*(Facial Unconstitutionality—Void Ab Initio)*

and

## REQUEST FOR CERTIFICATION
## OF QUESTION OF GREAT PUBLIC IMPORTANCE

Defendant Yofren Perez Guerra moves this Court to dismiss the pending prosecution. Section 320.061, Florida Statutes, is facially unconstitutional and therefore void *ab initio*. A void statute confers no prosecutorial authority, and without prosecutorial authority, this Court lacks subject-matter jurisdiction. Trial is set for February 25, 2026. The constitutional question is purely legal and must be resolved before this Court may proceed.

### INTRODUCTION

A Florida driver buys a new car in Miami.  The dealer, South Miami Honda, installs a standard license-plate frame advertising its dealership – the same style of frame found on millions of Florida vehicles. The frame partially covers the words "Sunshine State" at the bottom of the license plate.  She drives north on I-95 to visit a friend in Escambia County. She does not speed. She does not run a red light. Yet for portions of his drive, she is committing a crime, or so Miami-Dade, Broward, Lake, and Escambia Counties would say.  Pensacola Police has publicly declared

that "nothing can be obscured on the tag," including "Sunshine State." In Seminole, Volusia, Orange, St. Lucie, Duval, and Leon Counties, identical frames have been declared lawful so long as the alphanumeric characters and registration decal remain visible.

Cross a county line, and legal conduct becomes criminal.

That enforcement chaos is not the constitutional defect – it confirms it. The Due Process Clause requires that criminal statutes define liability with measurable standards. Section 320.061 does not. It criminalizes attaching material that "interferes with" the "legibility, angular visibility, or detectability of any feature or detail" of a license plate – yet it defines none of those terms. It sets no threshold for how much coverage constitutes "interference." It provides no objective enforcement benchmark. When trained law-enforcement agencies read identical statutory language and reach irreconcilable conclusions, that divergence evidences the absence of any objective standard for criminal liability. *See Kolender v. Lawson*, 461 U.S. 352, 358 (1983).

The real-world consequences are not hypothetical. In December 2025, Davie police arrested and jailed Demarquize Dawson because a decorative frame partially covered the letter "S" in "Sunshine." The department later admitted, on the record, that the statute was "vague, unclear and appeared to be open for misinterpretation." [Exhibit 1]. When a law-enforcement agency uses the constitutional term of art – "vague" – to describe its own enforcement of a criminal statute, that concession is powerful evidence of facial unconstitutionality.

Because a facially unconstitutional statute is void *ab initio* and confers no prosecutorial authority, this Court must determine whether subject-matter jurisdiction exists before proceeding further.

## SECTION 1

## MOTION TO DISMISS

### I. Statement of Facts and Procedural History

On December 5, 2025, a West Miami police officer stopped Defendant and issued a criminal citation alleging a violation of section 320.061. The citation charges "OBSCURED TAG WITH A LICENSE PLATE COVER—TAG—UNLAWFUL ALTERATION," a second-degree misdemeanor punishable by up to 60 days' incarceration and a $500 fine. [Exhibit 2].

The citation arose from a standard South Miami Honda dealership license-plate frame affixed to Defendant's vehicle. The frame covered no alphanumeric characters and did not obscure the registration decal.

On January 9, 2026, Defendant was arraigned. Defense counsel advised that the frame had been removed and requested dismissal. The State declined. Trial is now set for February 25, 2026.

This motion presents a facial constitutional challenge to section 320.061 itself. It does not depend on disputed facts. The question is whether the statutory text is constitutionally sufficient to confer subject-matter jurisdiction.

### II. A Facially Unconstitutional Statute Cannot Confer Subject-Matter Jurisdiction

Florida law is settled: a facially unconstitutional statute cannot confer subject-matter jurisdiction. In *Alexander v. State*, 450 So. 2d 1212, 1216 (Fla. 4th DCA 1984), the court held that "a facially unconstitutional statute creates no subject matter jurisdiction pursuant to which a court may convict the accused." *See Trushin v. State*, 425 So. 2d 1126 at 1129 (Fla. 1983) ("a conviction for the violation of a facially invalid statute would constitute fundamental error").

Subject-matter jurisdiction in criminal cases depends on the existence of a validly enacted and constitutionally sufficient statute defining a criminal offense. If the Legislature has failed to

define an offense consistently with due process, jurisdiction never attaches, and a prosecution under a void statute is a nullity from its inception.

This Court possesses both the authority and the obligation to determine whether jurisdiction exists before proceeding. Subject to review by the appropriate appellate court, trial courts in Florida decide constitutional challenges in the first instance. *See id.*

### III. The Statutory Text of Section 320.061

As amended by HB 253 (effective October 1, 2025), section 320.061, Florida Statutes, provides:

> [a] person may not alter the original appearance of a vehicle registration certificate, license plate, temporary license plate, mobile home sticker, or validation sticker issued for and assigned to a motor vehicle or mobile home, whether by mutilation, alteration, defacement, or change of color or in any other manner. A person may not apply or attach a substance, reflective matter, illuminated device, spray, coating, covering, or other material onto or around any license plate which interferes with the legibility, angular visibility, or detectability of any feature or detail on the license plate or interferes with the ability to record any feature or detail on the license plate. A person who knowingly violates this section commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

*Id.*

Three features of this text are critical. First, the statute criminalizes attaching material that "interferes with" the "legibility, angular visibility, or detectability of any feature or detail" of a license plate, yet it defines none of those operative terms. Second, it provides no threshold for how much coverage constitutes criminal "interference." Third, the 2025 amendment removed prior civil-enforcement mechanisms and classified all violations as criminal misdemeanors.

## IV. Section 320.061 Is Facially Void for Vagueness

The Florida Supreme Court is clear – a citizen should not have to guess what a criminal statute means — and face jail when the "guess is wrong". *State v. Wershow*, 343 So. 2d 605 at 608 (Fla. 1977).

The Due Process Clauses of the Florida Constitution (Art. I, § 9) and the United States Constitution (Amend. XIV) prohibit enforcement of unconstitutionally vague criminal statutes. A criminal statute is void for vagueness if it fails to give persons of "common intelligence" fair notice of what conduct is prohibited as "[n]o person should be held responsible for conduct which one could not reasonably understand to be prohibited by statute." *Id* at 608-609. Section 320.061 fails this test.

The Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), confirms that a criminal statute may be facially void for vagueness *even if* some applications appear clear. *Id* at 602. A statute that does not supply an objective standard capable of consistent articulation is constitutionally indeterminate. *Id* at 602. Section 320.061 presents that same structural defect: it leaves undefined both (1) the protected object ("any feature or detail") and (2) the degree of prohibited interference ("interferes with"). That dual indeterminacy mirrors the structural flaw condemned in *Johnson*. *Id*.

### A. The Statute Fails to Give Fair Notice.

Due process requires that a penal statute define the prohibited conduct with sufficient definiteness that ordinary people can understand it. *Kolender v. Lawson*, 461 U.S. 352 at 357 (1983); *Connally v. Gen. Constr. Co.,* 269 U.S. 385, 391 (1926) (holding that "the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable").

---

An ordinary citizen reading section 320.061 cannot determine: whether covering part of a slogan, border, or background element constitutes interference with a protected "feature or detail"; how much coverage triggers criminal liability; or at what point partial obstruction becomes "interference." The statute does not merely require judgment at the margins – it supplies no benchmark at all.

In Defendant's case, the dealership frame covers no letters, no numbers, and no portion of the registration decal – yet he is charged with a second-degree misdemeanor. The conflicting official interpretations detailed in Section B of this brief, *infra*, confirm that the statutory text fails to provide a discernible benchmark. *See DuFresne v. State*, 826 So. 2d 272, 274 (Fla. 2002) (holding that, "in a vagueness challenge, any doubt as to a statute's validity should be resolved in favor of the citizen and against the State").

Although the statute includes a "knowingly" *mens rea*, that element does not cure vagueness when the statute's operative terms lack objective boundaries. A person cannot "knowingly" violate a standard that is itself undefined.

**B. The Statute Invites Arbitrary Enforcement.**

The more important aspect of the vagueness doctrine is whether the law establishes minimal guidelines to govern law enforcement and prevent standardless, discretionary enforcement. *Kolender*, 461 U.S. at 358; *City of Chicago v. Morales*, 527 U.S. 41, 60 (1999). The statewide enforcement record confirms the statute's standardless sweep.

In the weeks following section 320.061's October 1, 2025 effective date, Florida law-enforcement agencies issued directly contradictory guidance about what conduct the statute prohibits. These are not subtle variations in interpretation. They are irreconcilable positions on identical conduct. Enforcement has become a geographic lottery that depends on zip code rather

than conduct. Notably, the enforcement split is not itself the constitutional violation — it is evidence of one.

### i. Agencies Interpreting Frames Covering "Sunshine State" as Legal

Seminole County Sheriff's Office (December 15, 2025): Published an official infographic stating that frames covering "SUNSHINE STATE" are "permissible." The post explained: "The Florida Department of Highway Safety and Motor Vehicles does not consider the wording along the bottom of the plate to be a primary feature, and a frame can cover it." [Exhibit 3].

Volusia County Sheriff's Office (December 11, 2025): Sheriff Mike Chitwood issued a legal bulletin to all deputies quoting *State v. St. Jean*, 697 So. 2d 956 (Fla. 5th DCA 1997). The bulletin concluded: "if the license plate including the alphanumeric designation and the registration decal are plainly visible and legible from 100 feet, there is no violation. . . . Therefore, if the license plate rim or plate does not obscure the license plate's alphanumerical designation or the registration decal, there is not a violation of Fla. Stat. 320.061, and a motorist should not be stopped based on this statute." [Exhibit 4].

Apopka Police Department (December 17, 2025): "As you can see in their memo there is no prohibition against using a license plate frame as long as it does not obscure the visibility of the following two things: 1. The alpha numeric plate identifier . . . 2. The decal (yellow sticker) located in the top right hand corner of license plate." [Exhibit 5].

Ocoee Police Department (December 5, 2025): Posted images of acceptable decorative frames, including sports-team and dealer frames that cover "Sunshine State," stating: "The Florida Department of Highway Safety and Motor Vehicles does not consider the wording along the bottom of the plate to be a primary feature, and a frame can cover it." [Exhibit 6].

Casselberry Police Department (December 2025): "We will not be arresting people just for having a basic, simple plate frame. Our focus is on intentional alterations, blocked characters, and unreadable plates or decals." [Exhibit 7].

**ii. Agencies Interpreting the Same Conduct as Criminal**

St. Lucie County Sheriff's Office (December 15, 2025): Posted that "License plate frames that cover or partially block any letters, numbers, or the registration decal" are prohibited. Its infographic showed covering "SUNSHINE STATE" as a violation—directly contradicting Seminole County's interpretation of the same FLHSMV guidance issued the same day. [Exhibit 8].

State Attorney's Office, 12th Judicial Circuit (December 9, 2025): Posted an image of a standard Volkswagen dealership frame—circled in red—as an example of conduct that "makes it illegal." This is the identical type of frame that Seminole County, Volusia County, Apopka, Ocoee, and Casselberry declared lawful. [Exhibit 9].

Miami Beach Police Department (October 2025–January 2026): Issued multiple citations for frames covering "Sunshine State" or "Florida," including citations described as "LICENSE PLATE HOLDER OBSCURING TAG" and "FRAME OBSCURING ISSUING STATE." [Exhibit 10, spreadsheet of all violations and demonstrative illustration can be found at https://tickettoro.ai/data-analysis/tag-alteration].

North Miami Beach Police Department (October 2025–January 2026): Issued citations specifically for "Tag Frame Obscures Sunshine State Verbage"—the exact conduct that Seminole County explicitly declared legal. [Exhibit 10, spreadsheet of all violations and demonstrative illustration can be found at https://tickettoro.ai/data-analysis/tag-alteration].

### iii. The Florida Department of Highway Safety and Motor Vehicles Guidance Paradox

On December 12, 2025, the Florida Department of Highway Safety and Motor Vehicles ("FLHSMV") issued guidance to all Florida law-enforcement agencies:

> this act does not prohibit the use of a license plate frame as long as the frame does not obscure visibility of the following: The alpha numeric plate identifier; The decal located in the top right hand corner of the license plate.

[Exhibit 11]. The FLHSMV guidance included an example image of a license plate with a decorative frame as compliant conduct. The frame in the example covers portions of the plate's elements. Nevertheless, at least 195 citations were issued in Miami-Dade County *after* this guidance – including citations for the exact type of frame depicted in the FLHSMV's own example. [Exhibit 10, spreadsheet of all violations and demonstrative illustration can be found at https://tickettoro.ai/data-analysis/tag-alteration].

### iv. The Miami-Dade Citation Data: 422 Criminal Charges

Through publicly available information, Defendant obtained data on all citations issued under section 320.061 in Miami-Dade County from October 1, 2025 through January 24, 2026. [Exhibit 10, spreadsheet of all violations and demonstrative illustration can be found at https://tickettoro.ai/data-analysis/tag-alteration]. The data reveals: (a) 422 criminal citations for alleged violations of section 320.061; (b) 195 citations issued after the December 12, 2025 FLHSMV guidance; (c) multiple citations for dealer frames, including "AUTONATION TAG FRAME COVERING FLORIDA" and "LARGO HONDA FRAME COVERING STATE READING"; and (d) multiple citations for covering "Sunshine State," including "Tag Frame Obscures Sunshine State Verbage" and "Plate Cover Obscuring Sunshine State." [Exhibit 10, and demonstrative illustration can be found at https://tickettoro.ai/data-analysis/tag-alteration].

These citations were issued for the exact same conduct that Seminole County, Volusia County, Apopka, Ocoee, and Casselberry explicitly declared lawful. A motorist with an AutoNation dealer frame is a law-abiding citizen in Orlando but a criminal in Miami.

### v. The Dawson Wrongful Arrest and the Davie Police Admission

On December 17, 2025 – two days after the DHSMV issued its statewide clarification – Davie police arrested Demarquize Dawson because a decorative frame on his rental car partially covered the letter "S" in "Sunshine State." Mr. Dawson was jailed. He subsequently suffered a panic attack and was hospitalized.

Following public outcry, the Davie Police Department issued a formal statement containing this extraordinary admission: "the law was vague, unclear and appeared to be open for misinterpretation." [Exhibit 1]. This is not a defense attorney's characterization. It is a Florida law-enforcement agency, on the record, admitting that the criminal statute under which it arrested a citizen is "vague" and "unclear."

When trained law-enforcement agencies interpret identical statutory language in contradictory ways, that divergence confirms the absence of objective enforcement standards. *Kolender*, 461 U.S. at 358. Section 320.061 has unequivocally produced that result.

### C. Legislative History Confirms the Statute's Vagueness.

Representative Doug Bankson, HB 253's sponsor, filed an official statement with the Florida House: "this bill intends to define and impose penalties on the possession and use of license plate obscuring devices whether in the commitment of a crime or avoiding a traffic ticket. There is currently not a law in Florida that defines and bans such devices." [Exhibit 12]. The legislative intent focused exclusively on "devices" – mechanical or electronic tag-flipping equipment used to evade tolls and law enforcement. Standard decorative frames are never mentioned.

Following the enforcement chaos and wrongful arrests, Representative Bankson issued public statements to correct law enforcement's interpretation:

> what started as a false alarm became a raging fire of misinformation regarding license plate frames when an errant video went viral, even being picked up by the media. The reported information is absolutely untrue. No one is in danger for sporting their favorite frame, as long as their license number and sticker are uncovered. HB 253 did not change any existing rules related to standard license plate frames, and that enforcement should focus on intentional obstruction. So fear not to cheer on your favorite team, alma mater, or even your car dealer. Yes, this is still the Free State of Florida!

[Exhibit 12].

The bill's own author felt compelled to issue public clarifications because law-enforcement agencies across Florida were misinterpreting his statute. The sponsor says decorative frames are legal. Multiple sheriff's offices say they are illegal. Citizens are being arrested. This is textbook vagueness and failure to provide fair notice.

Narrow intent cannot cure broadly worded text. *United States v. National Dairy Prods. Corp.,* 372 U.S. 29, 33 (1963) (holding that a narrowly tailored indictment cannot correct a faulty statute, "for the latter itself must be sufficiently focused to forewarn of both its reach and coverage."). When the sponsor of a criminal statute must publicly explain what it means, the Legislature has failed its constitutional obligation to define criminal conduct with sufficient clarity.

Legislative history is not controlling and cannot override statutory text. But when the sponsor of a criminal statute must publicly clarify that conduct widely treated as criminal was never intended to be prohibited, that circumstance is confirmatory of textual indeterminacy. While any one of these factors – undefined operative terms, conflicting enforcement, emergency administrative guidance, or sponsor clarification – might not alone compel invalidation, but together, they present mounting evidence that the statute fails to provide constitutionally sufficient notice and standards.

## V. The Statute Independently Violates Substantive Due Process

Even if the Court were to conclude that section 320.061 provides minimally adequate notice – which Defendant disputes – the statute independently violates substantive due process. Substantive due process protects against arbitrary deprivations of liberty. *County of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998). Florida law likewise requires that statutes not operate in a discriminatory, arbitrary, or oppressive manner. *J.L.S. v. State*, 947 So. 2d 641, 647 (Fla. 3d DCA 2007).

This claim is distinct from the vagueness challenge. Vagueness concerns definitional clarity. Substantive due process addresses the statute's operation. Section 320.061 provides no measurable standard for "interference," no definition of protected "features" or "details," yet mandates criminal prosecution as the sole enforcement mechanism.

The statewide enforcement split demonstrates that identical conduct is treated as lawful in some jurisdictions and criminal in others—not because of different ordinances, but because of different readings of the same law. That structure creates arbitrary exposure to arrest and prosecution that due process does not tolerate.

## VI. The Criminal-Only Framework Amplifies the Constitutional Defect

As amended, section 320.061 imposes second-degree misdemeanor penalties and requires that a person "knowingly" violate the statute. The Legislature's decision to impose criminal penalties, without defining the operative terms or providing objective enforcement standards, amplifies the constitutional defect. A knowing element cannot cure vagueness when a reasonable person cannot determine what conduct the statute criminalizes. *See DuFresne v. State*, 826 So. 2d 272, 274 (Fla. 2002) (holding that any doubt as to a statute's validity should be resolved in favor of the citizen and against the State); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972)

(vague criminal statutes violate due process because they "permit[] and encourage[] an arbitrary and discriminatory enforcement of the law").

## VII. Subject-Matter Jurisdiction Cannot Attach

If section 320.061 is facially void for vagueness, then no constitutionally valid offense exists. Without a valid offense, the State lacks prosecutorial authority. Without prosecutorial authority, this Court lacks subject-matter jurisdiction. Jurisdiction cannot arise from a void statute and cannot be conferred by waiver or acquiescence.

## VIII. Irreparable Harm Requires Pre-Trial Resolution

Trial is imminent. Forcing Defendant to trial under a statute that fails to define criminal conduct constitutionally is itself fundamental error. *See Trushin v. State*, 425 So. 2d 1126 at 1129 (Fla. 1983) ("a conviction for the violation of a facially invalid statute would constitute fundamental error"); *see also, English v. McCrary*, 348 So. 2d 293 (Fla. 1977). If Defendant is forced to stand trial under a void statute, no appellate reversal can undo the expense, anxiety, stigma, and potential incarceration – all for conduct the statute's own sponsor says is not a crime.

This Court must determine whether it possesses subject-matter jurisdiction before proceeding further.

## SECTION 2

## REQUEST FOR CERTIFICATION OF QUESTION
## OF GREAT PUBLIC IMPORTANCE

Should this Court grant Defendant's Motion to Dismiss and declare section 320.061 facially unconstitutional, Defendant respectfully requests that this Court certify the following question to the Third District Court of Appeal as one of great public importance, pursuant to section 34.017, Florida Statutes, section 35.065, Florida Statutes, and Florida Rule of Appellate Procedure 9.160:

**WHETHER SECTION 320.061, FLORIDA STATUTES, AS AMENDED BY HB 253 (EFFECTIVE OCTOBER 1, 2025), IS FACIALLY UNCONSTITUTIONAL AND VOID FOR VAGUENESS UNDER THE DUE PROCESS CLAUSES OF THE FLORIDA CONSTITUTION (ART. I, § 9) AND THE UNITED STATES CONSTITUTION (AMEND. XIV) AS IT CRIMINALIZES CONDUCT THAT "INTERFERES WITH" THE "LEGIBILITY, ANGULAR VISIBILITY, OR DETECTABILITY OF ANY FEATURE OR DETAIL" OF A LICENSE PLATE WITHOUT DEFINING THOSE OPERATIVE TERMS OR PROVIDING ANY MEASURABLE STANDARD FOR CRIMINAL LIABILITY.**

### A. The County Court Has Express Statutory Authority to Certify

Florida law expressly authorizes county courts to certify questions directly to the district court of appeal, bypassing the circuit court entirely. Section 34.017(1), Florida Statutes, provides:

> A county court is permitted to certify a question to the district court of appeal in a final judgment if the question may have statewide application, and: (a) Is of great public importance; or (b) Will affect the uniform administration of justice.

Section 34.017(1), Fla. Stat. The decision to certify is "within the sole discretion of the county court." Section 34.017(3), Fla. Stat.

Florida Rule of Appellate Procedure 9.160 implements this statute. The Rule provides that "[a]ny party may suggest that an order be certified to be of great public importance" and that "the decision to certify shall be within the absolute discretion of the county court and may be made by the county court on its own motion." Fla. R. App. P. 9.160(a)(1). The certification must include "findings of fact and conclusions of law along with a concise statement of the issue or issues of great public importance." Fla. R. App. P. 9.160(d).

Once certified, the appeal bypasses the circuit court and proceeds directly to the district court of appeal. Fla. R. App. P. 9.160(b); § 35.065, Fla. Stat. ("a district court of appeal may review any order or judgment of a county court which is certified by the county court to be of great public importance"). The DCA then exercises its absolute discretion to accept or reject jurisdiction. Fla.

R. App. P. 9.160(e)(2). If the DCA accepts the appeal, it "will decide all issues that would have been subject to appeal if the appeal had been taken to the circuit court." Fla. R. App. P. 9.160(f)(1).

**B. This Question Satisfies Every Requirement for Certification**

Section 34.017 requires that the certified question: (1) may have statewide application; and (2) is of great public importance or will affect the uniform administration of justice. This case satisfies all three criteria.

*1. Statewide Application.* When a county court declares a state statute facially unconstitutional, the ruling inherently implicates statewide application. A facial challenge does not address the statute's operation in one case or one county, it addresses the constitutional validity of the statute itself, which applies uniformly across all sixty-seven Florida counties. *See Alexander v. State*, 450 So. 2d 1212, 1216 (Fla. 4th DCA 1984). If section 320.061 is facially void, it is void everywhere—not merely in Miami-Dade County.

The record before this Court confirms statewide impact beyond any doubt. At least 422 criminal citations have been issued in Miami-Dade County alone. Law-enforcement agencies in Seminole, Volusia, Orange, Broward, St. Lucie, and Sarasota Counties have issued irreconcilable guidance on the identical statutory text. The FLHSMV issued emergency statewide guidance that agencies continue to interpret in contradictory ways. The statute's reach is not local—it is statewide, and so is the constitutional question.

*2. Great Public Importance.* The constitutionality of a criminal statute that exposes millions of Florida motorists to arrest and prosecution is, by definition, a question of great public importance. The court in *Young v. State*, recognized that certification is appropriate when the issues in a case "arise[] frequently and affect[] numerous criminal defendants within this district and throughout the state." *Young v. State*, 678 So. 2d 427, 429 (Fla. 4th DCA 1996), *approved,* 697

So. 2d 75 (Fla. 1997). Here, the answer will affect every motorist in Florida who has a license-plate frame on his or her vehicle, which is to say, the vast majority of the state's registered drivers.

The public importance of this question is further confirmed by the extraordinary response it has already generated: emergency guidance from the FLHSMV; public statements from the Florida Police Chiefs Association; official legal bulletins from multiple sheriff's offices; public clarifications from the bill's own legislative sponsor; and a formal admission from the Davie Police Department that the statute is "vague, unclear and appeared to be open for misinterpretation." No county court ruling in this case, whether granting or denying the motion, will resolve the statewide confusion. Only appellate review can provide the authoritative construction that citizens, law enforcement, and prosecutors across Florida require.

**3. *Uniform Administration of Justice.*** Section 34.017(1)(b) independently authorizes certification when a question "will affect the uniform administration of justice." This alternative ground is squarely presented here. The very heart of Defendant's challenge is that section 320.061 has produced the opposite of uniform administration: identical conduct is treated as lawful in some Florida counties and criminal in others. A motorist with an AutoNation dealer frame is a law-abiding citizen in Orlando and a criminal defendant in Miami. That geographic lottery in criminal enforcement is the paradigm case for certification under the uniform administration of justice prong.

Without appellate review, the statewide enforcement split will continue indefinitely. County courts across Florida will reach conflicting conclusions on the identical constitutional question, with no mechanism for reconciliation. Certification provides that mechanism.

**C. The Appellate Pathway Confirms That Certification Is Appropriate**

The appellate structure reinforces the need for certification. Under Florida Rule of Appellate Procedure 9.030(b)(1)(A), the district courts of appeal have jurisdiction to review "county court final orders declaring invalid a state statute or provision of the state constitution." This jurisdiction is not discretionary – it is mandatory. An order declaring section 320.061 unconstitutional thus proceeds directly to the Third District Court of Appeal as of right. Certification under Rule 9.160 and section 34.017 ensures that this pathway is expressly invoked and that the DCA receives a concise statement of the certified question, facilitating efficient appellate review.

Moreover, the appellate consequences extend beyond the Third District. If the DCA declares section 320.061 invalid, the Florida Supreme Court has *mandatory* appellate jurisdiction. Article V, section 3(b)(1), of the Florida Constitution provides that the Supreme Court "shall review, by appeal . . . decisions of district courts of appeal declaring invalid a state statute." Fla. R. App. P. 9.030(a)(1)(A)(ii). This is not discretionary review. The Supreme Court *must* hear the case. The constitutional question presented here is thus one that will, by operation of law, reach the state's highest court – confirming its great public importance and statewide application.

The certification pathway also serves judicial economy. The Third District's consideration or ultimately, the Florida Supreme Court's review, will provide a single, authoritative ruling binding on every trial court in the state. Without certification, the constitutionality of section 320.061 will be litigated piecemeal in county courts across sixty-seven counties, producing inconsistent rulings with no mechanism for resolution. Certification avoids that fragmentation.

### D. Certification Is Appropriate Regardless of How This Court Rules

Defendant respectfully submits that certification is appropriate whether this Court grants or denies the Motion to Dismiss.

If this Court grants the motion and declares section 320.061 facially unconstitutional, the State will have a right to appeal that ruling directly to the Third District under Rule 9.030(b)(1)(A). Certification under section 34.017 and Rule 9.160 ensures that the constitutional question is clearly framed for appellate review, accompanied by findings of fact and conclusions of law as required by Rule 9.160(d). The certification also ensures that the DCA may, in turn, certify the question to the Florida Supreme Court as one of great public importance under Rule 9.030(a)(2)(A)(v), or, if the DCA declares the statute invalid, that the Supreme Court's mandatory jurisdiction is triggered under Rule 9.030(a)(1)(A)(ii).

If this Court denies the motion, certification remains independently warranted. A denial would effectively uphold the constitutionality of section 320.061 as applied statewide – a ruling that conflicts with the position taken by multiple law-enforcement agencies, the FLHSMV, and the bill's own sponsor. The statewide enforcement chaos documented in this record will continue unabated, and the due-process rights of millions of Florida motorists will remain unresolved. Under those circumstances, the question plainly satisfies the statutory requirements of statewide application, great public importance, and impact on the uniform administration of justice.

## CONCLUSION

Florida law provides county courts with express authority to certify questions of great public importance directly to the district court of appeal. § 34.017, Fla. Stat.; § 35.065, Fla. Stat.; Fla. R. App. P. 9.160. Whether a state criminal statute is facially unconstitutional under the Due Process Clause is, by its nature, a question of statewide application and great public importance. The record before this Court – 422 criminal citations, irreconcilable enforcement across dozens of agencies, a wrongful arrest, a law-enforcement admission of statutory vagueness, emergency administrative guidance, and sponsor clarification – confirms that the answer to this question

"arises frequently and affects numerous criminal defendants within this district and throughout the state . . . ." *Young v. State of Florida*, 678 So.2d 427 at 429 (Fla. 4th DCA 1996).

## RELIEF SOUGHT

Defendant respectfully requests that this Court issue a written order:

(1) dismissing the prosecution;

(2) ruling that 320.061 is unconstitutional on its face and void *ab initio*;

(3) ruling that this Court lacks subject-matter jurisdiction; and

(4) upon ruling on the Motion to Dismiss, certify the following question to the Third District Court of Appeal pursuant to section 34.017, Florida Statutes, and Florida Rule of Appellate Procedure 9.160:

**WHETHER SECTION 320.061, FLORIDA STATUTES, AS AMENDED BY HB 253 (EFFECTIVE OCTOBER 1, 2025), IS FACIALLY UNCONSTITUTIONAL AND VOID FOR VAGUENESS UNDER THE DUE PROCESS CLAUSES OF THE FLORIDA CONSTITUTION (ART. I, § 9) AND THE UNITED STATES CONSTITUTION (AMEND. XIV) BECAUSE IT CRIMINALIZES CONDUCT THAT "INTERFERES WITH" THE "LEGIBILITY, ANGULAR VISIBILITY, OR DETECTABILITY OF ANY FEATURE OR DETAIL" OF A LICENSE PLATE WITHOUT DEFINING THOSE OPERATIVE TERMS OR PROVIDING ANY MEASURABLE STANDARD FOR CRIMINAL LIABILITY.**

(5) granting such other relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Anna D. Quesada*

Counsel for Defendant
Anna D. Quesada, Esq.

Ticket Toro Law Firm
5757 Waterford District Drive
Suite 110
Miami, FL 33126
Anna@TicketToro.ai

---

**Motion to Dismiss and Request for Certification**                    **Page 19 of 20**

<u>**Certificate of Service**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of Courts via the Florida Courts E-Filing Portal and emailed to Juan Sarceno, Esq. (juansarceno@miamisao.com) at the Office of the State Attorney, Eleventh Judicial Circuit, in and for Miami-Dade County, Florida on this 20 day of February, 2026.

*/s/ Anna D. Quesada*

---