**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-CV-21355-JAL**

GISELA CASTILLA RODRIGUEZ,

     Plaintiff,

v.

MIAMI-DADE COUNTY, FLORIDA; ST. LUCIE COUNTY SHERIFF'S OFFICE; CITY OF WEST MIAMI, FLORIDA; CITY OF MIAMI BEACH, FLORIDA; and CITY OF NORTH MIAMI BEACH, FLORIDA,

     Defendants.

_____/

**MIAMI-DADE COUNTY'S UNOPPOSED MOTION TO STAY PENDING RULING ON MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 26(c) and *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), Miami-Dade County respectfully requests to stay the remaining pretrial deadlines pending the Court's ruling on its Motion to Dismiss Plaintiff's Complaint.

**Introduction and Procedural History**

Plaintiff filed this action on February 27, 2026, challenging the current version of section 320.061, which went into effect on October 1, 2025. [ECF No. 1 at 3]. The statute regulates blocking or obscuring of license plates. On March 11, 2026, the Florida Senate amended section 320.061, Florida Statutes via Florida SB 488. *See* [ECF No. 18 at 3-4].

Plaintiff alleges that because certain words are not defined, the pre-March 11 version of the statute sets no "objective standard by which a citizen or officer can determine whether a particular license plate frame violates the law," and seeks a declaration that the statute is unconstitutional. *Id.* ¶ 13. She alleges that section 320.061 is enforced inconsistently throughout the state. *Id.* ¶ 18.

1

She contends that certain non-party law enforcement agencies, such as the Seminole and Volusia County Sheriff's Offices and Police Departments in Apopka, Ocoee, and Casselberry, have declined to enforce the statute against decorative frames that do not block license plate numbers or registration decals. *Id.* ¶¶ 19-24.

Thus, Plaintiff seeks: (1) a declaration that section 320.061 is "unconstitutional and void under the Due Process Clause of the Fourteenth Amendment to the United States Constitution"; (2) a preliminary and permanent injunction against any Defendant enforcing the statute; and (3) "an order declaring that all arrests, criminal charges, and convictions entered under Section 320.061, Florida Statutes, since its effective date of October 1, 2025, are void *ab initio* and without legal effect" and ordering that same "be vacated and expunged from all criminal records[.]" *Id.* ¶¶ 14-15 (Prayer for Relief).

However, the statute, as amended on March 11, 2026, does exactly what Plaintiff asks the Court to do in this action. It exempts license plate frames that do not block the plate number or registration decal. On April 8, 2026, the County moved to dismiss the Complaint because: (1) the County is not the proper defendant given the transfer of law enforcement authority to the independently elected Miami-Dade Sheriff's Office as of January 7, 2025; (2) the statutory amendment eliminates the need for the Court to exercise its discretion and grant declaratory relief; (3) Plaintiff lacks standing; (4) the matter is not ripe; and (5) the Court lacks jurisdiction to issue Plaintiff's requested relief.

The case's procedural posture and the dispositive nature of the Motion to Dismiss warrant a stay.

**Argument**

A district court "possesses the inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989); *Aquatopia LLC v. Gurson*, No. 23-CV-20841, 2024 WL 537875, at *3 (S.D. Fla. Sept. 11, 2024). In exercising that power, the Court enjoys "broad discretion." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). One way a court may police its docket is by staying proceedings until it decides a case-dispositive motion. *Olufemi v. Exclusive Ass'n Mgmt.*, No. 23-10752, 2024 WL 710547, at *1 (11th Cir. Feb. 21, 2024). A stay is particularly appropriate where a facial challenge to the complaint is pending, as is the case here. *Chudasama*, 123 F.3d at 1367 (finding that district court abused its discretion by ordering a defendant to respond to discovery before ruling on motion to dismiss). Accordingly, the Eleventh Circuit in *Chudasama* held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as motion to dismiss based on failure to state a claim for relief should . . . be resolved before discovery begins[.]" *Id.*

Courts typically apply *Chudasama* to prevent the squandering of resources on discovery that may prove unnecessary in the wake of a motion that could fully resolve the case. *Roberts v. FNB S. of Alma, Ga.*, 716 F. App'x 854, 857 (11th Cir. 2017) ("the district court properly stayed discovery pending a ruling on the legal sufficiency of [plaintiff's] complaint because there was no 'need for discovery before the court rule[d] on the motion.'") (quoting *Chudasama*, 123 F.3d at 1367); *Dragash v. Fed. Nat'l Mortgage Ass'n*, 700 F. App'x 939, 947 (11th Cir. 2017) (holding that because the defendants' motion to dismiss was a matter that could, and did, resolve all the issues pending before the court, it was not unreasonable to stay discovery pending a ruling on the viability of plaintiff's claims); *Carter v. DeKalb Cnty., Ga.*, 521 F. App'x 725, 728 (11th Cir. 2013) ("neither the parties nor the court have any need for discovery before the court rules on the

3

motion [to dismiss]"); *Solar Star Sys., LLC v. Bellsouth Telecomms., Inc.*, Case No. 10-21105-CIV, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011) ("Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay.").

Recognizing the "dangers of allowing a case to proceed through the pretrial processes with a potentially invalid claim," the Eleventh Circuit has also endorsed the application of a *Chudasama* stay to non-discovery pretrial deadlines where a case-dispositive motion is pending. *Lawrence v. Governor of Georgia*, 721 F. App'x 862, 864 (11th Cir. 2018) (affirming district court's issuance of partial stay and noting that the district court "specifically identified our warnings in *Chudasama*, and heeded them"). So have district courts within this Circuit. *See, e.g.*, *Shareef v. Select Portfolio Servicing*, No. 1:24-CV-4240-SCJ-JKL, 2024 WL 5104514, at *1 (N.D. Ga. Oct. 29, 2024) (staying discovery and pretrial deadlines until the court decided the pending motion to dismiss).

To determine whether a stay is appropriate, the Court should take a "preliminary peek" at the County's Motion to Dismiss to see if it is "likely meritorious and dispositive of the case." *Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 842 (11th Cir. 2020). A preliminary peek at the County's motion doesn't just favor a stay—it makes one all but necessary.

As the Motion to Dismiss makes clear, the County is not even a proper defendant in this case. It does not enforce, and has never enforced, the statute at issue. True, the Miami-Dade Police Department was responsible for law enforcement within the County prior to January 7, 2025. But that was before the challenged version of the statute went into effect. Now, however, law enforcement is the exclusive responsibility of a distinct legal entity: the Miami-Dade Sheriff's Office. [ECF No. 18 at 4-6]. The County, which is misnamed as a defendant, should not be compelled to defend a suit that was improperly filed against it to begin with.

4

Moreover, as set forth in the Motion to Dismiss, the issue in this case—interpretation of section 320.061, Florida Statutes—is moot. The Florida Legislature amended the statute in a manner that effectively grants Plaintiff what she seeks in this case: an exception for decorative license plate frames that don't obscure the plate number or registration decal. *Id.* at 3-4. Further, Plaintiff lacks standing, raises and unripe voidness challenge pre-enforcement, and asks for sweeping relief the court cannot grant. *Id.* at 10-16. Each of these issues concerns the Court's ultimate jurisdiction over and ability to grant relief in this case. Courts within this district regularly impose stays where motions to dismiss raise such jurisdictional and standing issues. *In re Mednax Servs., Inc. Customer Data Sec. Breach Litig.*, No. 21-MD-02994-RAR, 2021 WL 10428229, at * (S.D. Fla. Oct. 9, 2021) ("[W]hen faced with legitimate jurisdictional and standing challenges like those present in Defendants' Motion to Dismiss, discovery should not commence until such challenges are resolved."); *cf. Lawrence*, 721 F. App'x at 864-65 (finding district court did not abuse discretion in staying case due to issues including "the district court's likely lack of subject matter jurisdiction"); *Rokit World, Inc. v. Williams Grand Prix Eng'g Ltd.*, No. 3:24-CV-878-MMH-LLL, 2025 WL 1222467, at *2 (M.D. Fla. Apr. 28, 2025) (granting motion to stay where motion to dismiss raised jurisdiction and failure-to-state-a-claim arguments).

Any one of the County's arguments standing alone would be dispositive and justify a stay. Taken together, they compel one.

### Conclusion

Where the County is misnamed, the statute at the heart of this case was recently amended in a case-dispositive manner, and Plaintiff is without standing to seek relief, there is no question that the Motion to Dismiss is "likely meritorious and dispositive of the case" against the County. *See Bufkin*, 812 F. App'x at 842. Because being compelled to litigate and expend time and

5

resources on this case would serve no useful purpose, the Court should grant a stay as to Miami-Dade County pending a ruling on its Motion to Dismiss. *See Roberts*, 716 F. App'x at 857.

**<u>Certificate of Conferral</u>**

Pursuant to Local Rule 7.1(a)(3), the undersigned has conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised in this motion. Plaintiff's counsel <u>does not oppose</u> the relief requested in this motion.

Dated: April 8, 2026

Respectfully submitted,

**GERALDINE BONZON-KEENAN**
**Miami-Dade County Attorney**

By: /s/ *Michael A. Munoz*
    Michael Muñoz
    Assistant County Attorney
    Florida Bar Number 1003076
    Stephen P. Clark Center, Suite 2810
    111 Northwest First Street
    Miami, Florida 33128-1993
    Telephone: (305) 375-5151
    Fax: (305) 375-5611
    Email: michael.munoz@miamidade.gov
    *Attorney for Miami-Dade County*