**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

|  |  |
|---|---|
| GISELA CASTILLA RODRIGUEZ, <br><br>     Plaintiffs, <br><br> v. <br><br> ROSIE CORDERO-STUTZ, in her official capacity as Sheriff of Miami-Dade County, Florida; RICHARD DEL TORO, in his official capacity as Sheriff of St. Lucie County, Florida; CITY OF WEST MIAMI, FLORIDA; CITY OF MIAMI BEACH, FLORIDA; and CITY OF NORTH MIAMI BEACH, FLORIDA, <br><br>     Defendants. | Case No. 1:26-cv-21355-JAL |

<u>**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
AND INCORPORATED MEMORANDUM OF LAW**</u>

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.................................................................................................iii

INTRODUCTION.............................................................................................................1

FACTUAL BACKGROUND............................................................................................3

    A.    The Challenged Statute and Its Vague Operative Terms.......................................3

    B.    The FLHSMV Guidance.........................................................................................3

    C.    Continued Enforcement Notwithstanding the FLHSMV Guidance and the Filing of This Action.............................................................................................4

    D.    The Florida Legislature's Acknowledgment of Error and Prospective Cure..........5

    E.    Plaintiff and the Conduct § 320.061 Currently Targets.......................................6

LEGAL STANDARD.......................................................................................................8

ARGUMENT....................................................................................................................8

    I.    PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS OF HER VOID-FOR-VAGUENESS CLAIM.........................................................................9

        A.    A criminal statute is void for vagueness if it either fails to provide adequate notice or permits arbitrary enforcement.......................................9

        B.    Section 320.061 fails the notice prong: its operative terms are standardless...............................................................................................10

        C.    Section 320.061 fails the arbitrary-enforcement prong: Defendants' own citations demonstrate standardless discretion...................................11

        D.    The Florida Legislature's near-unanimous amendment confirms the statute's constitutional defects..........................................................13

        E.    The carve-out tracking Chapter 2026-39 is the proper form of preliminary relief......................................................................................14

    II.    PLAINTIFF FACES IRREPARABLE HARM IF THE INJUNCTION IS NOT GRANTED........................................................................................16

    III.    THE BALANCE OF EQUITIES AND THE PUBLIC INTEREST FAVOR INJUNCTIVE RELIEF...........................................................................17

    IV.    THE COURT SHOULD WAIVE OR SET A NOMINAL BOND UNDER RULE 65(C)..............................................................................................18

REQUEST FOR HEARING UNDER LOCAL RULE 7.1(B)......................................18

CONCLUSION...............................................................................................................19

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*BellSouth Telecomms., Inc. v. MCImetro Access Transmission Servs., LLC*,
425 F.3d 964 (11th Cir. 2005)................................................................................................18

*Califano v. Yamasaki*
442 U.S. 682 (1979)................................................................................................................16

*City of Chicago v. Morales*
527 U.S. 41 (1999).............................................................................................................9, 13

*Complete Angler, LLC v. City of Clearwater*
607 F. Supp. 2d 1326 (M.D. Fla. 2009).................................................................................18

*Elrod v. Burns*
427 U.S. 347 (1976)................................................................................................................15

*Ex parte Young*,
209 U.S. 123 (1908)..................................................................................................................8

*Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*
561 U.S. 477 (2010)................................................................................................................14

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*
528 U.S. 167 (2000)................................................................................................................14

*Grayned v. City of Rockford*,
408 U.S. 104 (1972)...........................................................................................................9, 11

*Harrell v. The Florida Bar*
608 F.3d 1241 (11th Cir. 2010).................................................................................................7

*Johnson v. United States*
576 U.S. 591 (2015)...............................................................................................9, 10, 11, 13

*KH Outdoor, LLC v. City of Trussville*,
458 F.3d 1261 (11th Cir. 2006)..........................................................................................8, 17

*Kolender v. Lawson*,
461 U.S. 352 (1983)..............................................................................................10, 11, 12, 13

*McDonald's Corp. v. Robertson*
147 F.3d 1301 (11th Cir. 1998).................................................................................................8

*Monell v. Dep't of Soc. Servs.*,
436 U.S. 658 (1978)..................................................................................................................8

*Nken v. Holder*,
556 U.S. 418 (2009)............................................................................................................8, 17

*Papachristou v. City of Jacksonville*
405 U.S. 156 (1972)..................................................................................................................9

*Schiavo ex rel. Schindler v. Schiavo*
    403 F.3d 1223 (11th Cir. 2005)......................................................................................8

*Sessions v. Dimaya*
    584 U.S. 148 (2018)......................................................................................................9

*Siegel v. LePore*
    234 F.3d 1163 (11th Cir. 2000) (en banc)......................................................................8

*Smith v. Goguen*
    415 U.S. 566 (1974)......................................................................................................9

*Steffel v. Thompson*
    415 U.S. 452 (1974)..................................................................................................7, 16

*Susan B. Anthony List v. Driehaus*
    573 U.S. 149 (2014)..................................................................................................7, 16

*Trump v. CASA, Inc.*
    145 S. Ct. 2540 (2025)................................................................................................16

*United States v. Williams*
    553 U.S. 285 (2008)......................................................................................................9

*Verizon Md., Inc. v. Pub. Serv. Comm'n*
    535 U.S. 635 (2002)......................................................................................................8

*Will v. Mich. Dep't of State Police*
    491 U.S. 58 (1989)........................................................................................................8

*Wollschlaeger v. Governor of Florida*
    848 F.3d 1293 (11th Cir. 2017) (en banc)......................................................................7

## **Statutes**

28 U.S.C. § 1331................................................................................................................8
28 U.S.C. §§ 2201–2202........................................................................................1, 8, 16
28 U.S.C. § 2403(b)..........................................................................................................20
42 U.S.C. § 1983.................................................................................................1, 8, 16
42 U.S.C. § 1988(b)..................................................................................................16, 19
Fla. Stat. § 316.605........................................................................................................*passim*
Fla. Stat. § 320.061........................................................................................................*passim*
Fla. Stat. § 775.082(4)(b)................................................................................................15
Fla. Stat. § 775.083(1)(e)................................................................................................15
Ch. 2026-39, Laws of Fla................................................................................................*passim*

## **Rules**

Fed. R. Civ. P. 5.1............................................................................................................20
Fed. R. Civ. P. 65(a)..........................................................................................................1
Fed. R. Civ. P. 65(c)........................................................................................................18

**<u>Other Authorities</u>**

FLHSMV Memorandum (Dec. 12, 2025)..........................................................................*passim*

HB 253 / SB 488 Final Bill Analysis.................................................................................5

Statement of Rep. Doug Bankson, Florida House of Representatives............................................5

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 65(a), Plaintiff Gisela Castilla Rodriguez moves for a preliminary injunction enjoining Defendants and their officers, agents, and employees from enforcing Florida Statutes Section 320.061 in a manner that prohibits the use of license plate frames that do not obscure the alphanumeric designation or the registration decal, including as applied to Plaintiff and her vehicle which bears a standard dealer-issued license plate frame that does not obscure the alphanumeric designation or the registration decal.

Prior to amendment, Section 320.061 prohibited applying or attaching material to a license plate "which interferes with the legibility, angular visibility, or detectability of any feature or detail" on the plate. Yet the statute defines none of the operative terms. This ambiguity led to vastly inconsistent enforcement in different places across the state. Hundreds of individuals across the State received tickets for conduct that a police department within a few miles would have treated as lawful — and at least one driver was arrested for it.

By overwhelming bipartisan votes, the Legislature passed Senate Bill 488 to fix the problem. The amendment strips § 320.061 of the very vagueness Plaintiff challenges in this action. Governor DeSantis signed the bill on April 21, 2026, codifying it as Chapter 2026-39, Laws of Florida. Even Miami-Dade County—originally named as a defendant in this action and dismissed pursuant to the amended complaint—has expressly conceded that the new law does "precisely what Plaintiff seeks." Mot. to Dismiss [ECF 18] at 6.

At the same time, the Legislature's correction does not become effective until October 1, 2026. In the meantime, Defendants continue to enforce—daily—a statute the State of Florida has explicitly disclaimed. Specifically, since the Florida Department of Highway Safety and Motor

1

Vehicles ("FLHSMV") issued statewide clarifying guidance on December 12, 2025, law enforcement agencies, including Defendants, have issued at least 601 criminal citations under § 320.061. Since this action was filed on February 27, 2026, the named Defendants have collectively issued at least 80 additional criminal citations under that same statute. In numerous instances, officers issuing post-guidance citations recorded no specific basis for the criminal charge beyond the boilerplate statutory label. Where officers did articulate a specific basis, the articulated bases repeatedly target conduct the FLHSMV memo and Chapter 2026-39 each independently confirm to be lawful.

Under the circumstances, this Court must address whether public officials may continue to enforce an unconstitutional criminal statute the Legislature has now expressly disclaimed for five more months. The Court should force the Defendants to face a simple and clear choice: conform their conduct to what the Legislature has already required or continue criminally prosecuting Floridians for conduct the Legislature has now declared lawful.

The relief Plaintiff seeks is congruent in every respect with Chapter 2026-39's safe harbor: license plate frames are lawful so long as they do not obscure the alphanumeric designation or the registration decal. Granting that relief now would do nothing more than effectuate the Legislature's own expressly enacted remedy for the statute's vagueness.

Plaintiff has demonstrated a substantial likelihood of success on her vagueness claim under controlling Eleventh Circuit and Supreme Court authority; she faces concrete and ongoing irreparable harm as a daily driver subject to arrest under a vague criminal statute; and the balance of equities and public interest weigh decisively in her favor. The motion should be granted.

Plaintiff does not designate this motion as an "Emergency Motion" under Local Rule 7.1(d). The relief Plaintiff seeks, however, is urgent: every day this motion remains pending,

2

Defendants issue more criminal citations under a statute the Florida Legislature has effectively disclaimed. Plaintiff respectfully requests expedited briefing and an early hearing date.

**FACTUAL BACKGROUND**

**A.      The Challenged Statute and Its Vague Operative Terms**

Section 320.061, Florida Statutes, as amended by House Bill 253, Laws of Florida 2025-211, took effect October 1, 2025. The statute provides, in operative part:

> [A] person may not apply or attach a substance, reflective matter, illuminated device, spray, coating, covering, or other material onto or around any license plate which interferes with the legibility, angular visibility, or detectability of any feature or detail on the license plate or interferes with the ability to record any feature or detail on the license plate.

§ 320.061(1), Fla. Stat. (2025). A knowing violation is a misdemeanor of the second degree, punishable by up to sixty days in jail and a $500 fine. § 775.082(4)(b); § 775.083(1)(e), Fla. Stat.

The statute defines none of its operative terms. It does not define "interferes with." It does not define "legibility," "angular visibility," or "detectability." Nor does it identify which "feature[s] or detail[s]" of the plate are protected or specify what threshold of "interference" triggers criminal liability. See Compl. ¶ 35.

**B.      The FLHSMV Guidance**

On December 12, 2025—a little over two months after the statute took effect—the FLHSMV issued emergency guidance to all Florida law enforcement agencies expressly limiting the statute's reach stating: "this act does not prohibit the use of a license plate frame as long as the frame does not obscure visibility of the following: The alpha numeric plate identifier; The decal located in the top right hand corner of the license plate."

**C.      Continued Enforcement Notwithstanding the FLHSMV Guidance and the Filing of This Action**

3

Despite the FLHSMV's official statewide guidance, Defendants and other Florida law enforcement agencies have continued to enforce § 320.061 aggressively against license plate frames that obscure neither the alphanumeric designation nor the registration decal.

1. ***Defendants' enforcement and similar practices elsewhere in Florida after the FLHSMV memo (December 13, 2025 – April 27, 2026)***

Law enforcement agencies, including Defendants, have issued at least 601 criminal citations under § 320.061. Of those: the Miami-Dade Sheriff's Office (under Defendant Sheriff Cordero-Stutz's command) issued at least 213; the City of Miami Beach Police Department issued at least 95; the City of West Miami Police Department issued at least 15; and the City of North Miami Beach Police Department issued at least 7. Whorton Decl. ¶¶ 3-7.

2. ***Continued enforcement after this lawsuit was filed***

Between February 27, 2026 (the date this action was filed) and April 27, 2026, the named Defendants collectively issued at least 80 additional criminal citations under § 320.061: the Miami-Dade Sheriff's Office (49); the City of Miami Beach (25); the City of North Miami Beach (3); and the City of West Miami (3). Whorton Decl. ¶ 7.

3. ***The articulated-basis findings***

A meaningful number of post-guidance citations display only the boilerplate statutory label "UNLAWFUL ALTERATION OF TAG/REGIST." with no specific officer-articulated basis. Whorton Decl. ¶ 8. Where officers do articulate a basis—and the majority do—the articulated bases target conduct that the FLHSMV memo and Chapter 2026-39 each independently confirm to be lawful. Examples include:

- Citation No. **AN8K8NE**, *(Miami-Dade Sheriff's Office; April 17, 2026; 49 days post-filing)*: "FRAME BLOCKING THE FULL ST AT THE BOTTOM OF TAG."

- Citation No. **AND6D7E**, *(Miami-Dade Sheriff's Office; April 16, 2026; 48 days post-filing)*: "TAG COVER CONCEALING THE STATE AND REGISTRATION."

- Citation No. **ANE5IWE**, (City of Miami Beach Police Department; April 25, 2026; four days after Governor DeSantis signed Chapter 2026-39 into law): "UNLAWFUL ALTERATION OF TAG/REGIST." (no officer-articulated basis beyond the boilerplate phrase).

- Citation No. **AL5OZ7E**, (City of West Miami Police Department; January 29, 2026): "TAG FRAME OBSCURING STATE IDENTIFIER"

- Citation No. **AL5P44E**, (City of West Miami Police Department; February 16, 2026): "FRAME COVERING STATE"

These five citations are illustrative, not exhaustive. Each one targets conduct that is expressly lawful under the FLHSMV memo and the post-amendment statute.

**D.     The Florida Legislature's Acknowledgment of Error and Prospective Cure**

On March 11, 2026, the Florida Legislature specifically addressed this problem by passing Senate Bill 488 with overwhelming bipartisan support, and the bill became Chapter 2026-39, Laws of Florida. Compl. ¶ 64. The bill modifies § 320.061 in two critical ways:

(1)     it narrows the scope of protected features from interference with "any feature or detail" of the license plate to interference with "the license plate number or validation sticker"; and

(2)     it enacts an explicit safe harbor providing that "[t]he use of a license plate frame or decorative border around a license plate is not an offense under this section, provided that the frame or border does not obscure the visibility of: (a) The alphanumeric designation or license plate number[; or] (b) The registration decal or validation sticker located in the upper right corner." Ch. 2026-39, § 9, Laws of Fla. (2026).

In its motion to dismiss (now mooted by the amended complaint), Miami-Dade County expressly conceded Chapter 2026-39 enacts "precisely what Plaintiff seeks." Mot. to Dismiss [ECF 18] at 6.

These substantive changes do not, however, take effect until October 1, 2026. *See* Section 47 of Chapter 2026-39, § 47 ("This act shall take effect October 1, 2026.").

### E.      Plaintiff and the Conduct § 320.061 Currently Targets

Plaintiff Gisela Castilla Rodriguez is a Florida resident, citizen of the United States, and a mother who drives across the State of Florida. Castilla Decl. ¶¶ 2-3. On the rear of her vehicle, she displays a standard Florida license plate within a decorative dealer-issued license plate frame manufactured and installed by Vera, a Florida automobile dealership. *Id*. ¶ 4 & Ex. A.

Plaintiff's frame fully covers and obscures the words "SUNSHINE STATE" printed across the bottom of her license plate. *Id*. The frame does not obscure (a) the alphanumeric designation or license plate number, (b) the registration decal located in the upper right-hand corner, or (c) the "MyFlorida.com" inscription at the top. *Id*. ¶ 5.

The Davie Police Department arrested Demarquize Dawson in December 2025; in the last four months, the Miami-Dade Sheriff's Office has issued citations at least 213 times with descriptions including "Tag Frame Obscures Sunshine State Verbage"; and the City of North Miami Beach Police Department has expressly issued citations with the description: "Tag Frame Obscures Sunshine State Verbage." Compl. ¶¶ 9, 23, 53-58; Castilla Decl. ¶¶ 5-6.

Plaintiff drives daily within Miami-Dade County, where she resides; she drives regularly into Broward County to transport her children to and from school; and she drives across the State of Florida several times per month to transport her children to dance competitions in Miami Beach (Miami-Dade County), Fort Lauderdale and Lauderhill (Broward County), Lakeland (Polk

6

County), and Orlando (Orange County). Plaintiff's travel to Orange County dance competitions takes her northbound on Florida's Turnpike through St. Lucie County. In this regard, Plaintiff regularly uses the interstate highway system. Castilla Decl. ¶¶ 7-9.

On any given day, Plaintiff's identical conduct—driving her vehicle bearing a dealer-installed frame covering only the "Sunshine State" verbiage—is treated by Florida law enforcement as (a) lawful in Seminole, Volusia, Orange (Apopka, Ocoee), and Casselberry; (b) unlawful in Miami-Dade, Broward, Lake, Escambia, and St. Lucie; and (c) the subject of a publicly documented criminal arrest in the Town of Davie. Compl. ¶¶ 23, 41-52; Castilla Decl. ¶ 11.

Plaintiff's fear of arrest and prosecution is concrete, imminent, and ongoing. The statute, by its terms, applies to her current, daily conduct in counties with active enforcement campaigns. The Davie Police Department's December 2025 arrest of Demarquize Dawson—for conduct identical to Plaintiff's—establishes that the threat is real and immediate, and it deters Plaintiff from using the interstate highway system. See *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158-59 (2014); *Wollschlaeger v. Governor of Florida*, 848 F.3d 1293, 1304 (11th Cir. 2017) (en banc); *Harrell v. The Florida Bar*, 608 F.3d 1241, 1254 (11th Cir. 2010); *Steffel v. Thompson*, 415 U.S. 452, 458-59 (1974).

Plaintiff's daily driving—the conduct § 320.061 reaches—is "arguably affected with [a] constitutional interest" within the meaning of the pre-enforcement standing test. *See Driehaus*, 573 U.S. at 159. Multiple such interests are arguably implicated here: (i) Plaintiff's procedural Due Process right to be free from arbitrary criminal prosecution under a vague law (the basis of this challenge); (ii) Plaintiff's liberty interest in unimpeded movement and use of public roadways, including the interstate highway system; and (iii) Plaintiff's right to travel.

## **LEGAL STANDARD**

A preliminary injunction is warranted where the moving party establishes: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to the plaintiff outweighs the harm an injunction may cause the defendant; and (4) that granting the injunction would not disserve the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc); *accord McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Where the government is the opposing party, the third and fourth factors merge. *See Nken v. Holder*, 556 U.S. 418, 435 (2009).

While a preliminary injunction is an "extraordinary and drastic remedy," *Schiavo*, 403 F.3d at 1226, the Eleventh Circuit has long recognized that a clear showing of constitutional injury satisfies the standard. *See KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1271–72 (11th Cir. 2006).

This Court has authority to enjoin Defendant Sheriff Cordero-Stutz and Defendant Sheriff Del Toro, each sued in his or her official capacity, under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908). *See Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645–46 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). The City Defendants are directly subject to suit under 42 U.S.C. § 1983 for their official policies and customs. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).

## **ARGUMENT**

I.      **PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS OF HER VOID-FOR-VAGUENESS CLAIM**

This case is unusual. Courts typically infer vagueness from conflicting enforcement. Here, the Florida Legislature has already made that determination—near-unanimously—and rewritten

the statute to eliminate the very language at issue. By votes of 108–1 in the House and 36–0 in the Senate, the Legislature removed the indeterminate phrase "any feature or detail" and replaced it with a narrow, objective standard limited to the license plate number and registration decal. That amendment is not merely prospective policy—it is a formal acknowledgment that the operative language currently being enforced fails to provide constitutionally adequate guidance.

Against that backdrop, Defendants continue to enforce the pre-amendment statute in precisely the arbitrary and standardless manner the vagueness doctrine forbids. This is not a case in which the Court must speculate about hypothetical applications. The record reflects ongoing, real-world enforcement of a statute the State itself has now disclaimed. Plaintiff is therefore likely to succeed on the merits.

**A.      A criminal statute is void for vagueness if it either fails to provide adequate notice or permits arbitrary enforcement**

The Due Process Clause of the Fourteenth Amendment requires that a criminal statute give fair notice of conduct that is forbidden or required. *Johnson v. United States*, 576 U.S. 591, 595 (2015); *see also Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). A statute violates due process if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008). Each prong is independently sufficient to invalidate the statute.

Of the two prongs, "the more important aspect of the vagueness doctrine 'is not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement.'" *Kolender v. Lawson*, 461 U.S. 352, 358 (1983) (quoting *Smith v. Goguen*, 415 U.S. 566, 574 (1974)). Where a statute "may permit a standardless sweep" that "allows policemen, prosecutors, and juries to pursue their personal predilections," it

is unconstitutional on its face. *Id*. (cleaned up); *see also City of Chicago v. Morales*, 527 U.S. 41, 60–64 (1999) (plurality op.); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162–63, 170 (1972). Where a statute imposes criminal penalties, the standard of certainty is higher. *Kolender*, 461 U.S. at 358 n.8; *Sessions v. Dimaya*, 584 U.S. 148, 156–57 (2018). And a facial vagueness challenge does not require Plaintiff to demonstrate that the statute is unconstitutional in every conceivable application. *Johnson*, 576 U.S. at 602–04.

### B. Section 320.061 fails the notice prong: its operative terms are standardless

The Florida Legislature's near-unanimous, bipartisan amendment of § 320.061 is itself dispositive evidence that the current statute fails to provide constitutionally adequate notice. This Court need not rely solely on Plaintiff's analysis; it has the Legislature's own admission, codified in Chapter 2026-39 and embodied in the overwhelming bipartisan votes (108-1 House; 36-0 Senate) that produced it.

Section 320.061 prohibits applying or attaching material to a license plate "which interferes with the legibility, angular visibility, or detectability of any feature or detail" on the plate. § 320.061(1), Fla. Stat. The statute defines none of those operative terms. Each is independently indeterminate, and their combined effect is constitutionally fatal.

#### "Any feature or detail"

The phrase "any feature or detail" is the statute's constitutional fault line. It supplies no limiting principle, no objective benchmark, and no guidance as to what portions of a license plate are legally protected.

The Florida Legislature's decision to delete that exact phrase—near-unanimously—is the most direct possible admission that the language fails to provide constitutionally adequate

10

guidance. The amendment does not refine or clarify the phrase; it eliminates it entirely and replaces it with a narrow, concrete standard tied only to the alphanumeric identifier and registration decal.

The indeterminacy is not abstract—it manifests in real-world enforcement. The statute provides no guidance as to whether non-essential elements of a license plate—such as the "Sunshine State" slogan, the "MyFlorida.com" inscription, or decorative graphics—constitute protected "features."

The St. Lucie County Sheriff's Office, under Defendant Sheriff Del Toro's command, has publicly taken the position that license plate frames covering "any letters, numbers, or the registration decal"—including the "Sunshine State" verbiage—violate § 320.061. Compl. ¶ 49.

By contrast, multiple agencies—including the Seminole and Volusia County Sheriff's Offices and several municipal police departments—have declared that covering non-essential text is lawful so long as the alphanumeric designation and registration decal remain visible.

These are not subtle interpretive differences. They are mutually exclusive readings of identical statutory text. When trained law enforcement officers cannot agree on what the law prohibits, citizens of ordinary intelligence cannot be expected to do so. *Johnson*, 576 U.S. at 595; *Grayned*, 408 U.S. at 108.

### C.      Section 320.061 fails the arbitrary-enforcement prong: Defendants' own citations demonstrate standardless discretion

The arbitrary-enforcement prong of the vagueness doctrine "is not actual notice, but … the requirement that a legislature establish minimal guidelines to govern law enforcement." *Kolender*, 461 U.S. at 358 (cleaned up). This prong is independently dispositive where, as here, the statute "may permit a standardless sweep" that "allows policemen, prosecutors, and juries to pursue their personal predilections." *Id*.

Defendants' own enforcement records demonstrate exactly the standardless sweep.

11

Between December 13, 2025 (the day after FLHSMV's emergency guidance) and April 27, 2026, law enforcement agencies, including Defendants, issued at least 601 criminal citations under § 320.061. Whorton Decl. ¶¶ 4, 6 & Ex. A. The named Defendants alone account for at least 330 of those citations: 213 by the Miami-Dade Sheriff's Office, 95 by Miami Beach, 15 by West Miami, and 7 by North Miami Beach. Id. ¶¶ 5-6.

Two findings about those citations are constitutionally damning.

*First*, a substantial portion of the post-guidance citations contain no articulated basis and/or description of the conduct allegedly prohibited. Of the citations issued statewide since the December 12, 2025 FLHSMV memo, a substantial portion contain no narrative explanation in the officer's articulated-basis field beyond the boilerplate phrase "UNLAWFUL ALTERATION OF TAG/REGIST." Whorton Decl. ¶ 8. When officers issuing criminal citations under a statute regularly fail to articulate which specific conduct triggers liability, the statute has plainly failed to "establish minimal guidelines to govern law enforcement." *Kolender*, 461 U.S. at 358.

*Second*, where officers do articulate a basis, the articulated bases target conduct the FLHSMV memo and Chapter 2026-39 each independently confirm to be lawful.

The five illustrative examples described in the Factual Background, supra § C, are drawn from the citations identified in Plaintiff's April 27, 2026 query (Whorton Decl.). Each was issued by a named Defendant after this action was filed under § 320.061 — including one (Citation No. ANE5IWE) issued by the City of Miami Beach Police Department four days after Governor DeSantis signed Chapter 2026-39 into law. Each of those citations describes conduct that—according to the FLHSMV's December 12, 2025 official guidance and the Florida Legislature's near-unanimously enacted Chapter 2026-39—is not properly subject to criminal sanction.

12

The post-FLHSMV-memo, post-filing enforcement is not isolated. It is the systematic, ongoing pattern of the Defendant agencies. It is exactly the species of "arbitrary and discriminatory enforcement" the Due Process Clause forbids. *Kolender*, 461 U.S. at 358; *Morales*, 527 U.S. at 64.

The problem is not merely theoretical. Officers are issuing criminal citations for conduct that (1) does not obscure the license plate number or registration decal, (2) is expressly permitted by statewide guidance, and (3) is now codified as lawful by the Florida Legislature. This is not ambiguity—it is standardless enforcement. The Constitution does not permit a criminal statute to operate in this manner.

**D.    The Florida Legislature's near-unanimous amendment confirms the statute's constitutional defects**

On March 11, 2026, the Florida Legislature passed Senate Bill 488 by overwhelming bipartisan margins; Governor DeSantis signed it on April 21, 2026; and it is now codified as Chapter 2026-39, Laws of Florida. Compl. ¶ 64; *see also* Notice of Suppl. Authority [ECF 25]. The amendment makes two changes directly responsive to the vagueness identified by Plaintiff: (1) it eliminates the indeterminate phrase "any feature or detail" and replaces it with the specific phrase "the license plate number or validation sticker"; and (2) it enacts an explicit safe harbor providing that license plate frames are not an offense provided they do not obscure the alphanumeric designation or registration decal. Ch. 2026-39, § 9, Laws of Fla. Both changes are operative on October 1, 2026. *Id*. § 47.

The Legislature's correction is itself substantial evidence that the unamended statute is constitutionally defective. As the Supreme Court observed in *Johnson*, "the failure of 'persistent efforts ... to establish a standard' can provide evidence of vagueness." 576 U.S. at 598. Here, the Florida Legislature itself has now joined those persistent efforts and enacted what amounts to an

13

admission that the indeterminate language—"any feature or detail"—does not provide constitutionally adequate guidance.

Chapter 2026-39 does not moot this case. Its prospective effective date—October 1, 2026—means that for the next five months, the unamended statute remains in force and Defendants continue to enforce its vague terms. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (defendant bears the "heavy burden" of showing it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur").

Defendants have not ceased; they have continued.

Further, the amendment fails to correct a remaining problem in the original statute: there is no guidance regarding the angle from which a feature must be visible, the lighting conditions under which detectability is measured, or the device by which it must be detected.

The constitutional injury is ongoing and will continue daily until the legislative correction takes effect or this Court grants the requested relief.

### E.     The carve-out tracking Chapter 2026-39 is the proper form of preliminary relief

Plaintiff seeks a preliminary injunction tailored to Defendants' enforcement authority—not a universal injunction. The requested relief would prohibit Defendants from enforcing § 320.061 within their jurisdictions in a manner that criminalizes conduct that does not obscure the license plate number or registration decal. This relief directly addresses Plaintiff's injury while ensuring that Defendants' enforcement practices conform to constitutional requirements. Such relief is necessary to ensure uniform enforcement by Defendants and to prevent continued arbitrary and standardless application of the statute.

The Court need not facially invalidate the entire statute to grant the relief Plaintiff seeks. The Supreme Court has long recognized that where a statute can be partially invalidated, severance

14

is the proper remedy unless it is "evident" that the legislature would not have enacted the remaining provisions independently. *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 508–09 (2010). The vague operative phrase—"any feature or detail"—can be severed from the statute, leaving in place the prohibition on conduct that obscures the alphanumeric designation or registration decal. That severance precisely tracks the Florida Legislature's own correction in Chapter 2026-39.

The requested carve-out preserves Defendants' ability to enforce § 320.061 against conduct that obscures the alphanumeric designation or registration decal—conduct independently prohibited under Chapter 2026-39—while preventing enforcement against conduct that the Legislature and statewide guidance have confirmed to be lawful. It also preserves Defendants' ability to enforce the statute against criminal alteration, mutilation, "tag flipping," and similar conduct outside the scope of the requested relief. In this way, the injunction does no more than apply the Legislature's own safe harbor to the active enforcement period before its October 1, 2026 effective date.

The requested relief is properly tailored under *Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025), and *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979): the injunction binds only the named Defendants, addresses only Plaintiff's standing-based injury, and does not purport to enjoin enforcement against non-parties. Plaintiff also requests a declaration that § 320.061 is facially unconstitutional, which is appropriate even where coercive injunction is unavailable. *See Steffel v. Thompson*, 415 U.S. 452, 470–71 (1974).

## II.   PLAINTIFF FACES IRREPARABLE HARM IF THE INJUNCTION IS NOT GRANTED

Plaintiff's injury is immediate, ongoing, and irreparable. She is subject to criminal enforcement under a statute that fails to provide a clear standard of conduct, exposing her to arrest,

15

prosecution, and criminal penalties for behavior the State itself has now declared lawful. The threat is not hypothetical—it is substantiated by ongoing enforcement and at least one documented arrest for identical conduct.

This ongoing exposure to criminal liability independently establishes irreparable harm. The loss of First Amendment freedoms, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality op.). The vagueness of § 320.061 forces Plaintiff to either conform her conduct to the most restrictive possible interpretation —foregoing lawful use of her vehicle—or risk arbitrary enforcement and criminal sanction.

Plaintiff drives daily within Miami-Dade County, where Defendant Sheriff Cordero-Stutz's deputies have issued at least 213 § 320.061 citations since December 13, 2025—including 49 since this lawsuit was filed. Castilla Decl. ¶ 7; Whorton Decl. ¶¶ 5-7. Plaintiff's children attend school in Southwest Ranches, Florida—an area patrolled by the Davie Police Department. Plaintiff regularly drives between her home in Miami-Dade County and that school. She drives regularly into Broward County—where the Davie Police Department arrested Demarquize Dawson in December 2025 for conduct identical to Plaintiff's, an arrest the Davie Police itself later acknowledged was based on a statute that was "vague, unclear and appeared to be open for misinterpretation." Compl. ¶ 69; Castilla Decl. ¶¶ 8, 12, 14.

Section 320.061 is a second-degree misdemeanor. The harms inherent in a wrongful misdemeanor arrest—booking, fingerprinting, mugshot, court appearance, attorneys' fees, anxiety, and reputational injury—cannot be undone by post-arrest litigation, even if the charge is ultimately dismissed. Mr. Dawson's experience confirms the point: he was jailed, suffered a panic attack, and was hospitalized—before his arrest was admitted to be invalid. Compl. ¶¶ 67-69.

## III. THE BALANCE OF EQUITIES AND THE PUBLIC INTEREST FAVOR INJUNCTIVE RELIEF

16

Where, as here, the government is the opposing party, the third and fourth preliminary injunction factors merge. *See Nken*, 556 U.S. at 435. Both factors decisively favor Plaintiff.

Defendants suffer no cognizable harm from an injunction. "[T]here is no public interest in enforcing an unconstitutional [statute]." *KH Outdoor*, 458 F.3d at 1272. The carve-out injunction Plaintiff seeks does not interfere with Defendants' ability to enforce § 320.061 against conduct that obscures the alphanumeric designation or the registration decal—conduct the Florida Legislature itself has expressly retained as criminal in Chapter 2026-39.

Plaintiff faces daily exposure to misdemeanor arrest and criminal prosecution under a statute the Florida Legislature has effectively disclaimed. This ongoing threat directly affects her family's livelihood, her ability to transport her children to school in Broward and to dance competitions across Florida, and her freedom of movement throughout the State (including her use of the interstate highway system). Castilla Decl. ¶¶ 8-12.

"The public has no interest in enforcing an unconstitutional ordinance." *KH Outdoor*, 458 F.3d at 1272. Not only is the unamended statute unconstitutionally vague, the Florida Legislature has near-unanimously voted to eliminate the very vagueness Plaintiff challenges. The public interest is therefore aligned with both the Constitution and the Florida Legislature's own expressed intent.

## IV.    THE COURT SHOULD WAIVE OR SET A NOMINAL BOND UNDER RULE 65(C)

Federal Rule of Civil Procedure 65(c) provides that the court may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." The amount of security is committed to the district court's wide discretion. *BellSouth*

*Telecomms., Inc. v. MCImetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005).

Federal courts routinely waive or set a nominal bond in constitutional cases against governmental defendants, particularly where, as here, the plaintiff is an individual challenging a state criminal statute and the defendants face no monetary loss as a consequence of the injunction. *See, e.g., Complete Angler, LLC v. City of Clearwater*, 607 F. Supp. 2d 1326, 1335 (M.D. Fla. 2009).

Here, no bond is necessary. Defendants will incur no monetary loss as a result of an injunction enjoining them from enforcing the statute against conduct the Florida Legislature has now expressly excluded from criminal liability. Plaintiff respectfully requests that the Court waive any bond requirement under Rule 65(c). In the alternative, Plaintiff requests that the Court set a nominal bond of $1.

## REQUEST FOR HEARING UNDER LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(b), Plaintiff respectfully requests an expedited hearing on this Motion.

The constitutional issues at the heart of this case affect Plaintiff and other drivers within the named Defendants' jurisdictions whose vehicles bear standard, dealer-issued license plate frames. The factual record—including the 601 post-FLHSMV-memo citations, the post-filing enforcement, and the specific examples of officer-articulated bases—lends itself to clarification at a hearing. Plaintiff estimates that sixty (60) minutes per side will be sufficient.

## CONCLUSION

The Florida Legislature has already resolved the central question in this case. It has near-unanimously voted to remove the very language Plaintiff challenges as unconstitutionally vague.

18

That language has now been replaced with a clear, objective standard. Yet until that correction takes effect on October 1, 2026, Defendants continue to enforce the prior statute—issuing criminal citations under a framework the State itself has now disclaimed.

This is not a close case. The statute fails to provide fair notice, invites arbitrary enforcement, and is being applied in precisely the inconsistent and standardless manner the Due Process Clause forbids. The ongoing enforcement of that statute subjects Plaintiff to daily exposure to criminal liability for conduct that both statewide guidance and the Legislature have confirmed is lawful. That injury is immediate, concrete, and irreparable.

The relief Plaintiff seeks is modest, tailored, and fully consistent with governing law. Plaintiff does not ask this Court to enjoin enforcement of § 320.061 writ large or to bind non-parties. She asks only that the named Defendants be required to conform their enforcement practices to the Constitution by refraining from criminalizing conduct that does not obscure the license plate number or registration decal. That relief directly remedies Plaintiff's injury, preserves Defendants' lawful enforcement authority, and mirrors the standard the Legislature has already enacted.

There is no legitimate public interest in the continued enforcement of an unconstitutional criminal statute—particularly one the Legislature has near-unanimously corrected. The balance of equities is therefore decisively one-sided: Defendants lose nothing they are entitled to enforce, while Plaintiff faces ongoing exposure to arrest and prosecution under a law that provides no governing standard.

The Constitution does not permit that result.

For these reasons, Plaintiff respectfully requests that the Court enter a preliminary injunction enjoining Defendants, and their officers, agents, employees, and persons acting in

19

concert with them, from enforcing Fla. Stat. § 320.061 within their respective jurisdictions in a manner that prohibits the use of license plate frames that do not obscure the alphanumeric designation or registration decal; declare that § 320.061 is unconstitutionally vague on its face; waive or set a nominal bond; and grant such further relief as the Court deems just and proper.

Dated: May 8, 2026

/s/ Charles E. Whorton

Charles E. Whorton
Florida Bar No. 46894
Anna D. Quesada
Florida Bar No. 37398
Ticket Toro Law Firm
5757 Waterford District Drive
Suite 110
Miami, FL 33126
Charlie@TicketToro.ai
Anna@TicketToro.ai

*Counsel for Plaintiff*

/s/ Stephen Binhak

Stephen Binhak
Florida Bar No. 736491
The Law Office of Stephen James Binhak, P.L.L.C.
One Southeast Third Ave., Suite 2600
Miami, Florida 33131
(305) 361-5500
(305) 428-9532 fax
binhaks@binhaklaw.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 8, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record. I further certify that, pursuant to Federal Rule of Civil Procedure 5.1 and 28 U.S.C. § 2403(b), I have served a copy of this Motion, together with Plaintiff's contemporaneously filed Notice of Constitutional Question, on the Attorney General of the State of Florida by certified mail at the address of the Office of the Attorney General, The Capitol, PL-01, 400 South Monroe Street, Tallahassee, FL 32399-1050.

/s/ Charles E. Whorton
Charles E. Whorton
