UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION


CASE NO.: 26-cv-21355-JAL


GISELA CASTILLA RODRIGUEZ,


      Plaintiff,

vs.


**ROSIE CORDERO-STUTZ**, *in her official capacity as Sheriff of Miami-Dade County*, *Florida;* **RICHARD DEL TORO**, *in his official capacity as Sheriff of St. Lucie County, Florida;* **CITY OF WEST MIAMI, FLORIDA; CITY OF MIAMI BEACH, FLORIDA**; and **CITY OF NORTH MIAMI BEACH, FLORIDA,**


      Defendants.

_____/


**DEFENDANT CITY OF MIAMI BEACH'S MOTION TO DISMISS**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendant, CITY OF MIAMI BEACH, FLORIDA (the "City"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), moves to dismiss Plaintiff GISELA CASTILLA RODRIGUEZ's ("Plaintiff") First Amended Complaint [ECF No. 27] ("Complaint") and states as follows:

## I.     INTRODUCTION

This is a case brought by a person who displays a dealer-issued removable frame, that obscures certain features of her license plate in violation of § 320.061, Fla. Stat. Plaintiff has never been warned, cited, arrested, ticketed, or stopped in connection with the removable frame at any point during her ownership and use of the vehicle. Nevertheless, she now seeks to challenge the constitutionality of the statute, even though the Legislature has already amended the portion of the statute with which she disagrees. The current version of the statute, which first took effect in July 2007, will remain in effect only until September 30, 2026. Until then, Plaintiff can entirely avoid any potential risk of enforcement by temporarily removing the dealer frame and reinstalling it, if desired, on October 1, 2026.

In this case Plaintiff's First Amended Complaint brings a one count complaint under 42 U.S.C. § 1983 and § 1988 seeking declaratory and injunctive relief challenging the facial constitutionality of § 320.061, Fla. Stat. Plaintiff also seeks an injunction prohibiting Defendants from enforcing the statute against her or in the alternative against third parties who are not parties to this lawsuit. This Complaint must be dismissed for a variety of reasons.

*First*, the Amended Complaint is a classic shotgun pleading: it reincorporates all prior paragraphs into the one Count and impermissibly conflates all defendants, failing to differentiate the conduct attributable to each one.

*Second*, Plaintiff lacks standing. She alleges that she has not been warned, cited, stopped, or prosecuted under the statute, and she did not allege specific facts rising to the level of credible threat of prosecution.

*Third*, the Florida Legislature amended § 320.061, Fla. Stat. to limit its enforcement to license plate frames that obscure the alphanumeric designation and registration decal, precisely the modification Plaintiff seeks. The challenged language has been in the statute since 2007, even though the penalty for its violation might have changed, it has been the same for almost 19 years. The Florida Legislature's decision to amend the statute now is only a policy decision, not reflecting on the constitutionality of the statute. In fact, the newly amended version will be effective October

1

1, 2026, showing that there is no urgency behind this amendment, as it would be the case if the criminal statute were to be unconstitutional. Accordingly, consistent with the constitutional separation of powers between the judiciary and the legislature (Fla. Const. Art. II, § 3), this Court should decline to entertain this action because the legislature's amendment has extinguished any basis for redress.

*Fourth*, Plaintiff's one count complaint asserts a § 1983/*Monell* claim and attempts to recover attorney's fees under 42 U.S.C. § 1988. However, the complaint fails to allege any constitutional violation suffered by Plaintiff, any City of Miami Beach policy, or practice or custom, or any policymaker to state a *Monell* claim.

*Fifth*, and most importantly, the statute is not unconstitutionally vague. It uses ordinary terms that provide constitutionally sufficient notice and does not authorize arbitrary enforcement. Plaintiff's reliance on alleged inconsistent enforcement does not establish facial invalidity. For any or all of these reasons, the Complaint should be dismissed.

## II.    FACTUAL ALLEGATIONS[1]

Plaintiff brings this action challenging the constitutionality of Fla. Stat. § 320.061, as in effect from October 1, 2025, through September 30, 2026. *See* Complaint at ¶¶ 2-4, 88, (Prayer for relief) 2, 3. The statute provides, in relevant part, that:

> A person may not apply or attach a substance, reflective matter, illuminated device, spray, coating, covering, or other material onto or around any license plate which interferes with the legibility, angular visibility, or detectability of **any feature or detail on the license plate** or interferes with the ability to record any feature or detail on the license plate.

§ 320.061 Fla. Stat. (emphasis added).

Plaintiff claims that the statute is unconstitutionally vague because it does not define terms such as "interferes with," "legibility," or "detectability," "angular visibility," "feature or detail," and does not specify features or details are protected. *See* Complaint at ¶¶ 8, 35, 36, 83.

Plaintiff further alleges that different law enforcement agencies across Florida have interpreted and applied the statute differently. *See id.* at ¶¶ 8, 41-52. According to the Complaint,

---

[1] The Complaint's factual allegations are taken as true for purposes of this Motion only. Should the claim against the City survive (and it should not), the City reserves all rights to dispute the Complaint's allegations; to move under Federal Rule of Civil Procedure 12(f) to strike any redundant, immaterial, impertinent, or scandalous allegations from the Complaint; and/or to move for judgment on the pleadings on the prayer for "injunctive relief" (among other relief).

certain agencies have taken the position that license plate frames are permissible so long as the alphanumeric designation and registration decal remain visible (*see id.* at ¶¶ 42-47), while others have issued citations for frames that partially cover words such as "Sunshine State" or "Florida." *See id.* at ¶¶ 48-51.

As relevant here, Plaintiff alleges that the Miami Beach Police Department issued "multiple citations" between October 2025 and January 2026 for license plate frames described as obscuring portions of the plate, including references to "Sunshine State" or "Florida". *See id.* at ¶¶ 29, 51. The Complaint does not allege how many, if any, City-issued citations involved only the obscuring of the words "Florida" or "Sunshine State," which are the only portions relevant to Plaintiff's challenge.

The Complaint also references enforcement actions involving third parties, including an arrest by the Davie Police Department and a traffic stop by the Florida Highway Patrol, which, Plaintiff alleges, involved similar license plate frame issues. *See id.* at ¶¶ 67-71.

With respect to Plaintiff herself, she alleges that she "regularly drives through multiple counties," and that she displays her license plate within a "decorative," removable "dealer issued license plate frame." *See id.* at ¶ 17. Plaintiff alleges that she has never been cited, warned, stopped, or otherwise subjected to enforcement under § 320.061. Although she claims to drive through multiple counties and occasionally travel to Miami Beach for her children's dance competitions, she does not allege that she regularly drives within the City. *See id.* at ¶ 21. Notably, Miami Beach is a barrier island, and motorists do not merely "pass through" the City absent an intentional decision to enter it. Nor does Plaintiff identify any future competition or planned travel to Miami Beach before September 30, 2026. Instead, the only specific future event alleged in the Complaint is a June 2026 dance competition in Orange County, which is not a party to this action. *Id.* Moreover, despite allegedly driving through Miami Beach in the past for similar competitions, Plaintiff does not allege that she has ever been stopped, warned, or cited under the statute. *See generally id.* Her allegations are insufficient to state a claim.

Based on these allegations, Plaintiff amended her Complaint to bring a 42 U.S.C. § 1983/*Monell* claim seeking declaratory and injunctive relief, including a declaration that § 320.061 is facially unconstitutional, an injunction barring enforcement of the law against Plaintiff or against all similarly situated drivers, third parties who are not parties to this lawsuit. *See id.* at ¶ 1-3 (Prayer for Relief).

3

This lawsuit was filed on February 27, 2026, the First Amended Complaint was filed on April 28, 2026. On April 21, 2026, the Governor of Florida signed into law Chapter 2026-39, Laws of Florida. Chapter 2026-39, effective October 1, 2026, amends § 320.061, Fla. Stat. to implement the very changes Plaintiff seeks through this lawsuit. Ch. 2026-39, Section 9, in pertinent part reads as follows:

> 320.061 Unlawful to alter motor vehicle registration  certificates, license plates, temporary license plates, mobile home stickers, or validation stickers or to obscure license plates; penalty.— (1) A person may not alter the original appearance of a vehicle registration certificate, license plate, temporary license plate, mobile home sticker, or validation sticker issued for and assigned to a motor vehicle or mobile home, whether by mutilation, alteration, defacement, or change of color or in any other manner. A person may not apply or attach a substance, reflective matter, illuminated device, spray, coating, covering, or other material onto or around any license plate which interferes with the legibility, angular visibility, or detectability of ~~any feature or detail on~~ the license plate number or validation sticker or interferes with the ability to record ~~any feature or detail on~~ the license plate number or validation sticker. A person who knowingly violates this section 548 commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
>
> (2) The use of a license plate frame or decorative border 551 around a license plate is not an offense under this section, provided that the frame or border does not obscure the visibility of the following:
>
> (a) The alphanumeric designation or license plate number.
> (b) The registration decal or validation sticker located in 556 the upper right corner.

An Act Relating to transportation, 2026 Fla. Sess. Law Serv. Ch. 2026-39 (S.B. 488) (Fla. 2026) (strikethrough in original to denote language removed; underlining in original to denote language added) ("Ch. 2026-39"). [2]

## III.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556; *see also Watts v. Fla. Int'l Univ*., 495

---

[2] A copy of the portion of Ch. 2026-39 containing the amendment is attached hereto as **Exhibit 1**.

4

F.3d 1289, 1295–96 (11th Cir. 2007); *see Jackson v. Bell South Telecomm.*, 372 F.3d 1250, 1262–63 (11th Cir. 2004) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal"). Plaintiff's First Amended Complaint fails to meet this standard and must be dismissed.

## IV.   ARGUMENT

### A.   FIRST AMENDED COMPLAINT IS A SHOTGUN PLEADING

Plaintiff's First Amended Complaint is an impermissible shotgun pleading that warrants dismissal. The Eleventh Circuit has identified four categories of shotgun pleadings, the "most common" one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). A second type of shotgun pleading is one that suffers from "the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. A third type fails to "separat[e] into a different count each cause of action or claim for relief," (*Id.* at 1323) and a fourth type "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

The unifying characteristic of all types of shotgun pleadings is that they fail, to one degree or another, to give the defendants adequate notice of the claims against them. *Id.* "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018); *New York Packaging II LLC v. Private D Capital Group Corp.*, No. 22-20276-CIV-MARTINEZ, 2023 WL 2306690, at *4 (S.D. Fla. Mar. 1, 2023); *Jackson*, 898 F.3d at 1357 (footnote omitted) (directing district courts not to tolerate shotgun pleadings because "such behavior constitutes toleration of obstruction of justice"); *see also Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) (holding that shotgun complaints are altogether unacceptable).

The Complaint suffers from the "venial sins" associated with the first and fourth categories of shotgun pleadings. *First*, the single-count Complaint incorporates the entirety of paragraphs 1 through 75, leaving the City to guess which allegations relate to the cause of action asserted against it. *Second*, the Complaint improperly asserts a *Monell* liability claim against all defendants. These two defects prevent the City from being able to frame a responsive pleading and require both the

5

City and the Court to sift out irrelevant factual allegations and legal conclusions from each claim. *Cf. Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295–96 (11th Cir. 2002) (recognizing the district court's "onerous task" of sifting through 127 paragraphs to "ascertain exactly which facts formed the basis of the plaintiffs' federal law claims"). This Court should dismiss the complaint on this basis alone, but additionally, Plaintiff lacks standing and fails to state a claim for the reasons discussed below.

### B.  PLAINTIFF LACKS STANDING

#### (1)  PLAINTIFF DID NOT ESTABLISH AN INJURY-IN-FACT

As a threshold matter, Plaintiff's claim fails to articulate an actual controversy, and therefore this Court lacks subject-matter jurisdiction over this action. Jurisdiction under the federal Declaratory Judgment Act (22 U.S.C. §§ 2201–2202) requires an "actual controversy," which mirrors the Article III "case or controversy," requirements. *Hendrix v. Poonai*, 662 F.2d 719, 721 (11th Cir. 1981); *Odyssey Marine Exploration, Inc. v. Unidentified, Shipwrecked Vessel or Vessels*, 512 F. App'x 890, 895 (11th Cir. 2013) (holding that this requirement is jurisdictional). To establish Article III standing, a plaintiff must show (1) an "injury in fact," (2) a sufficient "causal connection between the injury and the conduct complained of," and (3) a "likel[ihood]" that the injury "will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 550, 560–61 (1992); *see also Williams v. Lew*, 819 F.3d 466, 472 (D.C. Cir. 2016). Plaintiff's claims fail on all three elements.

As to the injury-in-fact, Plaintiff was clearly never injured by the statute, indeed she was never warned, cited, or charged under §320.061, Fla. Stat. "[P]ersons having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs." *Younger v. Harris*, 401 U.S. 37, 42 (1971) (holding three appellees lacked standing in claim that they "feel inhibited"). A "theory of *future* injury is too speculative to satisfy the well-established requirement that threatened injury must be "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401, 133 S. Ct. 1138, 1143, 185 L. Ed. 2d 264 (2013) (quoting *e.g., Whitmore v. Arkansas,* 495 U.S. 149, 158, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990)).

#### (2)  PLAINTIFF FAILED TO ALLEGE A CREDIBLE THREAT OF PROSECUTION

Plaintiff argues that she has standing by having alleged a credible threat of prosecution. *see* Complaint at ¶ 75. A plaintiff may bring a pre-enforcement action only under limited circumstances. "[A] plaintiff satisfies the injury-in-fact requirement where he alleges "an intention

6

to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159, 134 S. Ct. 2334, 2342, 189 L. Ed. 2d 246 (2014) (quoting *Babbitt v. Farm Workers,* 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979)). Plaintiff's case does not fall within those limited circumstances.

The burden is on the plaintiff to "clearly and specifically set forth facts sufficient to establish standing." *Barber v. Am.'s Wholesale Lender*, 542 F. App'x 832, 835 (11th Cir. 2013) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). In fact, the Eleventh Circuit has vacated judgments on standing grounds in instances where the plaintiff's allegations "contained no factual specificity and, therefore, d[id] not demonstrate a credible threat of prosecution." *Dermer v. Miami-Dade County*, 599 F.3d 1217, 1221 (11th Cir. 2010) (citations omitted).

Plaintiff fails to allege with any specificity the conduct she intends to engage in within the City of Miami Beach. Indeed, she does not identify any date on which she plans to drive into Miami Beach between now and September 30, 2026. Instead, the only specific future travel alleged in the Complaint is a June 2026 dance competition in Orange County. *See* Complaint at ¶ 21. Therefore, she does not satisfy the requirement that she intends to engage in a course of conduct arguably affected with a constitutional interest. *Cf. Driehaus*, 573 U.S. at 161.

Consequently, Plaintiff fails to establish a credible threat of future enforcement. Plaintiff's allegations are precisely the type of speculative allegations courts reject. Plaintiff here does not allege that she has ever been threatened with citation or prosecution by any law enforcement agency–let alone by the City of Miami Beach. Nor do the two incidents cited in the Complaint cure this deficiency. *See Complaint* ¶¶ 67–72. Both incidents involved non-party agencies – the Davie Police Department and the Florida Highway Patrol – and neither involved any Defendant in this action. *Cf. Bronson v. Swensen*, 500 F.3d 1099, 1108 (10th Cir. 2007) ("[T]he credibility of a 'threat' is diluted when a factual dissimilarity exists between the plaintiff's intended future conduct and the conduct that triggered any prior prosecutions under the challenged statute."). Moreover, both events occurred in Davie, Broward County. These unrelated incidents do not render Plaintiff's alleged fear of prosecution anything more than speculative. Accordingly, Plaintiff's asserted threat of enforcement is not credible under the circumstances.

### (3) PLAINTIFF FAILED TO ALLEGE A CAUSAL CONNECTION BETWEEN THE INJURY AND THE CHALLENGED CONDUCT

To establish Article III standing, a plaintiff must also demonstrate a causal connection between the alleged injury – or threat of injury– and the conduct complained of. Plaintiff has not demonstrated a causal connection between the alleged threat of injury and the conduct complained of. *Cf. Lujan*, 504 U.S. at 560–61. Her assertion of a credible threat of prosecution relies primarily on the actions of entities other than the City of Miami Beach. In particular, Plaintiff's reliance on Miami-Dade County's issuance of 422 citations, as evidence of an active enforcement campaign, is misplaced, as those actions are attributable solely to Miami-Dade County, not to the City. *See* Complaint ¶ 74. Plaintiff also fails to allege how many of the 95 citations supposedly issued by the City involved only the obscuring of the words "Sunshine State"– the specific feature she claims her removable license plate frame covers. *Compare id.* at ¶ 1 *with id.* at ¶5. Accordingly, Plaintiff has not established a causal connection between the alleged threat of injury and the conduct of the City of Miami Beach.

### (4) PLAINTIFF FAILS TO ESTABLISH REDRESSABILITY

"The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408, 133 S. Ct. 1138, 1146, 185 L. Ed. 2d 264 (2013). "Standing and ripeness present the threshold jurisdictional question of whether a court may consider the merits of a dispute." *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006) (citing *Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 974 (11th Cir. 2005). "Strict application of the ripeness doctrine prevents federal courts from rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes." *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1335, 1339 (11th Cir.2005).

In cases involving pre-enforcement review, the standing and ripeness inquiries may tend to converge. *See, e.g., Socialist Workers Party,* 145 F.3d at 1244–45; *ACLU v. Fla. Bar,* 999 F.2d 1486, 1490 (11th Cir.1993). "This happens because claims for pre-enforcement review involve the possibility of a prospective future injury, not a prayer for relief from damages already sustained." *Elend*, 471 F.3d at 1205.

Plaintiff further falls short of the standing requirements because the claimed injury cannot be *redressed*, rendering the case **unripe**. Under the ripeness doctrine the issue is "whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decision-making by the court." *Elend*, 471 F.3d at 1211 (quoting *Digital Props., Inc. v. City of*

8

*Plantation,* 121 F.3d 586, 589 (11th Cir.1997) (quotation omitted)). Ripeness analysis involves the evaluation of two factors: (1) the hardship that a plaintiff might suffer without court redress and (2) the fitness of the case for judicial decision. *Elend*, 471 F.3d at 1211. A plaintiff may demonstrate hardship by showing that she must choose between violating the allegedly unconstitutional statute – and thereby risking criminal or significant civil sanctions – or, alternatively, foregoing what she believes to be constitutionally protected activity. *Id.* However, in such a case, a plaintiff would still need to establish a credible threat of prosecution, which the Plaintiff, for the reasons stated above, failed to demonstrate. *See id.* Plaintiff also fails to establish any such hardship. The Complaint acknowledges that the removable license plate frame was installed by Vera automobile dealership at the time of purchase. *See* Complaint ¶ 1. Plaintiff does not allege that she personally chose the frame, nor does she claim that it serves any particular function (such as identifying an affiliation with the dealership) that would be frustrated if she were not permitted to keep it. Plaintiff does not allege that removing the frame, thereby complying with the applicable law until September 30, 2026, and reinstalling it on October 1, 2026, would impose any hardship.

Similarly, the fitness for judicial decision prong may be established by indicating with specificity the future instances of engaging in the proscribed conduct. *Cf. Elend*, 471 F.3d at 1211

Here, as noted above, Plaintiff fails to plead any specific facts regarding this conduct. Instead, she relies solely on conclusory statements that she drives to Miami Beach for her children's dance competitions, without identifying a single specific date between now and September 30, 2026, on which she will drive into the City.

This deficiency prevents the Court from issuing any decision capable of redressing Plaintiff's alleged injury, rendering the claim unripe. Accordingly, and for the reasons stated above this Court lacks jurisdiction over the claim.

### C.  PLAINTIFF FAILS TO TIMELY COMPLY WITH FED. R. CIV. P. 5.1

When a party challenges the constitutionality of a state or federal statute, there are additional and specific service and certification requirements. *King v. Lumpkin*, No. 1:11-CV-0549-WSD, 2012 WL 12888676, at \*5–6 (N.D. Ga. Feb. 13, 2012). Federal Rule of Civil Procedure Rule 5.1(a) requires that the party:

> (1) file a **notice of constitutional question** stating the question and identifying the paper that raises it, if: []
> (B) a state statute is questioned and the parties do not include the state, one of its

9

agencies, or one of its officers or employees in an official capacity; and

(2) **serve the notice and paper on ... the state attorney general if a state statute is questioned ... either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose**. (emphasis added)

Additionally, Rule 5.1(b) requires that "[t]he court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned." After a notice of constitutional question is filed or the certification is made, the Attorney General has sixty (60) days to intervene in the matter. *See* Fed. R. Civ. P. 5.1(c). The Court may not hold the statute unconstitutional within that time period. *Id.*

In *King* the plaintiff failed to notify the Attorney General of Georgia, when alleging that House Bill 1302 violated the Georgia Constitution. *King*, No. 1:11-CV-0549-WSD, 2012 WL 12888676, at *8. Thus, the action had also not been certified to the Attorney General of Georgia. *Id.* The court, in light of the requirement to notify, and certify to the Attorney General of Georgia the constitutional question, stayed the proceedings, pending the fulfillment of the requirements by the Plaintiff.

Here, since neither the State, nor one of its agencies or officials are named parties in the lawsuit, Plaintiff should have promptly provided notice to the Attorney General of the State of Florida by filing the notice of constitutional question and by serving it on the Attorney General. Plaintiff filed her original Complaint on February 27, 2026, and only in her First Amended Complaint, filed on April 28, 2026, does she first mention her attempt to comply with the rule. *See* Complaint ¶ 13. Nevertheless, Plaintiff merely alleges that she is in the process of serving the Attorney General of the State of Florida and asserts, without more, that the Attorney General is therefore on notice of the constitutional challenge to § 320.061. *Id.* This bare allegation is insufficient to establish that the Attorney General has actually been placed on notice. As a result, the constitutional question has not been certified by the Court.

"A Rule 5.1 notice is timely if it is filed **as soon as practicable** after the constitutional question as first raised in actual reliance on the questioned statute. **Thirty days** is the benchmark for a Rule 5.1 notice."" *VIP Prods. LLC v. Jack Daniel's Props. Inc.*, No. CV-14-02057-PHX-SMM, 2024 WL 6966674, at *1 (D. Ariz. Apr. 10, 2024) (emphasis added). Seventy-five days have passed since the original Complaint – raising the same constitutional question – was filed, and no notice has been filed to this date. Plaintiff's belated attempt to provide such notice is therefore untimely.

10

Where the Attorney General has not received a notice that was required under Rule 5.1, the court has discretion in choosing the proper remedy. *See Kenyon v. Cedeno-Rivera*, 47 F.4th 12, 22 (1st Cir. 2022) (quotations omitted). Therefore, this Court, given the nature of the Complaint (a one count complaint challenging the constitutionality of a state statute on its face), should grant a dismissal, or in the alternative at least a stay of the proceedings, as in *King*, until Plaintiff has complied with the requirements and the Attorney General has been provided with notice and sufficient time, according to Fed. R. Civ. P. 5.1(c), to intervene, if necessary.

### D. PLAINTIFF FAILED TO STATE A MONELL CLAIM

#### 1.   Overview of *Monell* Liability

The Complaint should also be dismissed because it lacks the requisite factual content to support a § 1983 claim. Following *Iqbal/Twombly*, Plaintiff has the burden to show the plausibility of her claims on the face of the Complaint by identifying actual facts that support the existence of the City's alleged wrongdoing (as distinct from that of the Officers). Plaintiff fails to meet his burden. To state a claim under 42 U.S.C. § 1983,[3] "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Monell*, 436 U.S. at 694.

It is well-settled that a municipality, like the City, may ***not*** be held vicariously liable for the acts of its employees based on *respondeat superior* under Section 1983. Rather, Plaintiff must allege facts demonstrating she suffered a deprivation of her rights pursuant to a policy or custom authorized by a City final policymaker, which was the moving force behind the deprivation. *See Monell*, 436 U.S. at 694 (concluding that Section 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"). Following *Monell*, a plaintiff must allege facts proving three elements to establish Section 1983 municipal liability: "(1) that his constitutional rights were violated; (2) the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

---

[3] 42 U.S.C. § 1983 provides a remedy for "the deprivation of any rights, privileges, or immunities secured by the Constitution and [federal] laws" by a "person . . . [acting] under color of any statute, ordinance, regulation, custom, or usage[] of any State or Territory or the District of Columbia[.]"

Plaintiff fails to satisfy these requirements.

### 2. **Plaintiff Fails to Allege a Constitutional Violation**

First, Plaintiff has not alleged facts tending to show that her constitutional rights were violated. The crux of her constitutional claims is that she regularly drives across counties and is afraid of enforcement of a constitutional statute against her. Without the deprivation of a constitutional right, a *Monell* claim fails at the threshold.

### 3. **Plaintiff Fails to Allege a Policy or Custom**

To allege a custom or policy, a plaintiff must "identify either (1) an officially promulgated [municipal] policy or (2) an unofficial custom or practice of the [municipality] shown through the repeated acts of a final policymaker for the [municipality]." *Grech v. Clayton Cnty.*, Ga., 335 F.3d 1326, 1329 (11th Cir. 2003); *see also id.* ("The Supreme Court has placed strict limitations on municipal liability under § 1983.")."[T]he simple mention of 'policy and/or custom' is not enough, for a plaintiff must do something more than simply allege that such an official policy exists." *Perez v. Metro. Dade Cnty.*, No. 06-20341-CIV, 2006 WL 4056997, at *2 (S.D. Fla. Apr. 28, 2006) (Moreno, J.) (internal quotations omitted); *accord Rosario v. Miami-Dade Cnty.*, 490 F. Supp. 2d 1213, 1225 (S.D. Fla. 2007) (Ungaro, J.).

In *Brooks v. Scheib*, 813 F.2d 1191 (11th Cir. 1987) the Eleventh Circuit required that an unofficial custom or practice be shown through **pleaded facts** demonstrating prior investigated incidents with findings of wrongdoing, as uninvestigated or unaddressed complaints are insufficient. Conclusory assertions, devoid of ultimate facts, do not suffice to establish an unofficial custom or practice. *See, e.g., Sanchez v. Miami-Dade Cnty.*, No. 06-21717-CIV, 2007 WL 1746190, at *3 (S.D. Fla. Mar. 28, 2007) (King, J.) (finding vague assertion that a "policy, custom, and practice" exists insufficient to survive a motion to dismiss).

Here, Plaintiff has failed to identify any municipal policy. Indeed, the Amended Complaint contains no allegation that the City maintains any policy, let alone any articulation of what that policy would be in this case. In the absence of such an identification, a *Monell* claim cannot stand.

Plaintiff likewise fails to identify any policy through allegations of a widespread practice or pattern demonstrating deliberate indifference to the constitutional right purportedly asserted. A few isolated instances would not suffice to meet the high burden of deliberate indifference: "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Hartley v.*

12

*Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)); *see also Whitaker v. Miami-Dade Cnty.*, 126 F. Supp. 3d 1313, 1321 (S.D. Fla. 2015) (Lenard, J.) (concluding that "four isolated shootings" in a nine-month span were not enough to constitute a custom or usage in the absence of a written law or express municipal policy).

Importantly, prior incidents must involve facts substantially similar to those at hand to be relevant to a deliberate-indifference claim. *Mercado,* 407 F.3d at1162; *see also Wade v. City of Miami Beach*, 565 F. Supp. 3d 1248, 1252 (S.D. Fla. 2021) (Scola, J.) (finding cited instances insufficient to permit a reasonable inference of widespread practices because they "largely d[id] not concern conduct similar to the conduct alleged" in the complaint). For instance, in *Gold*, the Eleventh Circuit determined that a plaintiff could not establish a *Monell* claim when he could not point to any other incident involving similar facts. *Gold v. City of Miami*, 151 F.3d 1346, 1350-51 (11th Cir. 1998); *see also, e.g., Shehada v. Tavss*, 965 F. Supp. 2d 1358, 1373–75 (S.D. Fla. 2013) (Lenard, J.) (rejecting *Monell* claim where "many of the alleged incidents bear little to no factual similarity to the instant case.").

Plaintiff identifies only two prior incidents – the Dawson arrest and the Cuellar incident. *See* Complaint ¶¶ 67–72. The Dawson arrest involved the Davie Police Department, not the City, and thus cannot, as a matter of law, support any alleged municipal pattern attributable to the City. Likewise, the Cuellar incident involved the Florida Highway Patrol and subsequently Immigration and Customs Enforcement agents; it bears no connection to the City and is wholly irrelevant for purposes of establishing a municipal custom. In any event, two isolated and unrelated events fall far short of demonstrating the type of widespread and persistent practice required to impose municipal liability. Thus, on this basis alone this Court should dismiss the claim as it does not plausibly establish municipal liability under *Monell*.

### 4.   Plaintiff Fails to Identify a Final Policymaker

Even if there were an adequate showing of any pattern, custom or practice (and there is none), the alleged custom must be a "widespread practice that . . . is so permanent and well settled as to constitute a custom or usage with the force of law." *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991) (cleaned up). To establish that a widespread practice is functionally sanctioned by the municipality, the plaintiff must demonstrate that the custom or practice was effectuated "through the repeated acts of a final policymaker for the [municipality]." *Grech*, 335 F.3d at 1329. The plaintiff "must identify those officials who speak with final

13

policymaking authority for that local governmental entity concerning the act alleged to have caused that particular constitutional violation in issue." *Id.* at 1330; *see Hill v. Clifton*, 74 F.3d 1150, 1152 (11th Cir. 1996) ("Only those officials who have final policymaking authority may render the municipality liable under § 1983.").

Fatally, Plaintiff fails to identify a single final policymaker with decision-making authority. This omission is dispositive. Absent the identification of such an official, the *Monell* claim collapses as a matter of law.

### 5.  **Plaintiff Fails to Allege Facts Tending to Show Causation**

Finally, a plaintiff must plead facts showing that a municipality's policy or custom was the cause of the constitutional violation she suffered. *McDowell*, 392 F.3d at 1289. *See Rodriguez v. Quinones*, 508 F. Supp. 3d 1198 (S.D. Fla. 2020) ("The plaintiff bears the burden of establishing the causal link between a government policy or custom and the injury which is alleged."); *see also Williams v. City of Miami*, No. 21-23287-Civ-Scola, 2021 WL 4990005, at *4 (S.D. Fla. Oct. 27, 2021) ("Williams does not allege, other than in broad conclusory terms, how the City's failure to supervise and discipline officers in general contributed to Officers Hernandez, Allen, and Gonzalez beating him on September 22, 2019."). Plaintiff must show the policy was the "moving force." *Monell*, 436 U.S. at 694.

Given Plaintiff's failure to identify, at even a threshold level, a constitutional violation, an official policy, or a final policymaker, Plaintiff necessarily fails to establish the required causal connection, i.e. that any municipal policy was the "moving force" behind the alleged constitutional violation. This deficiency is likewise fatal, and the Monell claim must be dismissed in its entirety.

### E.  THE STATUTE IS NOT UNCONSTITUTIONALLY VAGUE

Additionally, or alternatively, even if this Court finds, and it should not, that Plaintiff's Complaint should not be dismissed for the reasons stated above, Plaintiff's constitutional challenge fails. Plaintiff is bringing a facial challenge to the constitutionality of § 320.061, Fla. Stat. Plaintiff alleges that the ordinance is unconstitutionally vague because it does not " 'give the person of ordinary intelligence a reasonable opportunity to know what is prohibited ...' " and it provides no "sufficiently explicit standards for those who will apply it, thereby encouraging 'arbitrary and discriminatory enforcement.' " Complaint at ¶ 50.

A facial challenge asserts that a law "*always* operates unconstitutionally," *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1308 (11th Cir. 2009) (emphasis in original),

14

*United States v. Salerno*, 481 U.S. 739, 745 (1987) (holding that a law is facially unconstitutional **only if "no set of circumstances exists"** under which the law would be valid) (emphasis added), and will succeed only if the law "could ***never*** be applied in a constitutional manner." *DA Mortg., Inc. v. City of Miami Beach*, 486 F.3d 1254, 1262 (11th Cir. 2007) (emphasis added). A facial challenge does not require application to a particular set of facts. *Harris*, 564 F.3d at 1308. "The fact that [a legislative act] might operate unconstitutionally under some conceivable set of circumstances is **insufficient** to render it wholly invalid…." *Id.* (emphasis added). This "heavy burden" makes such an attack "the most difficult challenge to mount successfully" against an enactment. *Id.*

The U.S. Supreme Court held that "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law. The Eleventh Circuit has indeed reversed decisions declaring a statute unconstitutional on its face as vague, because the statute was not vague in all its applications. *High Ol' Times, Inc. v. Busbee*, 673 F.2d 1225, 1228 (11th Cir. 1982).

In upholding § 316.605(1), Fla. Stat. (2017) (proscribing any material that obscures a license plate not making it visible at all times 100 feet from the rear or front) the Fourth DCA held that "when reviewing a statute, we <u>should first look to the actual language and its plain meaning</u>." *State v. Morris*, 270 So. 3d 436, 439 (Fla. 4th DCA 2019).[4] The Eleventh Circuit also consistently

---

[4] Notably Plaintiff references to the guidance issued by the Florida Highway Safety and Motor Vehicle issued on December 12, 2025. Other than not being and "emergency guidance" as referenced by Plaintiff in the Complaint at ¶¶ 5, 18, 25, 54, 57, 59. A copy of the issued guidance is attached here to as **Exhibit 2.** The Court can consider this guidance at the motion-to-dismiss stage because it is incorporated by reference into the Complaint (*see* the Complaint at ¶¶ 5, 18, 25, 54, 57, 59) and Plaintiff relies upon it to attempt to state a cause of action. *Orr v. AT&T Mobility, LLC*, 401 So. 3d 397, 399 (Fla. 3d DCA 2024). The guidance cites a 2019 decision from the Fourth District Court of Appeal as purportedly analyzing section 320.061, Florida Statutes. However, the 2019 Fourth DCA case fitting that description is *State v. Morris*, 270 So. 3d 436, 439 (Fla. 4th DCA 2019), and *Morris* does not interpret § 320.061 at all. Instead, it addresses section 316.605(1), Florida Statutes (2017).

Moreover, the guidance does not address § 320.061, Fla. Stat. To the contrary, it discusses § 320.262, Florida Statutes, specifically subsections (1)(c) and (1)(d), which prohibit covering, obscuring, or interfering with the ability to read or record the **primary features** of a license plate, including the license plate number and validation sticker. The distinction between §§ 320.061 and

held that statutory interpretation begins with "the words of the statutory provision." *In re 2 Monkey Trading, LLC*, 142 F.4th 1323, 1329 (11th Cir. 2025) (quotation omitted). "When the words of a statute are unambiguous, then, this first canon [of statutory construction] is also the last: judicial inquiry is complete." *Id.* (quoting *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1186 (11th Cir. 1997)) (citing *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc) ("[W]e must presume that [legislator] said what it meant and meant what it said.")).

The contested language of the statute has been in place since July 1, 2007, and it has remained unchanged through multiple amendments (one in 2010, one in 2021, and the amendment Plaintiff challenges in 2025). In each instance, the only modifications concerned the penalty associated with violating the statute – shifting between a civil infraction and a second-degree misdemeanor. Accordingly, the statutory language has consistently provided sufficient minimal guidelines to law enforcement, and there is no indication of arbitrary or discriminatory enforcement.

For Plaintiff's "interferes with," "legibility," or "detectability," "angular visibility," arguments the plain meaning of these words is straightforward, as anything that would impair the possibility to read, detect or see a license plate from an angle falls within the application of the proscribed conduct.[5] Furthermore, Plaintiff argues that "any feature or detail" is not explained. When a term goes undefined in a statute, we give the term its ordinary meaning. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 566, 132 S. Ct. 1997, 2002, 182 L. Ed. 2d 903 (2012). The common ordinary meaning of feature is "a distinct or outstanding part, quality, or characteristic of something." Feature, Collins, https://www.collinsdictionary.com/us/dictionary/english/feature. Applied to a license plate, a "distinct part" may well include everything that is not blank space on it. Indeed, it can include the alphanumeric characters, the decal sticker, as well as and the

---

320.262 is clear. Section 320.061, the statute challenged by Plaintiff, concerns any feature of the plate, while § 320.262 is expressly limited to primary features, such as the license plate number and validation sticker. Thus, the guidance itself underscores the clarity of § 320.061: it applies broadly to **any** feature, not merely the **primary** ones enumerated in § 320.262, as Plaintiff would argue.

This also reinforces that when the Legislature intends to narrow enforcement to only alphanumeric characters or the validation sticker, it does so explicitly, either by referencing "primary features" or by amending the statute, as it did on April 21, 2026, to restrict its scope to those elements. The Legislature's recent amendment therefore reflects a policy choice, not an effort to cure any constitutionality doubt in the prior version of the statute.

[5] The Legislature did not modify any of these words in Ch. 2026-39.

"Sunshine State" or "Florida" portions or the oranges. All these elements collectively help law enforcement determine whether a plate is from Florida or another state, and more generally allow officers to identify the vehicle given the wide variety of plate designs.

Moreover, even accepting Plaintiff's allegations as true, for the purposes of this argument, the statute could be constitutionally applied to her if her license plate were to cover any distinctive part of the license plate. *Catron v. City of St. Petersburg,* 658 F.3d 1260, 1272 (11th Cir. 2011).Because even "the possibility of constitutional application to some of the conduct in which the [plaintiff] [is] engaged necessarily precludes a finding of facial vagueness," (*Id.*) (emphasis added) it can be concluded that § 320.061, Fla. Stat. is not unconstitutionally vague. In *Catron* the plaintiff was arguing that an ordinance was unconstitutional because it did not give a definition of what "unlawful storage" is. *Compare Catron,* 658 F.3d at 1271 (quotations omitted), *with* Complaint at ¶ 82. The U.S. Supreme Court applying the plain meaning of the word "store" held that the ordinance was not unconstitutionally vague. *Id.* In addition, the Court also rejected plaintiff's argument that the law was vague because officers prioritized the enforcement only against individuals possessing more than a certain quantity of personal belongings. Similarly, here Plaintiff's argument that variations in enforcement of the statute across different counties render it unconstitutional should be rejected because it "raises only marginal problems in the application of the [statute] that do not suggest the [statute] is vague in its definition of the normal, "general class of offenses" to which the [statute] is directed." *Id.* at n. 12 (citing *United States Civil Serv. Comm'n v. Nat'l Ass'n of Letter Carriers,* 413 U.S. 548, 93 S.Ct. 2880, 2897, 37 L.Ed.2d 796 (1973)." Notably "[a]s always, enforcement requires the exercise of some degree of police judgment,"*Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 2302, 33 L.Ed.2d 222 (1972) and the degree of judgment involved for a police officer to determine what constitutes storage is acceptable." *Catron,* 658 F.3d at 1272.

Therefore, here the priority that different agencies might have in enforcing § 320.061, Fla. Stat. does not show that the statute is unconstitutionally vague. Most importantly, it is entirely permissible for an agency to enforce the statute according to its plain ordinary meaning, which prohibits covering any portion of the license plate – including the "Sunshine State" or "Florida" designations – particularly when a feature identifying the state of issuance is obscured. *Compare with* Complaint at ¶¶ 29, 51 ("Miami Beach Police Department issued multiple citations for frames covering "Sunshine State" or "Florida," including citations described as "LICENSE PLATE

17

HOLDER OBSCURING TAG" and "FRAME OBSCURING ISSUING STATE"").

Under the vagueness doctrine, the legislation needs to contain minimal guidelines to govern law enforcement in order to prevent arbitrary and discriminatory law enforcement. *United States v. Biro,* 143 F.3d 1421, 1430 (11th Cir. 1998) (citations omitted); *Kolender v. Lawson*, 461 U.S. 352, 357–58, 103 S. Ct. 1855, 1858, 75 L. Ed. 2d 903 (1983). There is no requirement, however, that statutes define every factual situation that may arise. *Id.* "Although the doctrine focuses both on actual notice to citizens and arbitrary enforcement, we have recognized recently that the more important aspect of vagueness doctrine "is not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement."" *Kolender*, 461 U.S. at 357–58, (quoting *Smith v. Goguen*, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974)). Section 320.061, Fla. Stat. does provide sufficient guidance to law enforcement agencies.

Plaintiff has not met the burden of showing that § 320.061, Florida Statutes, is invalid in all its applications. In fact, even according to Plaintiff's argument, the statute could be easily applied to a number of situations: if the frame or any other substance or object juxtaposed on the license plate, were to cover the decal sticker, or covering part of the alphanumeric. Additionally, the statute can be constitutionally applied also to Plaintiff's own frame, as the removable frame allegedly covers a distinct portion of the statute, i.e. the "Sunshine State" feature. Pursuant to the very low standard set forth above, and because the statute does constitutionally apply to at least one case, it follows that the statute is not facially vague. *Cf. DA Mortg., Inc. v. City of Miami Beach*, 486 F.3d 1254, 1262 (11th Cir. 2007) (emphasis added) (holding that a vagueness constitutionality challenge could only be upheld if a statute could **<u>NEVER</u>** be applied constitutionally).

### F.   REMEDIES SOUGHT BY PLAINTIFF ARE IMPROPER

#### (1) COURT LACKS JURISDICTION TO GRANT PLAINTIFF'S REQUESTED RELIEF TOWARDS ALL SIMILARLY SITUATED INDIVIDUALS

Plaintiff seeks both declaratory relief and injunctive relief. The requested injunction would bar law enforcement from enforcing section 320.061, Florida Statutes, against Plaintiff herself until September 30, 2026, or, in the alternative, would prohibit enforcement of § 320.061, Fla. Stat. against any person who does not obscure the alphanumeric characters **or** the registration decal. *See* Complaint ¶ 3 (Prayer for Relief).

18

Plaintiff lacks the requirements to represent third parties and to request relief on behalf of those third parties not in front of the court. ""[N]either declaratory nor injunctive relief," we have said, "can directly interfere with enforcement of contested statutes or ordinances except with respect to the particular federal plaintiffs."" *Trump v. CASA, Inc.*, 606 U.S. 831, 844, 145 S. Ct. 2540, 2552, 222 L. Ed. 2d 930 (2025) (quoting *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975))." It is an elementary principle that a court cannot adjudicate directly upon a person's right without having him either actually or constructively before it. This principle is fundamental." *Id.* (quoting *Gregory v. Stetson*, 133 U.S. 579, 586, 10 S.Ct. 422, 33 L.Ed. 792 (1890)). In fact, courts are reluctant to allow a litigant to assert a third party right, except if: "the plaintiff can demonstrate: (1) injury to the plaintiff, (2) a close relationship between the plaintiff and the third party that would cause plaintiff to be an effective advocate for the third party's rights, and (3) 'some hindrance to the third party's ability to protect his or her own interests." *Campbell v. Louisiana*, 523 U.S. 392, 397, 118 S.Ct. 1419, 140 L.Ed.2d 551 (1998). Here Plaintiff fails to satisfy all three prongs.

*First*, for the reasons stated above Plaintiff did not establish an injury in fact, nor a credible threat of injury. *Second*, Plaintiff did not allege in any way a close relationship with those third parties. Courts have historically allowed "[t]rustees bring suits to benefit their trusts; guardians ad litem bring suits to benefit their wards; … executors bring suit to benefit testator estates." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.,* 554 U.S. 269, 287, 128 S. Ct. 2531, 2543, 171 L. Ed. 2d 424 (2008). This is not the case, there is no close relationship between Plaintiff and those third parties, if not that they might possess a license plate frame, with no further specification of how those frames could be similar in any way. *Third,* Plaintiff has entirely failed to allege that these third parties face any hindrance in protecting their own interests. Accordingly, Plaintiff should not be permitted to assert the rights of third parties.

### (2) THIS COURT SHOULD ABSTAIN FROM DECIDING THIS ISSUE AND DISMISS THE CASE

This case concerns a policy decision that has already been made by the legislature. The Florida Legislature chose to retain the same statutory language from 2007 through the present, while also making a policy determination to amend the law so that enforcement is directed only at license plates with frames covering the alphanumeric characters or the decal, the exact relief that Plaintiff is seeking with this lawsuit. The exercise of jurisdiction to issue a declaratory judgment

is discretionary. *See* 28 U.S.C. § 2201 ("[A]ny court of the United States, upon the filing of an appropriate pleading, ***may*** declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.") (emphasis added).

This Court should exercise its discretion and, in light of the substantive arguments set forth above, decline to exercise jurisdiction over this claim. The issue presented is fundamentally a policy matter that is more appropriately, and has already been addressed by the Florida Legislature. *See City of Gainesville v. Fla. Power & Light Co.*, 488 F. Supp. 1258, 1283 (S.D. Fla. 1980) (holding that when a case raises a legal question closely tied to policy considerations, a court can abstain from deciding such issues); *see also Palmer Trinity Priv. Sch., Inc. v. Vill. of Palmetto Bay, Fla.,* 802 F. Supp. 2d 1322, 1325 (S.D. Fla. 2011) ("the United States Supreme Court recognized that federal courts should abstain from exercising jurisdiction where a federal constitutional question turns on an unsettled question of state law," and the state law determination will moot the federal question at issue) (quoting *R.R. Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

Plaintiff's claim fails for the reasons set forth above. In addition, this case concerns a state policy determination already addressed by the Florida Legislature. Accordingly, this Court should abstain from exercising jurisdiction, thereby exercise prudence, avoid unnecessary expenditure of judicial resources, and prevent the parties from incurring substantial litigation costs in a case that will become moot before the Court could issue any decision or relief.

## V.    CONCLUSION

In light of the foregoing, Plaintiff's Complaint should be dismissed in its entirety. The Complaint is a shotgun pleading. Plaintiff lacks Article III standing because she fails to allege an injury in fact, a credible threat of enforcement, or redressability. Plaintiff also failed to comply and properly allege compliance with Fed. R. Civ. P. 5.1. Even if standing existed, Plaintiff fails to state a § 1983 /*Monell* claim. Additionally, her claim fails on the merits, as § 320.061, Fla. Stat. is not unconstitutionally vague and provides constitutionally sufficient notice and enforcement standards. Moreover, the relief Plaintiff seeks on behalf of third parties is improper and beyond the Court's authority. The Court should also abstain from exercising jurisdiction because the legislature has already addressed this policy issue.

**WHEREFORE**, the City Respectfully requests that this Court DISMISS the Complaint with prejudice.

Respectfully submitted,

RICARDO DOPICO, CITY ATTORNEY
CITY OF MIAMI BEACH
1700 CONVENTION CENTER DRIVE
4th FLOOR-LEGAL DEPARTMENT
MIAMI BEACH, FLORIDA 33139
TEL: (305) 673-7470
FAX: (305) 673-7002

By: /s/*Henry J. Hunnefeld*

HENRY J. HUNNEFELD
Deputy City Attorney
henryhunnefeld@miamibeachfl.gov
Florida Bar No. 343811
CARLA POMPA
Litigation Fellow
carlapompa@miamibeachfl.gov
Florida Bar No. 1069945

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of May, 2026, I electronically filed the foregoing *Motion to Dismiss* with the Clerk of the Court using CM/ECF, which in turn will automatically generate a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF system.

By: /s/*Henry J. Hunnefeld*
HENRY J. HUNNEFELD

21