**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(MIAMI)**

GISELA CASTILLO RODRIGUEZ                    CASE NO.: 26-cv-21355-JAL

        Plaintiffs,

v.

MIAMI-DADE COUNTY, FLORIDA; ST.
LUCIE COUNTY SHERIFF'S OFFICE; CITY
OF WEST MIAMI, FLORIDA; CITY OF MIAMI
BEACH, FLORIDA; AND CITY OF NORTH
MIAMI BEACH, FLORIDA
_____/

## DEFENDANT SHERIFF DEL TORO'S MOTION TO DISMISS

The Defendant, SHERIFF RICHARD DEL TORO JR., in his official capacity as Sheriff of St. Lucie County, by and through undersigned counsel, files this his Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(7), and in support thereof would state as follows:

## BACKGROUND

Plaintiff, Gisela Castilla Rodriguez, brings this action challenging the facial constitutionality of Fla. Stat. § 320.061, alleging that the statute is unconstitutionally vague and results in inconsistent enforcement among Florida law enforcement agencies. [ECF No. 27]. In her Amended Complaint, Plaintiff asserts that she drives regularly throughout the State of Florida, including travel through St. Lucie County while transporting her children to various activities, and that she uses a vehicle equipped with a decorative license plate frame that partially covers the words "Sunshine State." Id. at pgs. 7-8. Plaintiff claims that identical conduct is treated differently across various jurisdictions and alleges that this discrepancy exposes her to a risk of arrest or

1

citation under § 320.061. Id. Based on these allegations, Plaintiff seeks expansive relief, including a declaration that the statute is facially unconstitutional, an injunction prohibiting its enforcement, and—in the alternative—relief extending to similarly situated drivers throughout the State.

As an initial matter, Sheriff Del Toro joins in and adopts Sections IV A, B, C, D, and E of City of Miami Beach's Motion to Dismiss [ECF No. 36] to the extent those arguments are applicable. Specifically, the Defendant Sheriff adopts the City's arguments that (A) the Amended Complaint constitutes an impermissible shotgun pleading that fails to provide adequate notice of the claims against each defendant; (B) that Plaintiff lacks Article III standing for failure to allege an injury in fact, a credible threat of prosecution, traceability, or redressability; (C) that Plaintiff has failed to comply with the notice requirements of Federal Rule of Civil Procedure 5.1; (D) that the Amended Complaint fails to state a viable claim under *Monell* due to the absence of any alleged constitutional violation, policy, custom, or final policymaker; and (E) that Fla. Stat. § 320.061 is not unconstitutionally vague as a matter of law.[1]

Otherwise, despite these revised allegations, Plaintiff identifies no instance of enforcement by the St. Lucie County Sheriff's Office ("SLCSO") and relies only on speculative, incidental travel through St. Lucie County—often limited to brief passage along Florida's Turnpike. She likewise fails to allege a concrete, imminent injury or constitutionally protected conduct, challenges as vague a statute that provides clear, objective standards, and seeks sweeping relief that both exceeds this Court's authority and cannot provide meaningful redress.

---

[1] The Defendant Sheriff does not take these allegations and the relief sought by the Plaintiff lightly and is adopting these applicable arguments so as to not waste judicial efficiency and resources by regurgitating duplicative points already made by co-defendant City of Miami Beach, merely for the sake of it.

2

WHEREFORE, it is respectfully requested that this Honorable Court grant Defendant Sheriff's Motion to Dismiss for the same reasons set forth by City of Miami Beach in its Motion as outlined above, as well as the additional grounds as set forth in this instant Motion.

FURTHER, and in support of this Motion, Defendant Sheriff would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made a part hereof.

## <u>MEMORANDUM OF LAW</u>

### I.   STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must state a claim for relief which is plausible on its face. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). By way of a general proposition, a trial court, when considering a motion to dismiss, must accept all well pled allegations of the Complaint as being true. However, this does not apply to legal conclusions. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, does not suffice." <u>Id</u>. A "formulaic recitation of the elements of a cause of action" will not pass 12(b)(6) muster. <u>Twombly</u>, 550 U.S. at 555. Moreover, "conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." <u>Oxford Asset Mgmt. Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188 (11th Cir. 2002).

A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth--legal conclusions must be supported by factual allegations. The district court should assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement for relief. <u>Randall v. Scott</u>, 610 F.3d 701, 709-10 (11th Cir. 2010).

### II.   PLAINTIFF CONTINUES TO SEEK IMPERMISSIBLE UNIVERSAL RELIEF INCLUDING THROUGH A "PLEADING IN THE ALTERNATIVE" WORKAROUND

Although Plaintiff's Amended pleading now labels part of her requested relief as "alternative," that pleading tactic does not change the substance. Plaintiff still asks this Court, in the alternative, to enjoin enforcement of Fla. Stat. § 320.061 not only as to herself, but "against any person whose vehicle bears a license plate frame" meeting certain criteria. This is simply a repackaged request for universal relief on behalf of non-parties, which remains impermissible as a matter of law. [ECF No. 27 at pg. 25-25]. The Supreme Court has made clear that federal courts may grant relief only to redress the injuries of the parties before them—not to regulate the government's conduct toward the public at large. Trump v. CASA, Inc., 145 S. Ct. 2540, 2551 (2025). A court may not enjoin enforcement of a law as to "anyone who is not a party to the lawsuit," nor may it issue relief that is "more burdensome than necessary" to provide complete relief between the parties. Id. at 2548–52. Even styled as "alternative relief," Plaintiff's request operates as an impermissible universal injunction. It seeks to bind law enforcement conduct as to countless non-parties across the State of Florida, including entities not before this Court. That is exactly the type of relief rejected in CASA. Additionally, Plaintiff may assert only her own legal rights, not those of others. Harris v. Evans, 20 F.3d 1118, 1121 (11th Cir. 1994); Warth v. Seldin, 422 U.S. 490, 498 (1975). Because Plaintiff neither satisfies the narrow requirements for third-party standing nor proceeds as a class action, her request for statewide relief on behalf of non-parties must be dismissed with prejudice.

Moreover, granting even Plaintiff-specific relief would serve no useful purpose under the circumstances presented here. Courts in this District have recognized that a declaratory judgment should not issue unless it would "serve a useful purpose." Blue Hill Invs., Ltd. v. Silva, 2015 WL 9319394, at *3 (S.D. Fla. Dec. 23, 2015). Here, relief limited to Plaintiff would be both impractical and ineffective. It would not bind other non-party enforcement agencies—such as the Florida

4

Highway Patrol or neighboring jurisdictions—who remain free to enforce the statute against Plaintiff at any time as she drives throughout Florida, rendering any such declaratory relief ineffective and serving no useful purpose where the Court is asked to issue relief affecting non-parties who "would not be bound by such a declaration." State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC, 2018 WL 2186496, at *16 (S.D. Fla. Feb. 16, 2018). It would also create impractical scenarios, including requiring the Defendant Sheriff to train his deputies and employees to treat Plaintiff differently from all other drivers until October 1— raising obvious operational and logistical concerns—while doing nothing to prevent her arrest by other law enforcement agencies during that same time period. Indeed, Plaintiff could avoid any alleged harm altogether by simply removing the frame pending the amended statute taking effect on October 1, further underscoring the absence of any need for extraordinary judicial intervention.

Plaintiff can likewise not obtain Plaintiff-specific statewide relief under the guise of extending an injunction to "persons acting in concert" with Defendants, as is requested in the Amended Complaint. [ECF 27 at pgs. 24-25]. Courts may extend injunctive relief to non-parties only where those parties are in active concert with a named defendant or share a sufficient enforcement nexus. Fla. Immigrant Coal. v. Uthmeier, 2025 WL 1423357, at *1 (S.D. Fla. Apr. 29, 2025). In *Uthmeier*, such relief was permissible only because plaintiffs sued a proper statewide official—the Attorney General—whose authority created a legal connection to other enforcement actors. Here, by contrast, Plaintiff has chosen not to sue the Attorney General or any official with statewide enforcement authority and has alleged no facts establishing any coordinated relationship between these Defendants and other law enforcement agencies across the State. Absent such a nexus, there is no basis for extending relief beyond the parties before the Court, rendering Plaintiff's request for statewide or "similarly situated" relief legally improper.

5

Because the Court cannot grant the sweeping, non-party relief Plaintiff requests, and any narrower relief would be ineffective and improper, her claims must be dismissed.

### III.   PLAINTIFF STILL FAILS TO ESTABLISH ARTICLE III STANDING

Standing is a threshold jurisdictional requirement that must be satisfied as to each defendant, and the plaintiff bears the burden of alleging facts demonstrating standing with respect to each element. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992); McDonald v. City of Pompano Beach, 556 F. Supp. 3d 1334, 1347 (S.D. Fla. 2021). To establish standing in a pre-enforcement challenge, Plaintiff must plausibly allege: (1) an injury in fact that is concrete, particularized, and actual or imminent; (2) that the injury is fairly traceable to the challenged conduct of the defendant; and (3) that the injury is likely to be redressed by a favorable decision against that defendant. Lujan, 504 U.S. at 560–61; Corbett v. TSA, 930 F.3d 1225, 1232 (11th Cir. 2019).

*A. Threshold Requirement: No Constitutionally Protected Conduct Is Implicated*

To start, Plaintiff's vagueness claim fails at the threshold because the conduct she identifies—driving with a specific license-plate frame—is not constitutionally protected activity. The Eleventh Circuit has made clear that courts review statutes for vagueness only when a litigant alleges a constitutional harm. Indigo Room, Inc. v. City of Fort Myers, 710 F.3d 1294, 1301 (11th Cir. 2013); Bankshot Billiards, Inc. v. City of Ocala, 634 F.3d 1340, 1349–50 (11th Cir. 2011). In pre-enforcement vagueness challenges such as this, that harm exists only where a plaintiff is chilled from engaging in otherwise constitutionally protected conduct. Indigo Room, 710 F.3d at 1350.

Here, Plaintiff does not allege—nor could she—that driving with a decorative license plate frame implicates any constitutional right. Ordinary driving practices and aesthetic vehicle choices

6

do not constitute protected activity. Courts in this District have rejected similar attempts to bootstrap routine conduct into a constitutional injury, holding that "Plaintiff has merely recited the elements for a void-for-vagueness claim and has failed to allege a constitutional harm." Incredible Invs., LLC v. Fernandez-Rundle, 28 F. Supp. 3d 1272, 1287 (S.D. Fla. 2014).

Because Plaintiff has not identified any constitutionally protected activity that is allegedly chilled by Fla. Stat. § 320.061, she cannot demonstrate the deprivation of a constitutionally protected interest and therefore fails to establish the harm necessary for the Court to exercise jurisdiction or entertain a pre-enforcement vagueness challenge.

*B. Plaintiff Still Fails to Allege a Concrete Injury or Credible Threat of Prosecution by Sheriff Del Toro and SLCSO*

In a pre-enforcement case, an injury in fact exists only if a plaintiff alleges both "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." Susan B. Anthony List v. Driehaus, 573 U.S. 149, 159 (2014); Wollschlaeger v. Governor, Fla., 848 F.3d 1293, 1304 (11th Cir. 2017). Plaintiff's amended allegations do not meet this standard as to Sheriff Del Toro and SLCSO. Although Plaintiff now alleges that she drives throughout Florida, including travel "through St. Lucie County" on Florida's Turnpike, these allegations remain insufficient to establish a concrete and imminent injury as to Sheriff Del Toro and SLCSO. Plaintiff does not allege that she resides in St. Lucie County, regularly conducts activities there, or has ever been stopped, cited, warned, or threatened with enforcement by SLCSO. Nor does she allege that SLCSO has directed any enforcement efforts toward her. At most, Plaintiff alleges that she may pass through St. Lucie County in the future while traveling to events in other parts of the state, for an unknown amount of time. Such contingent and incidental travel does not constitute a "certainly impending" injury. Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409–10 (2013).

7

The Eleventh Circuit has consistently rejected standing where the alleged injury depends on a speculative chain of contingencies. See Baughcum v. Jackson, 92 F.4th 1024, 1034–35 (11th Cir. 2024); Elend v. Basham, 471 F.3d 1199, 1205–09 (11th Cir. 2006); LaCroix v. Lee Cnty., Fla., 819 F. App'x 839, 843 (11th Cir. 2020). Plaintiff here offers only generalized and variable assertions about travel through St. Lucie County, without identifying when, how often, or under what conditions she will be present there and subject to enforcement by SLCSO. This lack of specificity is fatal to her claim of injury in fact. Furthermore, "[w]here a 'hypothetical future harm' is not 'certainly impending,' plaintiffs' 'cannot manufacture standing merely by inflicting harm on themselves.'" Muransky v. Godiva Chocolatier, Inc., 979 F.3d 917, 931 (11th Cir. 2020) (en banc) (quoting Clapper 568 U.S. 398, at 416, 133 S. Ct. 1138). In other words, Plaintiff cannot manufacture standing by choosing to drive through St. Lucie County more frequently than she otherwise does, with an optional license-plate frame that she can easily remove at any time.

Moreover, Plaintiff's own allegations underscore that any potential enforcement risk depends on a series of independent and uncertain events: that she will travel through St. Lucie County, that she will encounter SLCSO rather than another agency with jurisdiction, and that officers will elect to enforce the statute against her. Such an "attenuated chain" of possibilities is insufficient to establish a credible threat of prosecution. Clapper, 568 U.S. at 410. Indeed, to the extent Plaintiff relies on travel along Florida's Turnpike for her claim against Sheriff Del Toro, enforcement would more likely be carried out by Florida Highway Patrol[2]—not SLCSO—further undermining any claim that this Defendant presents a real or imminent threat to this Plaintiff.

---

[2] To the extent Plaintiff's concern relates to enforcement of this law while driving on the Florida Turnpike, it is worth noting that such enforcement is likely to be carried out not by the SLCSO but by the Florida Highway Patrol, which has a station located at mile marker, SR-91 Florida's Tpke #145, Port St. Lucie, FL 34986.

*C. Plaintiff's Alleged Injuries Remain Not Fairly Traceable to SLCSO*

Even assuming Plaintiff could establish some abstract injury, the Amended Complaint still fails to demonstrate that any such injury is fairly traceable to Sheriff Del Toro. Article III requires that a plaintiff's injury be "fairly traceable to the challenged action of the defendant," not to the independent actions of third parties. Lujan, 504 U.S. at 560. Here, Plaintiff continues to rely heavily on alleged enforcement actions by other jurisdictions and non-party agencies such as the Florida Highway Patrol. Those allegations do not involve SLCSO and cannot establish traceability as to this Defendant. Plaintiff's claim that enforcement varies by county confirms that her alleged injury depends on the actions of multiple independent actors, not on any conduct by SLCSO itself.

As to Sheriff Del Toro and SLCSO specifically, Plaintiff identifies only a general public statement and an abstract enforcement position. [ECF No. 27 at ¶ 27]. She does not allege that SLCSO has ever enforced the statute against her or against any similarly situated individual within its jurisdiction under circumstances that would make enforcement against her imminent. Her theory remains dependent on speculation that SLCSO may, at some indeterminate point in the future, enforce the statute against her during a brief and incidental portion of her travel through St. Lucie County between now and October 1. This speculative chain is further weakened by the fact that such travel occurs primarily on Florida's Turnpike—an area more commonly patrolled by the Florida Highway Patrol, thereby rendering any alleged exposure to SLCSO even more remote. Such conjecture is insufficient to establish traceability as a matter of law. Clapper, 568 U.S. at 410.

*D. Plaintiff's Claims Are Not Redressable by Relief Against Sheriff Del Toro and SLCSO*

Plaintiff's claims also fail the redressability requirement. Even if this Court were to enjoin SLCSO from enforcing § 320.061, Plaintiff would remain subject to enforcement by numerous

non-party law enforcement agencies throughout Florida. Thus, her alleged injury—fear of arrest while driving statewide—would remain unchanged.

This defect is particularly acute given Plaintiff's own allegations. She acknowledges that she regularly drives in counties outside of St. Lucie County, where other agencies retain independent enforcement authority. Relief against Sheriff Del Toro SLCSO would not prevent any of those entities from enforcing the statute against her. Plaintiff is essentially seeking statewide relief invalidating a state statute without naming indispensable parties responsible for statewide enforcement, including FHP, and the State of Florida or the Attorney General. A plaintiff cannot obtain effective or redressable relief against a local sheriff's office while omitting the state officials charged with enforcing and defending the statute statewide. See Jacobson v. Fla. Sec'y of State, 974 F.3d 1236, 1255 (11th Cir. 2020). Because Plaintiff cannot show that her alleged injury would be remedied by a favorable ruling against Sheriff Del Toro and SLCSO, her claims must be dismissed.

In short, Plaintiff's amended allegations regarding statewide travel, including incidental passage through St. Lucie County, do not establish a concrete injury, a credible threat of prosecution, traceability to Sheriff Del Toro SLCSO, or redressability. Instead, they confirm that Plaintiff's claims rest on speculation, third-party conduct, and hypothetical future events. Because Plaintiff has not satisfied any element of Article III standing as to Sheriff Del Toro and SLCSO, her claims must be dismissed for lack of subject-matter jurisdiction.

## IV.   PLAINTIFF'S FAILURE TO NAME THE STATE OF FLORIDA, THE ATTORNEY GENERAL, AND THE FLORIDA HIGHWAY PATROL REQUIRES DISMISSAL

Plaintiff's Amended Complaint continues to seek sweeping statewide relief while failing to name the state actors necessary to afford such relief. Plaintiff seeks to invalidate Fla. Stat. §

10

320.061 and prohibit its enforcement, and in the alternative extends that relief to "any person" similarly situated. Notwithstanding her attempt to reframe the relief as either "plaintiff-specific" or "alternative," the substance of the requested relief remains statewide in scope. Yet Plaintiff still has not named the State of Florida or the Florida Attorney General—the official with primary authority to defend the constitutionality of Florida statutes—nor has she named the Florida Highway Patrol ("FHP"), a statewide law enforcement agency with independent authority to enforce traffic laws across Florida highways, including § 320.061. [ECF No. 27 at ¶ 13]. Plaintiff's express attempt to avoid binding these entities only further highlights the defect, which is that any declaratory or injunctive relief issued in their absence would leave the statute fully enforceable by non-party state actors. As such, the relief Plaintiff seeks remains incomplete and ineffective as a matter of law, independently requiring dismissal under Rules 12(b)(1) and 12(b)(7).

Rule 19(a) requires joinder of parties whose absence prevents the Court from according complete relief or whose interests would be impaired by the disposition of the action. Laker Airways, Inc. v. Brit. Airways, PLC, 182 F.3d 843, 847 (11th Cir. 1999); Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1279 (11th Cir. 2003). Here, Plaintiff's own allegations make clear that the constitutionality and statewide enforceability of § 320.061 are the central issues in dispute. Plaintiff repeatedly relies on alleged inconsistent enforcement across multiple jurisdictions and seeks relief that extends beyond any single defendant. [ECF No.27 at pgs. 11-21]. Under these circumstances, the State of Florida, the Attorney General, and FHP are not peripheral actors—they "emerge as active participants" whose legal interests are directly implicated. Haas v. Jefferson Nat'l Bank, 442 F.2d 394, 398 (5th Cir. 1971). Their absence prevents the Court from granting effective, uniform relief and exposes the risk of conflicting interpretations and enforcement across jurisdictions.

11

The second step under Rule 19 is to determine if the indispensable and absent party's joinder is not feasible—*i.e.*, joinder would defeat the court's subject-matter jurisdiction, the absent party is not subject to the court's personal jurisdiction, or the absent party properly objects to the venue of the action—at which point the court must then consider if, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

In USI Insurance Services, LLC v. Elias, the court found that crafting an injunction to nominally bind only a defendant—while necessarily impacting a non-party employer—was unworkable, as it would "substantially prejudice" the absent party and invite further litigation regarding the scope of the order. USI Insurance Services, LLC v. Elias, 2025 WL 4098276, at *9–10 (S.D. Fla. Nov. 24, 2025). The same logic applies here with even greater force. Any attempt to tailor relief solely to the named Defendants would either (1) leave Plaintiff fully exposed to enforcement by non-party agencies such as the Florida Highway Patrol and other jurisdictions, rendering the relief ineffective, or (2) functionally extend the injunction to those non-parties, improperly binding them without their participation in this action. Here, absent inclusion of the State, the Attorney General, and FHP, there is no meaningful way to craft an order that provides effective relief without prejudicing those entities' substantial enforcement interests. Accordingly, this factor strongly favors dismissal, as the only alternative would be to eliminate or severely limit the relief Plaintiff seeks—an outcome that confirms the indispensability of the absent state actors.

Proceeding under Rule 19(b), dismissal is therefore warranted. A judgment rendered in the absence of these state actors would prejudice their interests, create inconsistent enforcement obligations, and fail to provide adequate relief to Plaintiff—the very harms Rule 19 is designed to prevent. Lama, 633 F.3d 1330, 1344. Plaintiff cannot obtain statewide invalidation of a statute

12

while deliberately excluding the officials responsible for its defense and enforcement. Nor can the Court cure this defect by narrowing relief, as doing so would either leave Plaintiff exposed to enforcement by non-parties or require impermissibly individualized enforcement. While Plaintiff suggests she has provided notice to the Attorney General, notice is not a substitute for joinder where, as here, the requested relief directly implicates the State's interests and enforcement authority.

The only potential issue as to the feasibility of joining these absent parties is that these absent parties may have a valid objection as to venue, since any lawsuit brought against them in Federal court is properly brought in the Northern District of Florida. Otherwise, since joinder of the other remaining absent parties is presumably feasible, the Defendant Sheriff may at most request that the Court order these absent parties to join as a necessary party under Rule 19(a)(2) and dismiss this Complaint without prejudice until such time as the Plaintiff has rectified this deficiency. See Moreiras v. Scottsdale Ins. Co., 2020 WL 2084851, at *3 (S.D. Fla. 2020). Because a judgment rendered in their absence would prejudice these unnamed parties' interests, risk inconsistent enforcement, and fail to afford complete and adequate relief, dismissal is required under Rule 19. At a minimum, Plaintiff's claims against Sheriff Del Toro and SLCSO must be dismissed without prejudice unless and until these indispensable state actors are joined.[3]

## V. PLAINTIFF'S CLAIMS ARE MOOT IN LIGHT OF THE FLORIDA LEGISLATURE'S AMENDMENT OF F.S. 320.061

---

[3] This argument is necessarily reached only if Plaintiff were able to overcome Sheriff Del Toro's independent jurisdictional and pleading deficiencies, including lack of standing, mootness, and impermissibly overbroad relief. However, even assuming arguendo that those threshold defects do not compel dismissal, Plaintiff's failure to join the State of Florida or the Attorney General, and FHP as indispensable parties would independently require dismissal under Rule 12(b)(7).

Plaintiff's constitutional challenge to F.S. § 320.061 is moot because the Florida Legislature has enacted amendments that eliminate the very concerns that form the basis of Plaintiff's claim. [See ECF No. 25]. Article III limits federal jurisdiction to actual, ongoing cases or controversies. When intervening events remove the plaintiff's legally cognizable interest in the outcome, the case becomes moot and must be dismissed. Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1328 (11th Cir. 2004). Claims for declaratory and injunctive relief are inherently prospective. A case becomes moot when "a subsequent law brings the existing controversy to an end." Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1310 (11th Cir. 2000); see also Nat'l Advert. Co. v. City of Miami, 402 F.3d 1329, 1332 (11th Cir. 2005).

After Plaintiff filed this lawsuit, the Florida Legislature enacted SB 488, which was approved by the Governor and codified as Chapter 2026-39, Laws of Florida. [ECF No. 25]. The amendment expressly provides that the use of license-plate frames or decorative borders is not an offense so long as the alphanumeric designation and registration decal remain visible—the precise clarification Plaintiff seeks. Additionally, deciding constitutional questions about a statute that the legislature has already corrected through the democratic process, would produce nothing more than an advisory opinion about a soon-to-be-obsolete law, precisely what Article III forbids. Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001); Socialist Workers Party v. Leahy, 145 F.3d 1240, 1244 (11th Cir. 1998); see also Balarezo Fam. Chiropractic, LLC v. State Farm Mut. Auto. Ins. Co., 2024 WL 1343178, at *14 (S.D. Fla. Feb. 12, 2024) (lawsuit seeking declaratory relief, asking that the court rule on the viability of a hypothetical claim which may never be brought, and an affirmative defense that may never be asserted, was asking the court to issue an advisory opinion). Moreover, Federal courts "are under no compulsion to exercise" declaratory

14

jurisdiction, especially where legislative action has resolved the underlying dispute. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942); Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). Issuing declaratory or injunctive relief here—directed at a statute that has already been amended—would serve no useful purpose and would risk inconsistent guidance during the brief transition period before the amendment's effective date.

Finally, Plaintiff cannot avoid mootness by speculating about hypothetical enforcement during the period before October 1, 2026, when the law would take effect. "Consistent with the "cases" and "controversies" requirement of Article III, the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an "actual controversy." Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1347 (11th Cir. 1999) (citing Emory v. Peeler, 756 F.2d 1547, 1551–52 (11th Cir.1985)). "Based on the facts alleged, there must be a substantial continuing controversy between two adverse parties." Id. "Whether such a controversy exists is determined on a case-by-case basis." Miccosukee Tribe of Indians of FL v. United States, 420 F. Supp. 2d 1324, 1342 (S.D. Fla. 2006). As the Eleventh Circuit explained in Atlanta Gas Light Co.

> For a controversy to exist, the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. The party who invokes a federal court's authority must show, at an "irreducible minimum," that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition.

Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co., 68 F.3d 409, 414 (11th Cir. 1995) (internal citations and quotations omitted). This requires that the Plaintiff allege facts from which the continuation of the dispute may be reasonably inferred. Malowney 193 F.3d at 1342, 1347. "Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and

immediate, and create a definite, rather than speculative threat of future injury." Id. Claims for injunctive and declaratory relief are prospective in nature and are intended to prevent future injuries. Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007), *abrogated on other grounds by* Sossamon v. Texas, 563 U.S. 277 (2011); Adler v. Duval County Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997).

"When the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." Adler, 112 F.3d at 1477. Even assuming arguendo that Plaintiff previously had standing to challenge F.S. § 320.061, subsequent developments have removed any cognizable injury. Put another way, because Plaintiff can no longer demonstrate a real and immediate risk of arrest or prosecution under F.S. § 320.061, she lacks the concrete and particularized injury necessary to establish standing under Article III, and this Court lacks subject matter jurisdiction to hear her claims. Lockridge v. City of Oldsmar, Fla., 475 F. Supp. 2d 1240, 1244 (M.D. Fla. 2007) (intervening change in controlling law limited plaintiff's standing to bring challenge). Where, as here, the Legislature has unmistakably spoken and resolved the issue prospectively, any remaining controversy is too abstract and contingent to support federal jurisdiction.

## VI.     PLAINTIFF'S VAGUENESS CHALLENGE FAILS AS A MATTER OF LAW

Plaintiff's vagueness theory rests on disagreement with enforcement outcomes and speculative hypotheticals, neither of which can sustain a facial vagueness challenge.

*A. Governing Vagueness Standards*

The vagueness doctrine is concerned with two related but distinct issues: whether a law provides adequate notice of the prohibited conduct, and whether it encourages arbitrary or discriminatory enforcement. Beckles v. United States, 137 S. Ct. 886, 894 (2017); Chicago v.

16

Morales, 527 U.S. 41, 56–57 (1999). A statute provides constitutionally sufficient notice if it "give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited." Grayned v. City of Rockford, 408 U.S. 104, 108 (1972). Vagueness arises only when a statute is so unclear that "persons of common intelligence must necessarily guess at its meaning and differ as to its application." Indigo Room, 710 F.3d at 1301. Importantly, the vagueness inquiry looks solely to the language of the statute itself, not to alleged enforcement disagreements or hypothetical edge cases. Id. at 1302. And where, as here, the challenged law implicates no constitutionally protected conduct, a facial vagueness challenge may succeed only if the statute is impermissibly vague in all its applications. Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495–96 (1982); Hershey v. City of Clearwater, 834 F.2d 937, 940 (11th Cir. 1987). Thus, to prevail, Plaintiff must show that § 320.061 is "utterly devoid of a standard of conduct", has no valid core whatsoever, and cannot be validly applied to any conduct, a demanding standard Plaintiff cannot meet. Indigo Room, 710 F.3d at 1302; SisterSong Women of Color Reprod. Just. Collective v. Governor of Ga., 40 F.4th 1320, 1327 (11th Cir. 2022). Moreover, "[w]hen the statute is clear and unambiguous, [Florida] courts will not look behind [its] plain language for legislative intent." Robbins v. Garrison Prop. & Cas. Ins. Co., 809 F.3d 583, 586 (11th Cir. 2015) (quoting Daniels v. Fla. Dep't of Health, 898 So.2d 61, 64 (Fla.2005).

*B. F.S. § 320.061 Is Clear on Its Face and Provides Adequate Notice*

F.S. § 320.061, as written before being amended, plainly prohibited applying or attaching any material to or around a license plate that interferes with the legibility, angular visibility, or detectability of any feature or detail of the plate. These are common, ordinary terms that require no technical definition to be understood by a person of reasonable intelligence. The Supreme Court has made clear that "[c]ondemned to the use of words, we can never expect mathematical certainty

17

from our language." <u>Grayned</u>, 408 U.S. at 110. That reality does not render a statute vague. Courts routinely uphold statutes using general terms where the prohibited conduct is readily understandable in the vast majority of applications. <u>Hill v. Colorado</u>, 530 U.S. 703, 732–33 (2000). Here, the statute's core meaning is unmistakable: drivers may not obscure any part of their license plate such that it cannot be readily seen or read. At minimum, the statute unquestionably and validly applies to conduct that blocks, covers, or interferes with visibility of a plate's identifying information. Because persons of reasonable intelligence can derive that core meaning, facial invalidity is foreclosed. <u>SisterSong</u>, 40 F.4th at 1327.

*C. Florida Courts Have Repeatedly Rejected Vagueness Challenges to Similar Statutes*

Florida courts have previously rejected vagueness challenges to materially similar license plate statutes, confirming that provisions requiring plates to remain visible and unobstructed provide constitutionally sufficient notice. Those decisions apply with equal force here and are persuasive. In <u>State v. Pena</u>, the Third District acknowledged the widespread use of license plate frames but nonetheless held that the Legislature "clearly and unambiguously" prohibited obscuring specified portions of a plate and that courts are bound to enforce the statute as written. <u>State v. Pena</u>, 247 So. 3d 61, 64 (Fla. 3d DCA 2018). Likewise, in <u>English v. State</u>, the Florida Supreme Court upheld § 316.605—similarly requiring that license plates be plainly visible and unobstructed—as "clear and unambiguous," and found that there is no constitutional ambiguity where the statutory text itself is straightforward. <u>English v. State</u>, 191 So. 3d 448, 449 (Fla. 2016).

In <u>State v. Morris</u>, the Fourth District applied similar statute § 316.605(1) and reiterated that it does not distinguish between obstructions affixed to the plate and those external to it, reaffirming the Florida Supreme Court's holding in <u>English</u>. <u>State v. Morris</u>, 270 So. 3d 436, 439 (Fla. 4th DCA 2019). The court focused on the operative statutory standard—whether the plate's

18

identifying features were "plainly visible and legible" from the required distance—and held that, because the letters and identifying information were in fact readable within 100 feet, no violation occurred. Id. Critically, Morris did not question the clarity of the statute; instead, it treated the provision as clear and applied it to the facts presented. This highlights that license plate statutes like § 316.605—and by extension § 320.061—provide a definite, objective standard: whether any material interferes with the visibility or legibility of the plate's identifying features.

Lastly, in Baker v. State, the Fifth District rejected an ambiguity challenge to § 316.605, holding that statutory language requiring license plates to be "clear and distinct" and "plainly visible and legible" is sufficiently definite on its face and requires no further construction. Baker v. State 164 So. 3d 151, 154–55 (Fla. 5th DCA 2015). ("Here, we look to the portion of the statute that the vehicle's license tag must be "display[ed] ... in such manner ... [that] the alphanumeric designation shall be clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, so that they will be plainly visible and legible **at all times 100 feet from the rear or front.**" § 316.605(1), Fla. Stat. (emphasis added). In our view, the Legislature's intent could not be more clear: the tag's alphanumerical designation must be displayed and visible within 100 feet.").

F.S. § 320.061 employs the same type of straightforward, non-technical language, prohibiting any material that interferes with the "legibility, angular visibility, or detectability" of any license plate feature. Like the statute addressed in Baker, it conveys a clear and intelligible standard of conduct that an ordinary person can readily understand, namely, that a license plate must not be covered or altered in a way that impairs its readability or visibility. An ordinary person readily understands that placing a frame or covering over a license plate in a manner that blocks or obscures any part of it, or impairs its readability or ability to be recorded, falls within the

statute's prohibition. Therefore, consistent with the findings and analysis outlined in *Pena*, *English*, *Morris, and Baker,* F.S. § 320.061's straightforward prohibition on interference with license plate visibility is sufficiently clear to satisfy due process and is not unconstitutionally vague.

For those forgoing reasons, Defendant's Motion should be granted.

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on May 19, 2026, an accurate copy of this document was electronically served upon all counsel of record through the CM/ECF Portal or another authorized means.

*/s/ Andrew W. Jolly*
ANDREW W. JOLLY, ESQUIRE
Fla. Bar No. 1032793
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone:(954) 462-3200
E-mail: Andrew@purdylaw.com
            Cecilia@purdylaw.com
Attorney *for Defendant Richard Del Toro, Jr., as Sheriff of St. Lucie County, FL.*