UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(MIAMI)

GISELA CASTILLO RODRIGUEZ                    CASE NO.: 26-cv-21355-JAL

        Plaintiffs,

v.

MIAMI-DADE COUNTY, FLORIDA; ST.
LUCIE COUNTY SHERIFF'S OFFICE; CITY
OF WEST MIAMI, FLORIDA; CITY OF MIAMI
BEACH, FLORIDA; AND CITY OF NORTH
MIAMI BEACH, FLORIDA
_____/

**DEFENDANT SHERIFF'S RESPONSE TO
PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

The Defendant, RICHARD DEL TORO JR., in his official capacity as Sheriff of St.

Lucie County Florida, ("Defendant Sheriff"), through undersigned counsel, files this Response to

Plaintiff's Motion for Temporary Restraining Order [ECF No. 32] and states as follows:

**BACKGROUND**

Plaintiff moves for a preliminary injunction seeking to prohibit Defendants, including

Sheriff Del Toro, from enforcing Fla. Stat. § 320.061 in a manner that would restrict the use of

license plate frames that do not obscure the alphanumeric designation or registration decal. In

support, Plaintiff asserts that the statute is unconstitutionally vague, relies on alleged

inconsistencies in enforcement among various law enforcement agencies across Florida, and points

to citations issued by agencies other than the St. Lucie County Sheriff's Office ("SLCSO").

Plaintiff seeks an Order enjoining Sheriff Del Toro, and his officers, agents, employees, and

persons acting in concert with him, from enforcing Fla. Stat. § 320.061 within their respective

jurisdictions in a manner that prohibits the use of license plate frames that do not obscure the

1

alphanumeric designation or registration decal; declare that § 320.061 is unconstitutionally vague on its face; waive or set a nominal bond; and grant such further relief as the Court deems just and proper.

Plaintiff's supporting declaration confirms that she resides in Miami-Dade County and primarily drives within Miami-Dade and Broward Counties, where she regularly transports her children for school and activities. Her alleged connection to St. Lucie County arises only from occasional travel through the county while driving on Florida's Turnpike to events elsewhere in the state. [ECF 32-1 at ¶ 9]. Notably, Plaintiff does not allege that she has ever been stopped, cited, or otherwise subjected to enforcement by Sheriff Del Toro or any SLCSO deputy, nor does she identify any specific instance in which she is likely to be. Instead, her asserted fear of prosecution is based on generalized statewide enforcement activity by other agencies and her subjective concern that enforcement may occur at some unspecified future time.

The motion thus seeks extraordinary injunctive relief against a local official who has not demonstrated enforcement history against Plaintiff, based on hypothetical future events that may occur outside of his jurisdiction or involve entirely different agencies. As demonstrated below, Plaintiff's motion for injunctive relief should be denied for several reasons.

<u>**MEMORANDUM OF LAW**</u>

This Court has the authority to grant the Plaintiff's motion only if it is demonstrated that: (1) A substantial likelihood of success on the merits exists; (2) a substantial threat of irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-movant; and (4) the injunction would not be contrary to the public's interest. <u>Palmer v. Braun</u>, 287 F.3d 1325, 1329 (11th Cir. 2002); <u>McDonald's Corp. v. Robertson</u>, 147 F.3d 1301, 1306 (11th Cir. 1998); <u>Cate v. Oldham</u>, 707 F.2d

1176 (11th Cir. 1983); <u>Shatel Corp. v. Mao Ta Lumber and Yacht Corp.</u>, 697 F.2d 1352 (11th Cir. 1983). A preliminary injunction is generally considered an extraordinary and drastic remedy which should not be entered unless the movant clearly establishes and meets the burden of persuasion as to the four requirements necessary to meet that standard. <u>Id.</u> <u>McDonald's</u>, 147 F.3d at 1306; <u>All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.</u>, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when drastic relief is necessary); <u>Texas v. Seatrain Int'l, S.A.</u>, 518 F.2d 175, 179 (5th Cir. 1975) (entering a preliminary injunction is the exception rather than the rule). In addition, the moving party's failure to demonstrate the existence of a substantial likelihood of success on the merits may defeat that party's claim regardless of the ability to establish any of the other elements necessary to obtain a preliminary injunction. <u>Church v. City of Huntsville</u>, 30 F.3d 1332, 1342 (11th Cir. 1994).  <u>See also</u>, <u>Siegel v. Lepore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000).

## I. PLAINTIFF CANNOT ESTABLISH A LIKEHOOD OFSUCCESS ON THE MERITS

### A. *Plaintiff Lacks Article III Standing*

Plaintiff's inability to establish Article III standing is fatal to her request for preliminary relief. To do so, Plaintiff must demonstrate an "injury in fact" that is concrete, particularized, and "actual or imminent," not conjectural or hypothetical, and must further show that such injury is fairly traceable to the defendant and likely to be redressed by the requested relief. <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560–61 (1992); <u>Corbett v. TSA</u>, 930 F.3d 1225, 1232 (11th Cir. 2019). In the context of a pre-enforcement challenge, the Supreme Court has made clear that standing exists only where a plaintiff plausibly alleges both an intent to engage in conduct arguably affected with a constitutional interest and "a credible threat of prosecution thereunder." <u>Susan B. Anthony List v. Driehaus</u>, 573 U.S. 149, 159 (2014). Speculative or contingent future harm is insufficient;

the alleged injury must be "certainly impending," not merely conceivable. <u>Clapper v. Amnesty Int'l USA</u>, 568 U.S. 398, 409–10 (2013).

Here, Plaintiff does not reside in St. Lucie County, does not regularly operate within its jurisdiction, and does not allege a single instance in which she or anyone similarly situated has been stopped, cited, or threatened with enforcement by SLCSO. Her claimed injury rests on a speculative chain of contingencies—namely that she may, at some undefined point in the future, briefly pass through St. Lucie County, encounter a law enforcement officer within that limited timeframe, and that such officer would be an SLCSO deputy rather than another agency with jurisdiction, such as the Florida Highway Patrol, which routinely patrols Florida's Turnpike. This attenuated theory—resting not only on uncertain future travel but also on the assumption that any enforcement would be carried out by SLCSO rather than FHP—renders Plaintiff's alleged injury doubly speculative. That is precisely the type of conjectural harm that Article III does not permit.

Equally significant, Plaintiff's vagueness claim fails at the threshold because it does not implicate any constitutionally protected activity. The Eleventh Circuit has made clear that courts review statutes for vagueness only when a litigant alleges a constitutional harm. <u>Indigo Room, Inc. v. City of Fort Myers</u>, 710 F.3d 1294, 1301 (11th Cir. 2013); <u>Bankshot Billiards, Inc. v. City of Ocala</u>, 634 F.3d 1340, 1349–50 (11th Cir. 2011). In pre-enforcement vagueness challenges such as this, that harm exists only where a plaintiff is chilled from engaging in otherwise constitutionally protected conduct. <u>Indigo Room</u>, 710 F.3d at 1350. But the conduct Plaintiff identifies here—operating a vehicle with a particular decorative license plate frame—is not protected by the Constitution in any meaningful sense.

Courts have previously recognized that the operation and regulation of motor vehicles on public roadways falls squarely within the State's police powers and does not implicate fundamental

constitutional rights. While individuals possess a general right to interstate travel, "there is no fundamental right to drive." Newman v. Garcia, 2016 WL 8939133, at *5 (M.D. Fla. Sept. 26, 2016). As Newman explained, a state may lawfully regulate the operation of vehicles on its roads, including imposing licensing and related vehicle-display requirements, without implicating any constitutional interest, because individuals remain free to travel by other means. Id. And courts have extended this principle even further, recognizing that "the parking of an automobile in [a designated] location is" merely a privilege and not a right protected by the Constitution. Hale v. Mukes, 2023 WL 7109683, at *11 (M.D. Ga. Sept. 12, 2023).

Plaintiff's asserted interest here is even more attenuated. She does not allege that F.S. 320.061 prevents her from traveling, from driving generally, or from using Florida's roadways. Instead, her claim is based solely on the alleged inability to operate a vehicle with a specific type of optional license plate frame attached to a state-issued tag. That alleged interest is plainly aesthetic and discretionary, not constitutional. If driving a vehicle and parking in a preferred location are not constitutionally protected rights, then certainly the use of a particular decorative plate frame while driving cannot qualify as protected conduct sufficient to sustain a pre-enforcement vagueness challenge. F.S. 320.061 regulates only the manner in which state-issued license plates may be displayed on public roads. Such regulation is a routine exercise of the State's authority over vehicle identification and roadway enforcement. Because Plaintiff's alleged "chilled" conduct does not involve constitutionally protected activity, her vagueness claim fails as a matter of law.

Significantly, the core cases Plaintiff relies upon involved expressly protected constitutional activity. Susan B. Anthony List v. Driehaus, 573 U.S. 149 (2014), concerned political speech protected by the First Amendment. Wollschlaeger v. Governor of Florida, 848 F.3d

1293 (11th Cir. 2017) (en banc), involved restrictions implicating Second Amendment-related speech and physician free speech rights. Harrell v. Florida Bar, 608 F.3d 1241 (11th Cir. 2010), addressed attorney speech under the First Amendment. And Steffel v. Thompson, 415 U.S. 452 (1974), likewise involved expressive conduct and First Amendment freedoms. In each of those cases, the plaintiffs alleged that the challenged law chilled or burdened conduct lying at the core of explicit constitutional protections.

Plaintiff also cites Johnson v. United States, 576 U.S. 591, 595 (2015), and Grayned v. City of Rockford, 408 U.S. 104, 108 (1972), however those cases are readily distinguishable. There, the individuals had already been prosecuted and convicted under the challenged statute, meaning the vagueness challenge arose in the context of an actual deprivation of liberty. The Supreme Court therefore analyzed whether the statute provided constitutionally adequate notice and standards in a criminal enforcement setting. By contrast, this case involves a pre-enforcement challenge where Plaintiff has not been arrested, prosecuted, or convicted under 320.061. In that context, the Eleventh Circuit has made clear that a vagueness challenge is cognizable only where the plaintiff alleges that the statute chills *constitutionally protected conduct*. See Bankshot Billiards 634 F.3d 1340, 1350 (emphasis added).

This case is fundamentally different. None of those authorities involved pre-enforcement challenges regarding regulation of routine, non-protected conduct such as compliance with vehicle equipment or license plate display requirements. Plaintiff's asserted interest here is merely the ability to operate a vehicle with a particular decorative license plate frame attached to a state-issued tag. By analogizing her claim to cases involving political speech, expressive conduct, or other fundamental constitutional rights, Plaintiff attempts to elevate an ordinary traffic regulation into a constitutional controversy. The law does not support that leap.

*B. Plaintiff Cannot Show That § 320.061 Is Unconstitutionally Vague*

The vagueness doctrine is concerned with two related but distinct issues: whether a law provides adequate notice of the prohibited conduct, and whether it encourages arbitrary or discriminatory enforcement. Beckles v. United States, 137 S. Ct. 886, 894 (2017); Chicago v. Morales, 527 U.S. 41, 56–57 (1999). A statute provides constitutionally sufficient notice if it "give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited." Grayned v. City of Rockford, 408 U.S. 104, 108 (1972). Vagueness arises only when a statute is so unclear that "persons of common intelligence must necessarily guess at its meaning and differ as to its application." Indigo Room, 710 F.3d at 1301. Importantly, the vagueness inquiry looks solely to the language of the statute itself, not to alleged enforcement disagreements or hypothetical edge cases. Id. at 1302. And where, as here, the challenged law implicates no constitutionally protected conduct, a facial vagueness challenge may succeed only if the statute is impermissibly vague in all its applications. Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495–96 (1982); Hershey v. City of Clearwater, 834 F.2d 937, 940 (11th Cir. 1987). Thus, to prevail, Plaintiff must show that § 320.061 is "utterly devoid of a standard of conduct", has no valid core whatsoever, and cannot be validly applied to any conduct, a demanding standard Plaintiff cannot meet. Indigo Room, 710 F.3d at 1302; SisterSong Women of Color Reprod. Just. Collective v. Governor of Ga., 40 F.4th 1320, 1327 (11th Cir. 2022). Moreover, "[w]hen the statute is clear and unambiguous, [Florida] courts will not look behind [its] plain language for legislative intent." Robbins v. Garrison Prop. & Cas. Ins. Co., 809 F.3d 583, 586 (11th Cir. 2015) (quoting Daniels v. Fla. Dep't of Health, 898 So.2d 61, 64 (Fla.2005). Put simply, Plaintiff cannot meet this high burden.

F.S. § 320.061 provides, in relevant part:

> "A person may not apply or attach a substance, reflective matter, illuminated device, spray, coating, covering, or other material onto or around any license plate which interferes with the legibility, angular visibility, or detectability of any feature or detail on the license plate or interferes with the ability to record any feature or detail on the license plate."

The statute uses ordinary, commonly understood terms—such as "interferes," "legibility," "angular visibility," and "detectability"—that provide constitutionally adequate notice and meaningful guidance to both citizens and law enforcement. Courts have recognized that "[c]ondemned to the use of words, we can never expect mathematical certainty from our language." Grayned v. City of Rockford, 408 U.S. 104, 110 (1972). The Constitution does not require perfect precision; it requires only that a statute provide a person of ordinary intelligence a reasonable opportunity to understand what conduct is prohibited. Id. at 108. F.S. 320.061 easily satisfies that standard. Its core meaning is clear: a driver may not place materials on or around a license plate in a manner that interferes with any portion of its visibility, readability, or ability to be observed or recorded.

Florida courts have previously found that materially similar license plate statutes employing comparable language to be valid and sufficiently unambiguous, further confirming that § 320.061 provides a clear and objective standard. In State v. Pena, the Third District acknowledged the widespread use of license plate frames but nonetheless held that the Legislature clearly and unambiguously prohibited the obscuring of the word "Florida" on license plates, and that courts are bound to enforce the statute as written. State v. Pena, 247 So. 3d 61, 64 (Fla. 3d DCA 2018). Likewise, in English v. State, the Florida Supreme Court upheld § 316.605—similarly requiring that license plates be plainly visible and unobstructed—as clear and unambiguous and found that there is no constitutional ambiguity where the statutory text itself is straightforward. English v. State, 191 So. 3d 448, 449 (Fla. 2016). ("The plain language of section 316.605(1)

requires that a license plate be "clear and distinct" and "free from defacement, mutilation, grease, and other obscuring matter"; it does not suggest that matter external to the license plate may constitute a permissible obstruction under the statute. Therefore, we hold that section 316.605(1) does not distinguish between obscuring matter that is on or external to the license plate. Accordingly, we conclude that a tag light, hanging down in front of a license plate, obscuring its alphanumeric designation, constitutes a violation of section 316.605(1).").

In State v. Morris, the Fourth District treated similar statute § 316.605(1) as unambiguous and applied it based on whether the plate's identifying features were "plainly visible and legible," emphasizing that the statute supplies a workable, objective enforcement standard and raising no concerns about vagueness. State v. Morris, 270 So. 3d 436, 439 (Fla. 4th DCA 2019). Likewise in Baker v. State, the Fifth District rejected an ambiguity challenge to § 316.605, holding that statutory language requiring license plates to be "clear and distinct" and "plainly visible and legible" is sufficiently definite on its face and requires no further construction. Baker v. State 164 So. 3d 151, 154–55 (Fla. 5th DCA 2015). ("Here, we look to the portion of the statute that the vehicle's license tag must be "display[ed] ... in such manner ... [that] the alphanumeric designation shall be clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, so that they will be plainly visible and legible **at all times 100 feet from the rear or front.**" § 316.605(1), Fla. Stat. (emphasis added). In our view, the Legislature's intent could not be more clear: the tag's alphanumerical designation must be displayed and visible within 100 feet."). F.S. 320.061 employs the same type of straightforward, non-technical language—prohibiting any material that interferes with a plate's visibility or readability—and therefore conveys a clear, commonsense rule that an ordinary person can readily understand. Consistent with these

authorities, the statute is not unconstitutionally vague but instead provides a definite and sufficiently clear and unambiguous standard of conduct.

Plaintiff's arguments rely almost entirely on alleged variations in enforcement across different jurisdictions.[ECF 32 at pgs. 5-12]. But that contention misunderstands the vagueness doctrine. The Supreme Court has made clear that statutes are not rendered vague simply because they require the exercise of some degree of police judgment or because enforcement may vary in marginal applications. See Grayned, 408 U.S. at 114. Indeed, "[a]s always, enforcement requires the exercise of some degree of police judgment," and such discretion is constitutionally permissible. Id. Differences in enforcement priorities or interpretation across agencies do not establish that a statute is standardless; they reflect the ordinary and inevitable realities of law enforcement. For example, one officer or agency may elect to stop motorists traveling ten miles per hour over the speed limit, while another may exercise discretion and decline to do so absent more excessive speeding or additional circumstances. That variation in enforcement discretion does not render speed limit laws unconstitutionally vague. The same principle applies here. The fact that different agencies may exercise differing enforcement priorities or judgment in determining whether a particular license plate frame interferes with visibility does not mean F.S. 320.061 lacks an objective standard or fails to provide adequate notice of the prohibited conduct. Nor does the Legislature's subsequent amendment establish that the prior version of the statute was unconstitutional. Legislative refinement or narrowing of statutory language reflects a policy decision, not a constitutional concession.

Ultimately, Plaintiff's vagueness theory rests on disagreement with enforcement outcomes and speculative hypotheticals—not on any actual inability to understand the statute's requirements. The law does not permit a plaintiff to invalidate a statute based on how it might be applied at the

margins when its core meaning is clear. Because § 320.061 provides adequate notice, meaningful enforcement standards, and a plainly valid core, Plaintiff cannot establish that it is unconstitutionally vague, let alone that it is vague in all applications, and she therefore fails to meet her burden as to the likelihood of success on the merits.

## II. PLAINTIFF HAS NOT SHOWN A SUBSTANTIAL THREAT OF IRREPARABLE INJURY

Plaintiff likewise fails to demonstrate any immediate or irreparable harm. Her asserted injury is neither imminent nor unavoidable. She does not allege any prior enforcement by SLCSO, nor does she identify any specific instance in which enforcement is likely to occur. Instead, she asserts only a generalized fear of future enforcement based on actions taken by other agencies in different jurisdictions.

Courts in this District have rejected comparable claims. In Organized Fisherman of Florida v. Andrus, the court denied preliminary relief where plaintiffs alleged economic and operational harms that were speculative and avoidable, emphasizing that the challenged regulation did not prevent plaintiffs from continuing their activities and that any harm could be mitigated. Organized Fisherman of Florida v. Andrus 488 F. Supp. 1351, 1356 (S.D. Fla. 1980). The same reasoning applies here. Plaintiff remains free to drive throughout Florida without restriction. The only alleged burden is the possibility that her license plate frame might be deemed non-compliant—a condition she can immediately remedy by removing or adjusting the frame. Where the alleged harm is entirely within the plaintiff's control and can be avoided through voluntary action, it does not constitute irreparable injury. See Bellin v. La Pensee Condo. Assoc. Inc., 2005 WL 8156021, at *9 (S.D. Fla. Oct. 13, 2005) ("Moreover, it is well settled that avoidable harm is not irreparable; if a Plaintiff can mitigate the threatened 'irreparable harm,' she cannot refuse to do so and yet still

claim that she would be irreparably injured absent an injunction."). Plaintiff's refusal to take such a minimal step does not transform a speculative concern into a constitutional injury.

**III. THE BALANCE OF EQUITIES WEIGHS HEAVILY AGAINST INJUNCTIVE RELIEF**

"To qualify for injunctive relief, the plaintiffs must establish that the balance of equities tips in their favor. [ ] In assessing whether the plaintiffs have met this burden, the district court has a duty to balance the interests of all parties and weigh the damage to each." JPMorgan Chase Bank, N.A. v. Inova Int'l LLC, 2023 WL 4863249, at *6 (M.D. Fla. July 31, 2023) (internal citations and quotations omitted). "To 'balance the equities' is "to explore the relative harms to applicant and respondent, as well as the interests of the public at large." Barnes v. E-Sys., Inc. Grp. Hosp. Med. & Surgical Ins. Plan, 501 U.S. 1301, 1305 (1991).

The balance of equities overwhelmingly favors the Defendant Sheriff. As outlined above, Plaintiff's alleged injury is minimal, speculative, avoidable, and does not implicate any constitutionally protected right or activity. Furthermore, the requested relief would not even remedy Plaintiff's alleged injury. Plaintiff acknowledges that she routinely travels through areas subject to enforcement by multiple agencies, including the Florida Highway Patrol and other municipal departments. Indeed, Plaintiff specifically relies on alleged enforcement activity by FHP in support of her claims against SLCSO. [ECF No. 27 ¶ 71]. Thus, even if SLCSO were enjoined, Plaintiff would remain subject to enforcement by other non-party entities operating within the same geographic space. The requested injunction would therefore fail to eliminate the very harm Plaintiff claims to fear.

By contrast, the burden imposed on Sheriff Del Toro and SLCSO would be substantial and immediate. Plaintiff seeks an order effectively preventing a local law enforcement agency from enforcing a duly enacted state statute based on speculative allegations. Such relief would create

confusion among deputies regarding enforcement obligations, interfere with ordinary traffic enforcement operations, and potentially expose SLCSO to conflicting obligations where other agencies—including FHP and other municipal departments in the county (Fort Pierce Police Department)—remain free to enforce the statute. It would also undermine principles of comity by effectively imposing piecemeal judicial restrictions on the enforcement of state law against only selected agencies while leaving statewide enforcement otherwise intact.

**IV. THE PUBLIC INTEREST STRONGLY FAVORS DENIAL**

The public interest further weighs against injunctive relief. When the government opposes an injunction, its interests merge with the public interest, which strongly favors the continued enforcement of duly enacted laws. See State of Fla. v. Dep't of Health & Hum. Servs., 19 F.4th 1271, 1293 (11th Cir. 2021). As the Supreme Court has emphasized, the inability to enforce state law constitutes irreparable harm to the State itself. Abbott v. Perez, 138 S. Ct. 2305, 2324 n.17 (2018). Granting the requested injunction would undermine these principles. It would create a fragmented enforcement structure in which some agencies are restrained while others remain free to act, leading to confusion among both law enforcement and the public. Drivers traveling through multiple jurisdictions—like Plaintiff herself—would face differing enforcement standards depending on the agency encountered, thereby exacerbating the very uncertainty Plaintiff claims to challenge.

As with the other cases cited in the Motion, Plaintiff's reliance on KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1271–72 (11th Cir. 2006) in support of thus proposition is misplaced. [ECF No. 32 at pg. 22]. That case involved First Amendment rights, where the public interest analysis is fundamentally different. Here, the statute regulates vehicle equipment, a domain

traditionally subject to state police power and entitled to substantial deference. There is no comparable constitutional interest that would justify overriding that authority.

## V. TO THE EXTENT PLAINTIFF SEEKS RELIEF EXTENDING BEYOND HERSELF, SUCH RELIEF IS IMPROPER

To the extent Plaintiff seeks an injunction that would limit enforcement of § 320.061 not only as to herself but as to any person or similarly situated drivers, such relief is categorically improper and provides an independent basis to deny her motion. Plaintiff's Motion asks this Court, in effect, to regulate how Defendants—and potentially other non-party law enforcement agencies—enforce a state statute as to individuals who are likewise not parties to this action. [ECF No 32 at pgs. 19-20]. That is precisely the type of universal or non-party relief that Article III prohibits. The Supreme Court has made clear that federal courts may grant relief only to redress the injuries of the parties before them—not to control the government's conduct toward the public at large. Trump v. CASA, Inc., 145 S. Ct. 2540, 2551 (2025). A court may not enjoin enforcement of a statute as to "anyone who is not a party to the lawsuit," nor may it issue relief broader than necessary to provide complete relief between the litigants. Id. at 2548–52.

Plaintiff's attempt to extend relief beyond herself is equally improper under well-established principles of third-party standing. A litigant may assert only her own legal rights and interests, not those of third parties not before the Court. Warth v. Seldin, 422 U.S. 490, 498 (1975); Harris v. Evans, 20 F.3d 1118, 1121 (11th Cir. 1994). Plaintiff has not attempted to satisfy—nor could she satisfy—the narrow requirements for third-party standing. She has not demonstrated any close relationship with unidentified "similarly situated" individuals, nor any hindrance preventing those individuals from asserting their own claims. Her request therefore represents an impermissible effort to transform this case into a de facto class action without complying with Rule 23 or establishing the prerequisites for such relief.

Nor can Plaintiff evade these limitations by suggesting that relief may extend to persons acting "in concert" with Defendants. Id. Such relief applies only where there exists a concrete and demonstrated enforcement nexus between the named defendant and the non-parties to be bound. Fla. Immigrant Coal. v. Uthmeier, 2025 WL 1423357, at *1 (S.D. Fla. Apr. 29, 2025). Here, Plaintiff has not sued the State of Florida, the Attorney General, or any official with statewide enforcement authority. She has likewise failed to allege any coordinated enforcement relationship between Sheriff Del Toro and other agencies, such as the Florida Highway Patrol or municipal police departments. Absent such a nexus, there is no lawful basis to extend the reach of an injunction beyond this Defendant to non-parties.

Moreover, granting the relief Plaintiff seeks would produce confusion, inconsistency, and an unworkable enforcement scheme. An order purporting to limit enforcement by SLCSO—while leaving other agencies free to enforce the same statute—would create a patchwork regime in which the legality of identical conduct varies depending on which agency a driver encounters. This fragmentation would not only fail to redress Plaintiff's alleged injury but would exacerbate the very uncertainty she claims to challenge. It would also risk misleading members of the public into believing that certain conduct is universally permitted when, in reality, it remains subject to enforcement by non-party agencies. For this additional reason, her request for a preliminary injunction must be denied.

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that on May 22, 2026, an accurate copy of this document was electronically served upon all counsel of record through the CM/ECF Portal or another authorized means.

15

*/s/ Andrew W. Jolly*
ANDREW W. JOLLY, ESQUIRE
Fla. Bar No. 1032793
PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
2455 E. Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone:(954) 462-3200
E-mail: Andrew@purdylaw.com
           Cecilia@purdylaw.com
Attorney *for Defendant St. Lucie County Sheriff's Office.*

16