UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami division

Case No. 26-cv-21355 – JAL

GISELA CASTILLA RODRIGUEZ,

        Plaintiff,

vs.

MIAMI-DADE COUNTY, FLORIDA,
ST. LUCIE COUNTY SHERIFF'S OFFICE,
CITY OF WEST MIAMI, FLORIDA
CITY OF MIAMI BEACH, FLORIDA
NORTH MIAMI BEACH, FLORIDA

        Defendants.

_____/

**DEFENDANT CITY OF WEST MIAMI, FLORIDA'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND
<u>MEMORANDUM OF LAW (ECF NO. 32)</u>**

Defendant CITY OF WEST MIAMI ("West Miami"), hereby responds in opposition to

Plaintiff's Motion for Preliminary Injunction (ECF No. 32) (the "Motion"), and states as follows:

1.     Defendant West Miami joins in all arguments advanced in Defendant City of Miami

Beach's ((("CMB") Response In Opposition to Plaintiff's Motion for Preliminary Injunction and

Memorandum of law (ECF No. 40).

2.     In addition to CMB's arguments regarding lack of Standing on Pages 7 and 8 of

CMB's Response, West Miami would assert that Standing *with respect to West Miami* also does

not exist in this case.

**LACK OF STANDING WITH RESPECT TO THE CITY OF WEST MIAMI**

3.     One element of the case-or-controversy requirement under Article III of the United

States Constitution is that plaintiffs "must establish that they have standing to sue." *Raines v. Byrd*,

1

521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997). It is a threshold question of "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Sims v. Fla. Dep't of Highway Safety & Motor Vehicles*, 862 F.2d 1449, 1458 (11th Cir. 1989) (en banc); *Havana Docks Corp. v. MSC Cruises SA Co.*, 484 F. Supp. 3d 1177, 1188–89 (S.D. Fla. 2020).

4.     At an irreducible minimum, Art. III requires the party who invokes the court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision." *Valley Forge Christian Coll. v. Americans United for Separation of Church and State*, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (quoting *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 99, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979)) (cited in *Havana Docks Corp.*, *supra*).   In other words, to plead standing, Plaintiff must allege that: (1) it "suffered an injury in fact that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) "the injury is fairly traceable to conduct of the defendant;" and (3) "it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003).

5.     The Amended Complaint and the Motion contain no such allegation with respect to West Miami.  At paragraph 28 of the Amended Complaint, Plaintiff alleges:

> Defendant CITY OF WEST MIAMI, FLORIDA is a municipal corporation organized under the laws of the State of Florida. The City of West Miami, through its police department (the "West Miami Police Department"), from October 2025 through January 2026, issued multiple citations for frames covering "Sunshine State" or "Florida," including citations described as "LICENSE PLATE HOLDER OBSCURING TAG" and "FRAME OBSCURING ISSUING STATE."

The Amended Complaint contains no allegation that Plaintiff has ever driven her car in West Miami.  It contains no allegation that she ever intends to, or has cause to, drive her car in West Miami. The sole allegation against Defendant West Miami is that West Miami has enforced and may enforce the Law in an improper manner against third parties – but not Plaintiff.  More specifically, Plaintiff does not state why, in the five months until the clarification/amendment takes effect, she may ever visit West Miami. The Amended Complaint and the Motion contain no allegations tying Plaintiff (as opposed to other third parties) in any way to West Miami. That lack of an alleged connection between Plaintiff and Defendant West Miami is fatal.

6.        Plaintiff does not allege that (a) she suffered or may suffer an injury at the hands of Defendant West Miami that is concrete and particularized, (b) that the injury or threat of injury at the hands of West Miami is actual or imminent, (c) that any injury she suffered or may suffer is fairly traceable to the conduct of West Miami, or (d) that it is likely that the relief requested will right the wrong West Miami may commit toward her.  *See Kelly,* supra.

7.        For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) (" 'distinct' "); *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) ("personal"); *United States v. Richardson*, 418 U.S. 166, 177, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974) (not "undifferentiated"); *Public Citizen, Inc. v. National Hwy. Traffic Safety Admin.*, 489 F.3d 1279, 1292–1293 (C.A.D.C.2007) (collecting cases); cited in *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016).  Here, the Complaint contains no allegation why West Miami's enforcement of the Law causes a particularized injury to Plaintiff, as opposed to other members of the public.

8.        The Complaint *does contain* particularized allegations why the enforcement of the Law exposes her to risk *with respect to other Defendants*.  With respect to Defendant Sheriff of

Miami Dade County, Plaintiff alleges that she drives daily in the County, and regularly into Broward County to drive her children to and from school. Amended Complaint at .¶9. She also alleges that she drives her children to and from school, and across the state of Florida — including "*northbound* on Florida's Turnpike through St. Lucie County — to transport her children to dance competitions in Miami Beach (Miami-Dade County), Fort Lauderdale and Lauderhill (Broward County), Lakeland (Polk County), and Orlando (Orange County).  No such trips would ever let her drive through West Miami, which is many miles south of her trips.  Plaintiff points to an incident in Davie (Amended Complaint at ¶9), but does not sue Davie or even Broward County. *See also* allegations at ¶¶20-22.

9.      Nor would alleged trips on Interstate 95, Interstate 395, Interstate 595, or the Florida Turnpike ever bring her into the traffic enforcement jurisdiction of West Miami. *See* Complaint at ¶22. The mere possibility that Plaintiff may, at some point in the next five months might drive through West Miami, which is not alleged, would not give Plaintiff standing against West Miami to a greater degree than any other member of the general public that may drive through West Miami.

10. The Eleventh Circuit in *Havana Docks Corp, supra*, stated:

> " 'The law of Article III standing ... serves to prevent the judicial process from being used to usurp the powers of the political branches,' and confines the federal courts to a properly judicial role." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013); *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). Further, "standing requirements 'are not mere pleading requirements but rather [are] an indispensable part of the plaintiff's case.' " *Church v. City of Huntsville*, 30 F.3d 1332, 1336 (11th Cir. 1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). "Indeed, standing is a threshold question that must be explored at the outset of any case." *Corbett v. Transp. Sec. Admin.*, 930 F.3d 1225, 1232 (11th Cir. 2019) (citing *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974

(11th Cir. 2005)), *cert. denied*, —— U.S. ——, 140 S. Ct. 900, 205 L.Ed.2d 467 (2020). "In its absence, 'a court is not free to opine in an advisory capacity about the merits of a plaintiff's claim.' " *Id.* (quoting *Bochese*, 405 F.3d at 974). "In fact, standing is 'perhaps the most important jurisdictional' requirement, and without it, [federal courts] have no power to judge the \*1189 merits." *Id.* (footnote omitted) (quoting *Bochese*, 405 F.3d at 974).

11. The U.S. Supreme Court in *Trump v. Casa*, 606 U. S. 831 (2025) clearly expressed its disdain for universal injunctions binding parties for whom standing was not shown. While *Casa* dealt with universal injunctions binding persons not names as parties in lawsuit, the reasoning of *Casa* applies in this case, where the City of West Miami is named, but where Plaintiff pled no facts showing particularized standing with respect to West Miami. The mere naming of a party, without pleading facts showing particularized standing with respect to such a party, should no lessen the holding of *Casa:* great caution should be exercised with granting injunctions over parties not named or properly named.

## CONCLUSION

Plaintiff seeks extraordinary federal injunctive relief based on speculative future injury, a deficient constitutional theory, and an improper request that this Court effectively rewrite Florida law before the Legislature's chosen effective date. She has not demonstrated a likelihood of success on the merits. She has not shown irreparable harm. And the balance of equities and public interest weigh decisively against preliminary intervention. Plaintiff failed to meet the heightened burden of persuasion required under the law when a mandatory injunction is sought against a governmental entity.

Due to lack of standing on the part of Plaintiff with respect to the City of West Miami, and based upon the other legal arguments asserted in the City of Miami Beach's Response in Opposition to Motion  for Preliminary Injunction and Memorandum of Law, which are hereby

incorporated and adopted by West Miami, the City of West Miami respectfully requests that this Court deny Plaintiff's Motion for Preliminary Injunction in its entirety, together with such further relief as the Court deems just and proper.

Respectfully submitted,

LEHTINEN SCHULTZ, PLLC
*Attorneys for City of West Miami, Florida*
1200 Brickell Avenue, Suite 507
Miami, Florida 33131
Telephone: 305-760-8544
Facsimile: 305-356-5720

By:  /s/ Claudio Riedi
Claudio Riedi, Esq.
DEXTER LEHTINEN, ESQ.
Florida Bar No. 265551
Email:  dlehtinen@aol.com
CLAUDIO RIEDI, ESQ.
Florida Bar No.: 984930
Email: criedi@Lehtinen-Schultz.com
Email:sdavis@Lehtinen-Schultz.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of May, 2026, I electronically filed the foregoing Notice of Appearance with the Clerk of the Court using the E-Filing Portal. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties that have registered with the CM/ECF E-Filing Portal.

By: Claudio Riedi
CLAUDIO RIEDI, ESQ.
Florida Bar No.: 984930

6